TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
**Attorneys for Francis A. Lee Company, A Corporation**
Debtor and Debtor-in-Possession
425 Park Avenue
New York, NY 10022
(212) 754-9400
Barton Nachamie, Esq.
Arthur Goldstein, Esq.
Jill L. Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
GAETANO DEVELOPMENT CORP.,

                Plaintiff,        Adv. Pro. No. 08-_____

    - v -

FRANCIS A. LEE, Individually and d/b/a as Francis
A. Lee Company and FRANCIS A. LEE COMPANY,
A CORPORATION,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
GAETANO DEVELOPMENT CORP.,

                Plaintiff,        Index No. 25722/07

    - v -

FRANCIS A. LEE, Individually and d/b/a as Francis
A. Lee Company and FRANCIS A. LEE COMPANY,
A CORPORATION,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## NOTICE OF REMOVAL OF CIVIL ACTION FILED IN NEW YORK SUPREME COURT, WESTCHESTER COUNTY

**TO:   CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

**ALL PARTIES IN THE ABOVE-CAPTIONED NEW YORK SUPREME COURT CIVIL ACTION HEREBY REMOVED**

**CLERK OF THE NEW YORK SUPREME COURT, WESTCHESTER COUNTY:**

**PLEASE TAKE NOTICE**, that (i) Francis A. Lee, individually and d/b/a Francis A. Lee Company ("Lee"), by his counsel, Agusta & Ross, and (ii) Francis A. Lee Company, A Corporation (the "Debtor"), by its state court counsel, Agusta & Ross, and by its bankruptcy counsel, Todtman, Nachamie, Spizz & Johns, P.C., hereby submit notice of removal of the above-captioned state court civil action in which Lee and the Debtor are defendants, in accordance with 28 U.S.C. §1452(a), 28 U.S.C. §157(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and in support thereof respectfully state as follows:

1.     On March 9, 2008 (the "Filing Date"), the Debtor filed the above-captioned Chapter 11 case, Case No.: 08-71108(CEC), with the Clerk of the United States Bankruptcy Court for the Eastern District of New York (the "EDNY Bankruptcy Court"). Since the Filing Date and through the present time, the Debtor has been operating as a debtor-in-possession. The Debtor's Chapter 11 case is still pending in the EDNY Bankruptcy Court.

2.     Prior to the Filing Date, in or about December 2007, plaintiff Gaetano Development Corp. ("Plaintiff") filed the above-captioned civil action against Lee and the Debtor under Index No. 25722/07 (the "Civil Action") in the New York Supreme Court, Westchester County (the "State Court"). Pursuant to Bankruptcy Rule 9027(a), true and

correct copies of the pleadings filed in the Civil Action are annexed hereto as **Exhibit "A"**.

3.   The Civil Action was brought by the Plaintiff to recover damages of $241,111.00 plus interest against the Debtor and Lee claimed to arise from the Debtor's and/or Lee's alleged breach of a subcontract agreement, and from alleged conversion by the Debtor and/or Lee of NY Lien Law Article 3A trust funds, and to impose a constructive trust upon such alleged Article 3A trust funds.

4.   The Debtor and Lee jointly filed an answer to the Plaintiff's complaint denying Plaintiff's allegations and asserting affirmative defenses, and jointly asserted a counterclaim against Plaintiff demanding $500,000 for work performed and services provided to the Plaintiff.  The Debtor and Lee dispute that the sums referred to in the Plaintiff's complaint are Article 3A trust funds.

5.   The Civil Action is currently pending before the State Court but is stayed as against the Debtor.  See 11 U.S.C. §362(a).  Through this notice of removal, Debtor and Lee are removing the entire Civil Action, including Debtor and Lee's counterclaim against Plaintiff.  See <u>Shared Network Users Group, Inc. v. WorldCom Technologies, Inc.,</u> 309 B.R. 446 (E.D. Pa. 2004)  (counterclaim deemed removed as part of the entire action).  Upon the filing of a copy of this Notice of Removal with the Clerk of the State Court, the removal of the Civil Action shall be effected.  See Fed. R. Bankr. P. 9027(c).

6.   28 U.S.C. §1452(a) governs removal of claims related to bankruptcy cases and provides, in pertinent part that:

(a)   A party may remove any claim or cause of action in a civil action

other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. §1452(a).

7.  Pursuant to 28 U.S.C. §1452, the court to which the Civil Action should be removed is the "district court for the district where such civil action is pending", i.e., the United States District Court for the Southern District of New York.  Although the state court lawsuit is technically removed to the district court under 28 U.S.C. §1452, the notice of removal should generally be filed with the bankruptcy court.  See, e.g., In re Boyer, 108 B.R. 19, 24 (Bankr. N.D.N.Y. 1988) ("the majority of courts faced with bankruptcy removal find that applications for removal may be made in the bankruptcy court since the reference to 'district court' in 28 U.S.C. §1452(a) encompasses the bankruptcy courts.").  As set forth in Bankruptcy Law Manual §2A:15 (5th Ed. 2008):

> The procedure for removal under §1452(a) is set forth in Bankruptcy Rule 9027.  It provides that a notice of removal shall be filed with the "clerk of the district and division within which is located the state or federal court where the civil action is pending." [FN26]  Virtually all courts hold that means the clerk of the bankruptcy court, not the clerk of the district court. [FN27]  If a state court action is pending in a state different from that in which the bankruptcy case is pending, removal is filed in the bankruptcy court in the federal district where the state court action is pending; that bankruptcy court may then transfer the case to the bankruptcy court where the bankruptcy case is pending. [FN28]
>
> [FN26]   Fed. R. Bankr. P. 9027(a)(1).
>
> [FN27]   Fed. R. Bankr. P. 9001(3).  See Braden Partners, L.P. v. Hometech Medical Services, Inc., 2003 WL 223423 *2 (N.D. Cal. 2003) ("However, the majority view is stated in In re Aztec Industries, Inc., 84 B.R. 464 (Bankr. N.D. Ohio 1987), which ... held that it was proper to

remove to the bankruptcy court rather than the district court, noting, 'Notwithstanding the use of the term "District Court" in §1452(a), the majority of Courts have allowed parties to file Petitions for Removal of state court cases with the Bankruptcy Court."'); In re Coastal Plains, Inc., 326 B.R. 102, 108, 44 Bankr. Ct. Dec. (CRR) 162 (Bankr. N.D. Tex. 2005), aff'd, 338 B.R. 703 (N.D. Tex. 2006) ("For purposes of this rule, 'clerk' means the clerk of the bankruptcy court, if one has been appointed, otherwise it means the clerk of the district court. Fed. R. Bankr. P. 9001(3)."); In re AG Industries, Inc., 279 B.R. 534 (Bankr. S.D. Ohio 2002) (where there is a general order of reference, the notice of removal should be filed in the bankruptcy court where the state court action is pending); In re McMullan, 196 B.R. 818, 834 n.10, 29 U.C.C. Rep. Serv. 2d 1063 (Bankr. W.D. Ark. 1996), subsequently aff'd, 162 F.3d 1164 (8th Cir. 1998) ("The removal petition should have been filed in the bankruptcy clerk's office, not the district court clerk's office."); In re Chapman, 132 B.R. 153, 155-56 (Bankr. N.D. Ill. 1991) ("Bankruptcy judges are judicial officers of the District Court, and collectively comprise a unit of the District Court denominated the 'Bankruptcy Court.' 28 U.S.C. §151. The general order of reference entered by our District Court referred all bankruptcy matters to the bankruptcy judges and court under 28 U.S.C. §157(a) and allows applications for removal to be filed directly with the Clerk of the bankruptcy court.").

But see Searcy v. Knostman, 155 B.R. 699, 704 (S.D. Miss. 1993) (pursuant to the plain language of the removal statute, removal of a state court action, even if related to a bankruptcy proceeding, should be filed with the clerk of the district court, and once removed then referred to bankruptcy court).

[FN28]   See 28 U.S.C.A. §1452(a) (removal "to the district court for the district where such civil action is pending."). A state court case can be removed to the district court in which the state court action is pending, referred to the bankruptcy court and then transferred by that bankruptcy court to the court where the bankruptcy case is pending. See In re Harris Pine Mills, 44 F.3d 1431, 26 Bankr. Ct. Dec. (CRR) 735, 32 Collier Bankr. Cas. 2d (MB) 1377, Bankr. L. Rep. (CCH) P 76321 (9th Cir. 1995) ("Those matters falling under the heading of concurrent jurisdiction (i.e., civil actions involving claims that arise under or in or are related to Title 11 proceedings) may be filed originally in state court, then subsequently removed by one of the parties to federal district court. 28 U.S.C. §1452(a). If the district court's local rules so provide, the removed action will then be referred automatically to the bankruptcy court. 28 U.S.C. §157(a)."). See In re Newport Creamery, Inc., 275 B.R. 179, 39 Bankr. Ct. Dec. (CRR) 62, 47 Collier Bankr. Cas. 2d (MB) 1468 (Bankr. D. R.I. 2002) (case could not be removed from the Mississippi state court to the bankruptcy court in Massachusetts; it first had to be removed to the federal district court

where the state court litigation was pending).

8. After filing this Notice of Removal, the Debtor and Lee intend to move to change the venue of the removed Civil Action to the EDNY Bankruptcy Court (where the Debtor's Chapter 11 case is pending), in the interests of justice, for the convenience of the parties, and in the interest of judicial economy, pursuant to 28 U.S.C. §1412 and Bankruptcy Rule 7087.

9. In order to remove a claim or cause of action under 28 U.S.C. §1452, the district court must have jurisdiction of such claim or cause of action under 28 U.S.C. §1334. See 28 U.S.C. §1452(a). Under 28 U.S.C. §1334, federal district courts have bankruptcy jurisdiction over four types of matters: (1) cases under title 11; (2) proceedings arising under title 11; (3) proceedings arising in a case under title 11; and (4) proceedings *related to* a case under title 11. *See* 28 U.S.C. §1334.

10. The Civil Action is a civil proceeding over which the United States District Court for the Southern District of New York has jurisdiction under 28 U.S.C. §1334 because the Plaintiff's claims against the Debtor and Lee are "related to" the Debtor's Chapter 11 case within the meaning of 11 U.S.C. §1334. See 11 U.S.C. 1334(b). The Second Circuit has held that "related to" jurisdiction may be established under §1334(b) if the outcome of the litigation "might have any 'conceivable effect' on the bankrupt estate." *In re Cuyahoga Equipment Corp.,* 980 F.2d 110, 114 (2d Cir.1992) (citing *In re Turner,* 724 F.2d 338, 340-41 (2d Cir.1983); see also *In re Karta Corp.,* 296 B.R. 305, 310 (S.D.N.Y.2003) ("the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could

240415 v1                                6

alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.").

11. All of the Plaintiff's claims against the Debtor and Lee in the Civil Action relate to the Debtor's bankruptcy proceeding because Plaintiff is seeking to recover from the Debtor and Lee, and to impose a constructive trust upon, monies which the Debtor and Lee contend are property of the Debtor's bankruptcy estate. The Plaintiff's claims against the Debtor and Lee also relate to the Debtor's bankruptcy proceeding because the outcome of the Civil Action might have a "conceivable effect" on the Debtor's bankruptcy estate in that a judgment against Lee in the Civil Action would cause Lee to have an indemnification claim against the Debtor.

12. Due to the fact that the Civil Action is related to the Debtor's Chapter 11 case, removal of the Civil Action (to the United States Bankruptcy Court for the Southern District of New York) is authorized by 28 U.S.C. §§1452(a), 1334(b) and 157.

13. Upon removal, the Civil Action is a core proceeding. It is a core proceeding under 28 U.S.C. §157(b)(2)(A) because it concerns the administration of the Debtor's estate, and under 28 U.S.C. §157(b)(2)(O) because it is a proceeding which affects the liquidation of the assets of the estate.

14. If the Civil Action is determined to be non-core, the Debtor and Lee consent to the entry of final orders and judgments by the Bankruptcy Judge.

15. Where, as here, the Civil Action to be removed was commenced before

the filing of the bankruptcy case, Bankruptcy Rule 9027(a)(2) requires the notice of removal to be filed "only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief." Fed. R. Bankr. P. 9027(a)(2). The Debtor and Lee submit that this Notice of Removal is being filed timely because (i) Plaintiff's claims against the Debtor in the Civil Action have been stayed under §362 of the Bankruptcy Code and there has been no order terminating a stay, and (ii) no trustee has qualified in the Debtor's Chapter 11 reorganization case and 180 days after the order for relief have not yet passed.[1]   See Fed. R. Bankr. P. 9027(a)(2).

**NOW, THEREFORE**, all parties to the Civil Action pending in the State Court as Index No. 25722/07, are HEREBY NOTIFIED, pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure as follows:

Removal of the Civil Action and all claims and causes of action therein was effected by the filing of the Notice of Removal with the Clerk of the New York Supreme Court, Westchester County, pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure. The Civil Action is removed from the New York Supreme Court, Westchester County to the United States Bankruptcy Court for the Southern District of New York. The parties to the Civil Action shall proceed no further in the New York

---

[1] The order for relief was entered on March 9, 2008, as stated above.

Supreme Court, Westchester County unless and until the Civil Action is remanded by the Bankruptcy Court.

Dated: New York, New York
      August 29, 2008

    Respectfully submitted,

    TODTMAN, NACHAMIE, SPIZZ
        & JOHNS, P.C.
    Attorneys for Francis A. Lee Company,
     A Corporation
    Debtor and Debtor-in-Possession


    By: <u>s/ Jill L. Makower</u>
        Jill L. Makower
    For the Firm
    425 Park Avenue
    New York, NY  10022
    (212) 754-9400


    AGUSTA & ROSS
    Attorneys for Defendants
    Francis A. Lee, Individually and d/b/a
     Francis A. Lee Company and Francis
     A. Lee Company, A Corporation


    By: <u>s/ Michael J. Agusta</u>
        Michael J. Agusta
    1012 Maple Drive
    Franklin Square, NY  11010
    (718) 366-6500