EXHIBIT "A"

RECEIVED
CERTIFIED MAIL
JAN 0 2 2008

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------X

GAETANO DEVELOPMENT CORP.

                         Plaintiff,

       -against-

FRANCIS A. LEE, Individually and d/b/a as Francis
A. Lee Company and FRANCIS A LEE COMPANY
A CORPORATION
                        Defendants.
------------------------------------------------------------------X

Index No.: 25722/07

Date Purchased: 12/20/07

**SUMMONS**

*Plaintiff's Address:*
465 Columbus Avenue,
Valhalla, New York

RECEIVED
DEC 20 2007
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

TO THE ABOVE-NAMED DEFENDANTS:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer on the plaintiff's attorney within (20) days after service of this summons,

exclusive of the day of service, or within (30) days after service is complete if this summons is

not personally delivered to you within the State of New York.  Upon your failure to answer, a

judgment will be entered against you by default for the relief demanded in the complaint.

    The basis of venue is that plaintiff's principal place of business is in the County of

Westchester, and State of New York which is 465 Columbus Avenue, Valhalla, New York.

Dated: White Plains, New York
       November 23, 2007

                        Michael Anthony Giannasca, Esq.
                        Attorney for Plaintiff
                        220 Ferris Avenue
                        White Plains, New York 10603
                        Phone: (914) 422-0172
                        Fax: (914) 422-0992

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X

GAETANO DEVELOPMENT CORP.

Index No.: 25722/07

                      Plaintiff,

Date Purchased: 12/20/07

       -against-

**VERIFIED
COMPLAINT**

FRANCIS A. LEE, Individually and d/b/a as Francis
A. Lee Company and FRANCIS A LEE COMPANY
A CORPORATION

RECEIVED

                    Defendants.

DEC 2 0 2007

-------------------------------------------------------------------X

        Plaintiff, by its attorney, Michael Anthony Giannasca, Esq., as and for its verified

complaint, respectfully alleges as follows:

      1.      The Plaintiff, GAETANO DEVELOPMENT CORP. (referred to herein as

"GAETANO") at all times hereinafter mentioned was and still is a domestic corporation duly

organized and existing under and by virtue of the laws of the sate of New York with its principal

place of business being in the County of Westchester, State of New York.

      2.      Upon information and belief, the Defendant, FRANCIS A. LEE ("referred to

herein as "LEE") at all times hereinafter mentioned, was and is a natural person doing business

in his individual capacity and residing in the State of New York.

      3.      Upon information and belief, the Defendant, FRANCIS A. LEE COMPANY A

CORPORATION (referred to herein as "LEE CORPORATION") at all times hereinafter

mentioned, was and still is a domestic corporation duly organized and existing under and by

virtue of the laws of the sate of New York.

## AS AND FOR A FIRST CAUSE OF ACTION
### BREACH OF CONTRACT AGAINST
### THE DEFENDANT FRANCIS A. LEE INDIVIDUALLY

4.    Gaetano repeats and realleges the allegation set forth in paragraphs "1" through "4" above as if fully set forth herein.

5.    On or about the 18th day of September, 2006 the plaintiff, GAETANO entered into a subcontract agreement with the defendant LEE  in the amount of $2,679,000.00 whereby defendant LEE agreed to provide the necessary labor and material to perform the structural steel and metal deck work, including the necessary surveying, shop drawings and permits required for such work ("SUBCONTRACT WORK") for the project known as Gateway II -- EX located at 2098 8th Avenue, New York, New York 10026 (hereinafter "Project").  Plaintiff begs leave to refer to the terms and conditions of said Subcontract as if the same were fully incorporated herein as it will be produced upon the trial of this matter.

6.    At the request of LEE, on or about November 3, 2006 GAETANO paid to the defendant LEE a deposit against the aforementioned subcontract in the sum of $241,111.00, which funds were to be treated as trust funds by Lee for the purpose of procuring materials and paying suppliers and vendors in furtherance of LEE'S obligations under its subcontract and in furtherance of the Project

7.    The defendant LEE breached its obligations under its subcontract with the plaintiff GAETANO by, among other things, failing to provide detailed shop drawings for its work in a timely manner, failing to perform an adequate site survey of existing conditions for required field dimensions in a timely manner, failing to obtain the necessary permits for its work, failing to make payments to suppliers and vendors, failing to properly allocate trust funds among suppliers and vendors in furtherance of its Subcontract Work and the Project, failing to provide

substantiation for the allocation of trust funds placed in its possession, and failing to commence

the work of its subcontract in a timely manner, all of which constitute material breaches of

LEE'S subcontract with GAETANO.

8.    The plaintiff GAETANO fully performed all of its responsibilities and obligations

under its subcontract with LEE.

9.    As a result of LEE'S various material breaches set forth above, GAETANO

properly terminated LEE'S subcontract after giving LEE notice and an opportunity to cure its

breaches, which opportunity to cure was not met by LEE.

10.    Upon termination of its subcontract with LEE, and prior to the commencement of

this action, the plaintiff GAETANO demanded return of the trust fund deposit in the sum of

$241,111.00.

11.    Despite such demands, the defendant LEE has failed to return and continues to

fail to return the aforementioned deposit trust funds to the plaintiff GAETANO.

12.    By reason of the above, Plaintiff has been damaged in the sum of $241,111.00,

plus interest, costs and legal fees.

## AS AND FOR A SECOND CAUSE OF ACTION
### UNJUST ENRICHMENT
### AGAINST THE DEFENDANT FRANCIS A. LEE INDIVIDUALLY

13.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through

"12" above as if fully set forth herein.

14.    The defendant LEE received deposit trust funds in the sum of $241,111.00 from

the plaintiff GAETANO, which sum he did not earn and did not provide any consideration

therefore.

15.    The plaintiff GAETANO did not receive any benefit from LEE as a result of

paying the deposit trust fund to LEE.

16.    As a result of the above, plaintiff has suffered a corresponding loss in the sum of $241,111.00.

17.    Under the principals of equity and good conscience, the defendant LEE should not be permitted to retain the deposit trust funds he received from plaintiff.

18.    The plaintiff has no adequate remedy at law.

19.    By reason of the above, the plaintiff has been damaged in the sum of $241,111.00.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR CONVERSION
### AGAINST THE DEFENDANT FRANCIS A. LEE INDIVIDUALLY

20.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "19" above as if fully set forth herein.

21.    The defendant LEE wrongfully converted the deposit trust funds in the sum of $241,111.00 to its own use, and to the detriment of the plaintiff, without the permission or consent of plaintiff.

22.    By reason of the above, the plaintiff has been damaged in the sum of $241,111.00.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR IMPRESSING A CONSTRUCTIVE TRUST
### AGAINST THE DEFENDANT FRANCIS A. LEE INDIVIDUALLY

23.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "22" above as if fully set forth herein.

24.    There existed a fiduciary relationship between the plaintiff GAETANO and the defendant LEE in that the defendant LEE was a trustee under Article 3A of the lien law with respect to the funds it received from GAETANO in the amount of $241,111.00 for the

improvement of the Project.

25.    The plaintiff GAETANO paid to the defendant LEE the deposit trust fund in the amount of $241,111.00 subject to the condition, agreed to and promised by the defendant, that said funds would be used to pay suppliers and vendors for labor, materials, equipment and services for the benefit of the Project and GAETANO, and in furtherance of defendant LEE'S subcontract, and that LEE would complete its subcontract obligations.

26.    The plaintiff GAETANO paid the deposit trust funds to LEE in reliance on LEE'S promises.

27.    The defendant LEE did not use the deposit trust funds for the purpose promised by LEE, but rather wrongfully retained said funds for its own use.

28.    The defendant LEE did not complete its subcontract obligations.

29.    By reason of the foregoing, unless the defendant LEE is compelled to transfer the aforementioned deposit trust funds to plaintiff, the defendant LEE will have been unjustly enriched.

30.    Plaintiff has no adequate remedy at law.

31.    Accordingly, a constructive trust should be placed on the deposit trust funds in favor of the plaintiff GAETANO and the defendant LEE should be required and compelled to return said trust funds to the plaintiff GAETANO.

### AS AND FOR A FIFTH CAUSE OF ACTION
### BREACH OF CONTRACT AGAINST
### THE DEFENDANT FRANCIS A. LEE COMPANY A CORPORATION
### (IN THE ALTERNATIVE)

32.    On or about the 18th day of September, 2006 the plaintiff, GAETANO entered into a subcontract agreement with the defendant LEE CORPORATION in the amount of $2,679,000.00 whereby defendant LEE CORPORATION agreed to provide the necessary labor

and material to perform the structural steel and metal deck work, including the necessary surveying, shop drawings and permits required for such work ("SUBCONTRACT WORK") for the project known as Gateway II – EX located at 2098 8th Avenue, New York, New York 10026 (hereinafter "Project"). Plaintiff begs leave to refer to the terms and conditions of said Subcontract as if the same were fully incorporated herein as it will be produced upon the trial of this matter.

33.   At the request of LEE CORPORATION, on or about November 3, 2006 GAETANO paid to the defendant LEE CORPORATION a deposit against the aforementioned subcontract in the sum of $241,111.00, which funds were to be treated as trust funds by LEE CORPORATION for the purpose of procuring materials and paying suppliers and vendors in furtherance of LEE CORPORATION'S obligations under its subcontract and in furtherance of the Project

34.   The defendant LEE CORPORATION breached its obligations under its subcontract with the plaintiff GAETANO by, among other things, failing to provide detailed shop drawings for its work in a timely manner, failing to perform an adequate site survey of existing conditions for required field dimensions in a timely manner, failing to obtain the necessary permits for its work, failing to make payments to suppliers and vendors, failing to properly allocate trust funds among suppliers and vendors in furtherance of its Subcontract Work and the Project, failing to provide substantiation for the allocation of trust funds placed in its possession, and failing to commence the work of its subcontract in a timely manner, all of which constitute material breaches of LEE CORPORATION'S subcontract with GAETANO.

35.   The plaintiff GAETANO fully performed all of its responsibilities and obligations under its subcontract with LEE CORPORATION.

36.    As a result of LEE CORPORATION'S various material breaches set forth above, GAETANO properly terminated LEE CORPORATION'S subcontract after giving LEE CORPORATION notice and an opportunity to cure its breaches, which opportunity to cure was not met by LEE CORPORATION.

37.    Upon termination of its subcontract with LEE CORPORATION, and prior to the commencement of this action, the plaintiff GAETANO demanded return of the trust fund deposit in the sum of $241,111.00.

38.    Despite such demands, the defendant LEE CORPORATION has failed to return and continues to fail to return the aforementioned deposit trust funds to the plaintiff GAETANO.

39.    By reason of the above, Plaintiff has been damaged in the sum of $241,111.00, plus interest, costs and legal fees.

### AS AND FOR A SIXTH CAUSE OF ACTION
### UNJUST ENRICHMENT
### AGAINST THE DEFENDANT FRANCIS A. LEE COMPANY A CORPORATION
### (IN THE ALTERNATIVE)

40.    Plaintiff repeats and realleges the allegations set forth in paragraphs "32" through "39" above as if fully set forth herein.

41.    The defendant LEE CORPORATION received deposit trust funds in the sum of $241,111.00 from the plaintiff GAETANO, which sum it did not earn and did not provide any consideration therefore.

42.    The plaintiff GAETANO did not receive any benefit from LEE CORPORATION as a result of paying the deposit trust fund to LEE CORPORATION.

43.    As a result of the above, plaintiff has suffered a corresponding loss in the sum of $241,111.00.

44.    Under the principals of equity and good conscience, the defendant LEE

CORPORATION should not be permitted to retain the deposit trust funds he received from plaintiff.

45.    The plaintiff has no adequate remedy at law.

46.    By reason of the above, the plaintiff has been damaged in the sum of $241,111.00.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## FOR CONVERSION
## AGAINST THE DEFENDANT FRANCIS A. LEE COMPANY A CORPORATION
## (IN THE ALTERNATIVE)

47    Plaintiff repeats and realleges the allegations set forth in paragraphs "32" through "46" above as if fully set forth herein.

48.    The defendant LEE CORPORAITON wrongfully converted the deposit trust funds in the sum of $241,111.00 to its own use, and to the detriment of the plaintiff, without the permission or consent of plaintiff.

49.    By reason of the above, the plaintiff has been damaged in the sum of $241,111.00.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## FOR IMPRESSING A CONSTRUCTIVE TRUST
## AGAINST THE DEFENDANT FRANCIS A. LEE COMPANY A CORPORATION
## (IN THE ALTERNATIVE)

50.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "49" above as if fully set forth herein.

51.    There existed a fiduciary relationship between the plaintiff GAETANO and the defendant LEE CORPORATION in that the defendant LEE CORPORATION was a trustee under Article 3A of the lien law with respect to the funds it received from GAETANO in the amount of $241,111.00 for the improvement of the Project.

52.    The plaintiff GAETANO paid to the defendant LEE CORPORATION the deposit trust fund in the amount of $241,111.00 subject to the condition, agreed to and promised by the

defendant, that said funds would be used to pay suppliers and vendors for labor, materials, equipment and services for the benefit of the Project and GAETANO, and in furtherance of defendant LEE CORPORATION'S subcontract, and that LEE CORPORATION would complete its subcontract obligations.

53.    The plaintiff GAETANO paid the deposit trust funds to LEE CORPORATION in reliance on LEE CORPORATION'S promises.

54.    The defendant LEE CORPORATION did not use the deposit trust funds for the purpose promised by LEE, but rather wrongfully retained said funds for its own use.

55.    The defendant LEE CORPORATION did not complete its subcontract obligations.

56.    By reason of the foregoing, unless the defendant LEE CORPORATION is compelled to transfer the aforementioned deposit trust funds to plaintiff, the defendant LEE CORPORATION will have been unjustly enriched.

57.    Plaintiff has no adequate remedy at law.

58.    Accordingly, a constructive trust should be placed on the deposit trust funds in favor of the plaintiff GAETANO and the defendant LEE CORPORATION should be required and compelled to return said trust funds to the plaintiff GAETANO.

### AS AND FOR A NINTH CAUSE OF ACTION
### FOR MISAPPROPRIATION OF TRUST FUNDS
### AGAINST THE DEFENDANT FRANCIS A. LEE INDIVIDUALLY
### (IN THE ALTERNATIVE)

59.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "58" above as if fully set forth herein.

60.    Upon information and belief, the defendant LEE at all times hereinafter mentioned was and still is an officer, director or agent for the defendant LEE CORPORATION.

61.    In his capacity as officer, director or agent of LEE CORPORATION, and as a
trustee of the deposit trust funds in the amount of $241,111.00, the defendant LEE caused the
deposit trust funds paid to LEE CORPORATION by the plaintiff to be misappropriated and
converted to LEE CORPORATION'S own use to the detriment of the plaintiff.

62.    The defendant LEE breached his fiduciary duties imposed upon him under Article
3A of the New York State Lien Law and breached his fiduciary duties to the plaintiff
GAETANO.

63.    The plaintiff has been damaged by LEE'S breach of his fiduciary duties in the
sum of $241,111.00.

64.    By reason of the above, the defendant LEE is personally liable to return to
plaintiff the deposit trust funds he caused to be misappropriated and converted through his
actions as an officer, director or agent of LEE CORPORATION.

65.    By reason of the above, the defendant LEE is personally liable to plaintiff in the
sum of $241,111.00.

WHEREFORE, plaintiff respectfully requests judgment as follows:

A.    On the FIRST CAUSE OF ACTION, awarding damages against defendant LEE
in the sum of $241,111.00 with interest, together with the costs and disbursements of this action;

B.    On the SECOND CAUSE OF ACTION, awarding damages against defendant,
LEE in the sum of $241,111.00, with interest thereon, together with the costs and disbursements
of this action;

C.    On the THIRD CAUSE OF ACTION, awarding damages against defendant LEE
in the sum $241,111.00, with interest thereon, together with the costs and disbursements of this
action;

D.    On the FOURTH CAUSE OF ACTION, judgment impressing a constructive trust
in favor of plaintiff upon the deposit trust funds in LEE'S possession and requiring LEE to
transfer and return said deposit trust funds to the plaintiff GAETANO;

E.      On the FIFTH CAUSE OF ACTION, in the alternative, awarding damages against defendant LEE CORPORATION in the sum of $241,111.00 with interest, together with the costs and disbursements of this action;

F.      On the SIXTH CAUSE OF ACTION, in the alternative, awarding damages against defendant, LEE CORPORATION, in the sum of $241,111.00, with interest thereon, together with the costs and disbursements of this action;

G.      On the SEVENTH CAUSE OF ACTION, in the alternative, awarding damages against defendant LEE CORPORATION in the sum $241,111.00, with interest thereon, together with the costs and disbursements of this action;

H.      On the EIGHTH CAUSE OF ACTION, in the alternative, judgment impressing a constructive trust in favor of plaintiff upon the deposit trust funds in LEE CORPORATION'S possession and requiring LEE CORPORATION to transfer and return said deposit trust funds to the plaintiff GAETANO;

I.      On the NINTH CAUSE OF ACTION, in the alternative, awarding damages against defendant LEE in the sum $241,111.00, with interest thereon, together with the costs and disbursements of this action;

J.      Granting such other and further relief as the Court deems just and proper, including interest and the costs and disbursements of this action.

Dated: White Plains, New York
         November 23, 2007

Michael Anthony Giannasca, Esq.
Attorney for Plaintiff
220 Ferris Avenue
White Plains, New York 10603
Phone: (914) 422-0172
Fax: (914) 422-0992

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X

GAETANO DEVELOPMENT CORP.

                                      Plaintiff,

            -against-

FRANCIS A. LEE, Individually and d/b/a as Francis
A. Lee Company and FRANCIS A LEE COMPANY
A CORPORATION

                                   Defendants.
-------------------------------------------------------------------X

Index No.: 25722/07

Date Purchased: 12/20/07

**VERIFICATION**

State of New York     )
                    ) ss.:    VERIFICATION
County of Westchester  )

      MATTHEW A. GAETANO, being first duly sworn, deposes and says: I am the President
of GAETANO DEVELOPMENT CORP., the plaintiff in the above-captioned action, and I have
read the foregoing instrument and know the contents thereof; the same is true to my knowledge,
except as to the matters therein stated to be alleged on information and belief, and as to those
matters I believe it to be true.

Dated:    White Plains, New York
           November 23, 2007

                                          Matthew A. Gaetano

Sworn to before me this
23rd day of November, 2007

_Lore Gaetano_
Notary Public

| LORE GAETANO |
| NOTARY PUBLIC, STATE OF NEW YORK |
| No. 01GA4874854 |
| QUALIFIED IN WESTCHESTER COUNTY |
| MY COMMISSION EXPIRES OCT. 27, 20/0 |



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER _____ X

Gaetano Development Corp. ,                                    Index No.: 25722/07

                        Plaintiff,                            VERIFIED ANSWER

    -against-                                                 RECEIVED

Francis A. Lee, Individually and d/b/a Francis A. Lee Company
and  Francis A. Lee Company A Corporation,                         FEB -8 2008

                        Defendant.                             TIMOTHY C. IDONI
_____ X                         COUNTY CLERK
                                                            COUNTY OF WESTCHESTER

        Defendant, by its attorney Michael J. Agusta, Esq. of Agusta & Ross, answers the complaint of the plaintiff,
as follows:

    1.    Denies the allegations contained in ¶'s 1,2,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,
24,25,26,27,28,29,30,31,32,33,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57,58,
59,60,61,62,63,64 and 65.

                            First Affirmative Defense

    2.    The individual Defendant Francis A. Lee is an improper party in this action.

                            Second Affirmative Defense

    3.    The damages, if any, alleged to have been sustained by plaintiff, were caused in whole or partly,
by the culpable conduct of the plaintiff.

                            Third Affirmative Defense

    4.    That plaintiff has not fully performed all of the terms and conditions under the alleged contract.

                            Fourth Affirmative Defense

    5.    The plaintiff is precluded by the doctrine of "Condition Precedent".

                            Fifth Affirmative Defense

    6.    That defendants performed all services to the plaintiff in a satisfactory manner.

Counterclaim

7.      Defendant performed certain work, labor and services for the plaintiff and provided certain materials and supplies for the plaintiff, at the plaintiff's request for the agreed price and reasonable value of $500,000.00.

8.      That there is now due and owing from the plaintiff to the defendant the sum of $500,000.00 for the services rendered, that demand has been made for that sum, but no part thereof has been paid.

WHEREFORE, defendant demands judgment dismissing the complaint of the plaintiff and for damages against the plaintiff in the amount of $500,000.00 with interest thereon; and for the costs and disbursements of this action and for such other and further relief as this court may deem just and proper.

Dated: Queens, New York
        January 28, 2008

Michael J. Agusta, Esq.
AGUSTA & ROSS
Attorney for Defendants
62-15 Myrtle Avenue
Glendale, New York 11385
Tel.: (718) 366-6500
Fax: (718) 366-6184

TO:    Michael Anthony Giannasca, Esq.
       Attorney for Plaintiff
       220 Ferris Avenue
       White Plains, New York 10603
       Tel.: (914) 422-0172
       Fax: (914) 422-0992

**ATTORNEY'S VERIFICATION**

STATE OF NEW YORK        )
                                           ) ss.:
COUNTY OF QUEENS        )

      I, the undersigned, am an attorney admitted to practice in the Courts of the State of New York, and say that:

      I am the attorney of record for the defendant herein. I have read the annexed Answer and know the contents thereof and the same is true to my knowledge, except those matters herein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon the following: books and records in my possession.

      The reason I make this Affirmation instead of the defendant is that defendant's principal place of business is located in a county other than that of the undersigned's business, pursuant to CPLR 3020(f)(3).

Dated: Queens, New York
      January 28, 2008

                                    MICHAEL J. AGUSTA

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK, COUNTY OF QUEENS ss.:

    I, Marianne Agusta, being duly sworn, say: I am not a party to the action, am over 18 years of age and reside in Nassau, New York. That on the 28th day of January, 2008 I served the within VERIFIED ANSWER by depositing a copy of same in a post paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service to each of the following persons at the last know address set forth after his name below:

_____
Marianne Agusta

Sworn to before me this
28th day of January, 2008

_____
Mitchell S. Ross, Notary Public
State of New York
No. 02R04832582
Qualified in Kings County
Commission Expires March 13, 2011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
GAETANO DEVELOPMENT CORP.                        Index No.: 25722/07

                                    Plaintiff,

                                                        **VERIFIED**
          -against-                                     **REPLY TO**
                                                        **DEFENDANTS'**
                                                        **COUNTERCLAIMS**

FRANCIS A. LEE, Individually and d/b/a as Francis
A. Lee Company and FRANCIS A LEE COMPANY
A CORPORATION
                                    Defendants.
-------------------------------------------------------------------X
          Plaintiff **Gaetano Development Corp., (hereinafter "GAETANO")** by its

attorney Michael Anthony Giannasca, Esq. as for its Verified Reply to Defendants'

Counterclaims in the above-captioned action, alleges upon information and belief as follows:

          1.      Denies the allegations contained in paragraph "7" of the Defendants' verified

answer with counterclaims.

          2.      Denies the allegations contained in paragraph "8" of the Defendants' verified

answer with counterclaims.

                    <u>**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**</u>

          3.      DEFENDANTS' counterclaims fails to state a cause of action upon which relief

may be granted as against Plaintiff.

                  <u>**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**</u>

          4.      DEFENDANTS failed to commence its action in a timely manner.

                    <u>**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**</u>

          5.      DEFENDANTS' counterclaims are barred by the doctrine of laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

6.    DEFENDANTS' counterclaims are barred by the doctrine of unclean hands.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

7.    DEFENDANTS' counterclaims are barred by the doctrine of estoppel.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

8.    DEFENDANTS' counterclaims are barred by the doctrine of waiver.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

9.    DEFENDANTS' counterclaims are barred by the doctrine of setoff and
recoupment.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

10.    DEFENDANTS' counterclaims are barred by its failure to mitigate damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

11.    To the extent DEFENDANTS suffered any damages, said damages, if any, are
owing to DEFENDANTS's own actions and/or inactions.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

12.    The extent of the obligations of Plaintiff are defined by the terms and conditions
of the contract between the Defendant and Plaintiff, and Plaintiff owes no other duties or
obligations to Defendant.

**WHEREFORE**, Plaintiff Gaetano Development Corp. respectfully seeks judgment as
follows:

(a)    Dismissing Defendants' Counterclaims in its entirety; and

(B)    Costs, disbursements and attorney's fees of this action and such other and
further relief as the Court may deem just and proper.

Dated: White Plains, New York
      February 12, 2008

Michael Anthony Giannasca, Esq.
Attorney for Plaintiff
**Gaetano Development Corp.**
220 Ferris Avenue
White Plains, New York 10603
Tel: 914-422-0172
Fax: 914-422-0992

To:    AGUSTA & ROSS
        Michael J. Agusta, Esq.
        62-15 Myrtle Ave
        Glendale, New York 11385
        Phone: 718-366-6500
        Fax: 718-366-6184

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
---------------------------------------------------------------------X

GAETANO DEVELOPMENT CORP.                                     Index No.: 25722/07

                                   Plaintiff,

            -against-                                                **VERIFICATION**

FRANCIS A. LEE, Individually and d/b/a as Francis
A. Lee Company and FRANCIS A LEE COMPANY
A CORPORATION
                                   Defendants.
---------------------------------------------------------------------X

State of New York            )
                             )  ss.:      VERIFICATION
County of Westchester        )

        MATTHEW A. GAETANO, being first duly sworn, deposes and says: I am the President

of GAETANO DEVELOPMENT CORP., the plaintiff in the above-captioned action, and I have

read the foregoing instrument and know the contents thereof; the same is true to my knowledge,

except as to the matters therein stated to be alleged on information and belief, and as to those

matters I believe it to be true.


Dated:    White Plains, New York
          February 12, 2008

                                                    _____
                                                          Matthew A. Gaetano


Sworn to before me this
12th day of February, 2008

_____
Notary Public

┌─────────────────────────────────────────┐
│            LORE GAETANO                   │
│  NOTARY PUBLIC, STATE OF NEW YORK         │
│           No. 01GA4874854                 │
│   QUALIFIED IN WESTCHESTER COUNTY         │
│  MY COMMISSION EXPIRES OCT. 27, 20√o      │
└─────────────────────────────────────────┘