

# BECKER & POLIAKOFF, LLP

45 BROADWAY
11TH FLOOR
NEW YORK, NY 10006
212.599.3322 PHONE
212.557.0295 FAX

21 EAST FRONT STREET
SUITE 400
RED BANK, NJ 07701
732.842.1662 PHONE
732.842.9047 FAX

*Please reply to New York office.*

ADMINISTRATIVE OFFICE
3111 STIRLING ROAD
FORT LAUDERDALE, FL 33312
954.987.7550

WWW.BECKER-POLIAKOFF.COM
WWW.SECCORPLAW.COM

March 18, 2010

Honorable Patty Shwartz
United States Courthouse
District of New Jersey
Newark, New Jersey

*Canavan v. Harbeck*
Civil Action No. 10-CV-954 –FSH-PS
Re Conference Call at 10:30 This Morning

Dear Judge Schwartz:

  We represent the plaintiffs in the referenced action and write to explain why we oppose defendants' request for leave to file a motion to transfer this case to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The defendants are making a flagrant attempt to forum shop because they apparently believe the Bankruptcy Court will be more forgiving of their fraudulent conduct than this Court will be. Leave should be denied because the proposed motion must fail. The Bankruptcy Court has no conceivable jurisdiction over the parties or the claims set forth in the complaint.

  This is an action by three New Jersey residents against the directors of the Securities Investor Protection Corporation ("SIPC") and its President who, by law, can be sued for bad faith conduct. The complaint lays out, with fully documented allegations, a massive investment insurance fraud pursuant to which the defendants misled plaintiffs to believe that each of their brokerage accounts was insured up to $500,000 when defendants knew, at the time the representations were made, that SIPC would not insure their accounts up to $500,000.

  The fact that plaintiffs invested in Bernard L. Madoff Investment Securities LLC ("Madoff"), a debtor in the Bankruptcy Court, does not give the Bankruptcy Court jurisdiction over the plaintiffs' claims against the defendants. In fact, the damages plaintiffs seek in this action are not recoverable at all in the Madoff Bankruptcy Court case and will not reduce at all the plaintiffs' claims in the Madoff Bankruptcy Case. Moreover, the defendants are not parties to the Bankruptcy Court case. Hence, there is no basis in law or in fact for this Court to transfer venue to the Bankruptcy Court.

**BECKER & POLIAKOFF, LLP**

Honorable Patty Shwartz
March 18, 2010
Page 2

    Under 28 U.S.C. § 1404(a), "[F]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." . The threshold issue, however, is whether this case could have been brought in the New York Bankruptcy Court. See *Clark v. Burger King Corp.*, 255 F.Supp.2d 334, 337 (D.N.J. 2003) ("The first step in a court's analysis of a transfer motion is to determine whether venue would be proper in the transferee district.")

    Clearly, under Third Circuit precedent, this case could not have been brought in the Bankruptcy Court. That court has no jurisdiction over the plaintiffs' claims; the debtor is not a party; and the plaintiffs' claims can have no affect on the administration of the debtor's estate. 28 U.S.C. Section 1334(b) vests the district court with jurisdiction over civil proceedings arising under Title 11 or arising in or "related to cases under Title 11." Indisputably, this case did not arise under or in the Madoff Bankruptcy case. Thus, the only issue is whether the Bankruptcy Court has "related to" jurisdiction over this case. In *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984), the Third Circuit explained that "related to" jurisdiction exists where the outcome of the proceeding has an impact on the debtor's "rights, options, or freedom of action . . . which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* at 994. In *In re W.R. Grace*, 2009 WL 5151089 (3d Cir. 12/31/01), the Third Circuit further clarified the limitations on "related to" jurisdiction, holding that it requires a finding that the outcome of the case will **bind** the debtor. Here, there is no way the defendants can meet that standard.

    The judgment of this Court can in no way bind the debtor, Madoff. Plaintiffs are New Jersey residents and the complaint includes claims under New Jersey's Consumer Fraud Act. The Trustee in the Madoff case is not a party to this case; the defendants herein are not parties in the Madoff bankruptcy case; and the outcome of this case will in no way impact the debtor's rights in the Bankruptcy Court case. Thus, this Court has no power to transfer the case to the Bankruptcy Court and the plaintiffs' choice of forum cannot be disregarded. See *Clark v. Burger King Corp.*, 255 F.Supp.2d 334, 338 (D.N.J. 2003) ("Plaintiffs' choice of forum is a paramount consideration that should not lightly be disturbed.") (quoting *Ayling v. Travelers Property Casualty Corp.*, 1999 WL 994403, at *2 (E.D.Pa. Oct.28, 1999)).

    For the foregoing reasons, defendants motion for leave to file a transfer motion should be denied.

                              Yours respectfully,

                              Helen Davis Chaitman

HDC:leb

cc: Alan Naar, Esq.