**GREENBAUM, ROWE, SMITH & DAVIS LLP**
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, New Jersey 07095
(732) 549-5600
Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISSA CANAVAN, LESLIE GOLDSMITH and JUDITH KALMAN on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STEPHEN HARBECK, ARMANDO J. BUCELO, JR., TODD S. FARHA, WILLIAM H. HEYMAN, WILLIAM S. JASIEN, DAVID G. NASON, MARK S. SHELTON and DAVID J. STOCKTON, <br><br> Defendants. | Civil Action No. 2:10-cv-0954-FHS-PS <br><br> **AFFIDAVIT OF ALAN S. NAAR** |

STATE OF NEW JERSEY   :
                      : SS
COUNTY OF MIDDLESEX :

      ALAN S. NAAR, of full age, being duly sworn according to law upon his oath, deposes and says:

      1.    I am an attorney-at-law of the State of New Jersey and a member of Greenbaum, Rowe, Smith & Davis LLP, attorneys for all defendants. As such I have personal knowledge of the facts set forth herein.

1204299.01

2.      This affidavit is submitted in support of defendants' motion to transfer case to the United States District Court for the Southern District of New York for referral to the United States Bankruptcy Court.

3.      Annexed hereto as Exhibit A is a true copy of an Order (1) Upholding Trustee's Determination Denying Customer Claims for Amounts Listed on Last Customer Statement; (2) Affirming Trustee's Determination of Net Equity; and (3) Expunging Those Objections with Respect to the Determinations Relating to Net Equity dated March 8, 2010 ("Net Equity Order") entered in S.E.C. v. Bernard L. Madoff Investment Securities LLC, United States Bankruptcy Court, Southern District of New York, Adv. Pro. No. 08-01789 (BRL) ("BLMIS Case").

4.      Annexed hereto as Exhibit B is a true copy of Court's Certification of the Net Equity Order of March 8, 2010 for Immediate Appeal to the United States Court of Appeals Pursuant to 28 U.S.C. § 158(d)(2) dated March 8, 2010 ("Certification Order") entered in the BLMIS Case.

5.      Annexed hereto as Exhibit C is a true copy of an Order dated December 15, 2008 entered in S.E.C. v. Bernard L. Madoff, et al., United States District Court, Southern District of New York, Civil Action No. 08-10791.

6.      Annexed hereto as Exhibit D is a true copy of an Order on Application for an Entry of an Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination, and Adjudication of Claims; and Providing Other Relief, dated December 23, 2008, entered in the BLMIS Case.

7.      Annexed hereto as Exhibit E is a true copy of Exhibit A to Trustee's Motion for an Order Upholding Trustee's Determination Denying "Customer" Claims for Amounts Listed on Last Customer Statement, Affirming Trustee's Determination of Net Equity, and Expunging

2

Those Objections with Respect to the Terminations Relating to Net Equity, dated October 16, 2009, filed in the BLMIS Case.

8.      Annexed hereto as Exhibit F is a true copy of Schedule A to Sonnenschein Investors' Opposition to the Trustee's Motion for an Order Upholding Trustee's Determination Denying "Customer" Claims for Amounts Listed on Last Statement, Affirming Trustee's Determination of Net Equity and Expunging Those Objections with Respect to the Determinations Relating to Net Equity, dated November 13, 2009, filed in the BLMIS Case.

_____

ALAN S. NAAR

Sworn and subscribed to before
me on this 23rd day of April , 2010.

_____

**CATHERINE M. DELUCA**
A Notary Public of New Jersey
My Commission Expires May 11, 2014

1204299.01

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>              Plaintiff,<br><br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>              Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>              Debtor. | |

**ORDER (1) UPHOLDING TRUSTEE'S DETERMINATION DENYING CUSTOMER CLAIMS FOR AMOUNTS LISTED ON LAST CUSTOMER STATEMENT; (2) AFFIRMING TRUSTEE'S DETERMINATION OF NET EQUITY; AND (3) EXPUNGING THOSE OBJECTIONS WITH RESPECT TO THE DETERMINATIONS <u>RELATING TO NET EQUITY</u>**

This matter came before the Court on February 2, 2010 on the motion (the "Motion") of

Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of Bernard L.

Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15

U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and as trustee for the estate of Bernard L. Madoff ("Madoff"),

for entry of an order (1) upholding the Trustee's determinations denying the claims in question

for the securities and credit balances listed on the claimants' last BLMIS customer statement; (2)

affirming the Trustee's "cash in/cash out" determinations of net equity with respect to each

customer claim; and (3) expunging the objections to the Trustee's determinations to the customer

claims in question insofar as they relate to net equity; and the Court having considered:

1

1.     That the Trustee's Motion concerns the proper interpretation and application of net equity ("Net Equity"), as that term is defined in section 16(11) of SIPA, 15 U.S.C. § 78*lll*(11); and

2.     That as delineated in the Motion papers, it is the Trustee's position that for purposes of determining customer claims, each BLMIS customer's Net Equity should be determined by crediting the amount of cash deposited by the customer into his BLMIS account, less any amounts already withdrawn by him from his BLMIS customer account (the "Net Investment Method"); and

3.     That certain customer claimants ("Objecting Claimants") asserted that Net Equity should be determined on the basis of each claimant's balance as shown on their November 30, 2008 account statement provided by BLMIS ("Final Customer Statements"); and

4.     The responses and oppositions filed in this Court to the Motion, as listed in Appendix 1 to the Memorandum Decision Granting Trustee's Motion For An Order (1) Upholding Trustee's Determination Denying Customer Claims For Amounts Listed On Last Customer Statement; (2) Affirming Trustee's Determination Of Net Equity; and (3) Expunging Objections to Determinations Relating To Net Equity ("Net Equity Decision"), dated March 1, 2010.

Due notice of the Motion has been given, and it does not appear that other or further notice need be given, and after a hearing and the proceedings before the Court, and after due

2

deliberation, having determined the Motion is in the best interests of BLMIS, its creditors and the estate, it is hereby:

ORDERED, that the relief requested in the Motion is granted as set forth in the Net Equity Decision, fully incorporated herein; and it is further

ORDERED, that the Trustee's determination of Net Equity using the Net Investment Method is upheld; and it is further

ORDERED, that each customer's Net Equity with respect to their customer claims in this SIPA liquidation proceeding shall be calculated using the Net Investment Method rather than the balances listed on the Final Customer Statements; and it is further

ORDERED, that the oppositions submitted by the Objecting Claimants, as listed in Appendix 1 of the Net Equity Decision, are overruled; and it is further

ORDERED, that the objections to the determinations of customer claims, as listed on Exhibit A to the Trustee's Motion [Dkt. No. 530], are expunged insofar as those objections are based upon using the Final Customer Statements rather than the Net Investment Method to determine Net Equity; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to the remainder of the claimants' objections in accordance with the order entered by this Court on December 23, 2008 (the "Claims Procedures Order"); and it is further

ORDERED, that the Trustee shall in due course schedule a hearing or hearings regarding the remainder of the claimants' objections in accordance with the Claims Procedures Order; and it is further

**ORDERED**, that with regard to the Net Equity Dispute, this Order is a final order as that term is defined in 28 U.S.C. § 158(a)(1), and there is no just reason for delay; and it is further

**ORDERED**, that in view of the factors contained in 28 U.S.C § 158(d)(2)(A)(i) - (iii), this Court will upon appropriate request or motion consider favorably a request to certify a direct appeal to the United States Court of Appeals for the Second Circuit; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
      March 8, 2010

/s/Burton R. Lifland
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE

4

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>         Plaintiff, <br><br>         v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>         Defendant. | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br>         Debtor. | |

## COURT'S CERTIFICATION OF NET EQUITY ORDER OF MARCH 8, 2010 FOR IMMEDIATE APPEAL TO THE UNITED STATES COURT OF APPEALS PURSUANT TO 28 U.S.C. § 158(d)(2)

The Court having issued its Memorandum Decision Granting Trustee's Motion for an Order (1) Upholding Trustee's Determination Denying Customer Claims for Amounts Listed on Last Customer Statement; (2) Affirming Trustee's Determination of Net Equity; and (3) Expunging Objections to Determinations Relating to Net Equity (the "Net Equity Decision") on March 1, 2010; and having entered an order on March 8, 2010 implementing the Decision (the "Net Equity Order"); and because the Net Equity Decision and Order impact with finality on the interests of the parties to the above-captioned proceeding, the Court, on its own motion, joined by the annexed request of the law firms of Becker & Poliakoff, LLP, Davis Polk & Wardwell LLP, Lax & Neville, LLP, Milberg LLP, and Shearman & Sterling LLP, on behalf of the BLMIS claimants represented by the same, setting forth the bases for certification pursuant to 28 U.S.C. § 158(d)(2), which request the Court treats as a motion for certification; and the United

1

States Securities & Exchange Commission and the Securities Investor Protection Corporation having indicated that they have no objection to this request; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (iii) the legal and factual issues presented establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The relief sought in the request is GRANTED.

2. The Court certifies that an immediate appeal of the Net Equity Order is appropriate because this proceeding involves a matter of public importance, and an immediate appeal may materially advance the progress of this proceeding.

3. The Court therefore certifies the Net Equity Order for immediate appeal to the United States Court of Appeals pursuant to 28 U.S.C. § 158(d)(2).

Dated: New York, New York
       March 8, 2010

                                          /s/ Burton R. Lifland_____
                                          United States Bankruptcy Judge

2

# Baker Hostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

March 8, 2010

David J. Sheehan
direct dial: 212.589.4616
dsheehan@bakerlaw.com

**VIA EMAIL AND FIRST CLASS MAIL**

Honorable Burton R. Lifland
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:    *Securities Investor Protection Corporation v. Bernard L. Madoff Investment
Securities LLC,* 08-1789 (BRL) (Substantively Consolidated)

Dear Judge Lifland:

Baker & Hostetler LLP, as counsel to Irving H. Picard ("Trustee"), the Trustee
for the substantively consolidated liquidation proceedings of Bernard L. Madoff
Investment Securities LLC ("BLMIS") and Bernard L. Madoff, and the law firms of
Becker & Poliakoff, LLP, Davis Polk & Wardwell LLP, Lax & Neville, LLP, Milberg LLP,
and Shearman & Sterling LLP, on behalf of the BLMIS claimants represented by the
same, jointly write to request that this Court certify its order of March 8, 2010 (the "Net
Equity Order"), granting the Trustee's motion ("Motion") for an order: (1) upholding the
Trustee's determinations denying the claims in question for the securities and credit
balances listed on the claimants' last BLMIS customer statement; (2) affirming the
Trustee's "cash in/cash out" determinations of net equity with respect to each customer
claim; and (3) expunging the objections to the Trustee's determinations to the customer
claims in question insofar as they relate to net equity, for immediate appeal to the
United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. §
158(d)(2).

Honorable Burton R. Lifland
March 8, 2010
Page 2

The Trustee's Motion sought a final order to be issued by this Court relating to the proper interpretation and application of net equity ("Net Equity"), as that term is defined in section 16(11) of SIPA, 15 U.S.C. § 78*lll*(11).  As delineated in the Motion, it is the Trustee's position that for purposes of determining customer claims, each BLMIS customer's Net Equity should be determined by crediting the amount of cash deposited by the customer into his BLMIS account, less any amounts already withdrawn by him from his BLMIS customer account (the "Net Investment Method").  Certain customer claimants asserted that Net Equity should be determined on the basis of each claimant's balance as shown on their November 30, 2008 account statement provided by BLMIS ("Final Customer Statements").

After notice and a hearing, and after due consideration of all responses and oppositions filed in this Court to the Motion, as listed in Appendix 1 to the Memorandum Decision Granting Trustee's Motion For An Order (1) Upholding Trustee's Determination Denying Customer Claims For Amounts Listed On Last Customer Statement; (2) Affirming Trustee's Determination Of Net Equity; and (3) Expunging Objections to Determinations Relating To Net Equity ("Net Equity Decision"), dated March 1, 2010, this Court entered the Net Equity Order on March 8, 2010, fully incorporating therein the Net Equity Decision.

Under the terms of 28 U.S.C. § 158(d)(2), a bankruptcy court may certify an order for immediate appeal to a circuit court of appeal where the order "involves a matter of public importance," or where an appeal from the order "may materially advance the progress of the case."  28 U.S.C. § 158(d)(2)(A)(i) and (iii).  Certification is mandatory where the Court determines that these circumstances exist.  *Id.* § 158(d)(2)(B) ("If the bankruptcy court . . . determines that a circumstance specified in clause (i), (ii), or (iii) of subparagraph (A) exists . . . then the bankruptcy court shall make the certification described in subparagraph (A)").

As the Court is well-aware, this SIPA liquidation proceeding arises out of the infamous and massive Ponzi scheme perpetrated by Bernard L. Madoff.  Under any calculation, billions of dollars are at stake, and over 15,000 customer claims have been filed in this liquidation.  *See* Net Equity Decision, at 5.  The calculation of Net Equity vis-à-vis each customer claim dictates the distribution, if any, that each customer will receive from the fund of customer property under section 8(c)(1)(B) of SIPA, 15 U.S.C. § 78fff-2(c)(1)(B), as well as each customer's entitlement to receive an advance from SIPC against that payment from the fund of customer property.  Thus, the result of the Net Equity Dispute impacts the determination and calculation of every customer claim filed in this proceeding.

As this liquidation proceeding affects a large number of customer claimants, and has generated Congressional hearings, proposed amendments to the United States Code, and sustained press coverage, we submit that this proceeding, and particularly the Net Equity Dispute, is a matter of public importance appropriate for certification to the Court of Appeals.

Honorable Burton R. Lifland
March 8, 2010
Page 3

Moreover, as described above, whether the Trustee has properly determined all customer claims in this proceeding is a question that hinges on the Net Equity Dispute. All parties – both customer claimants and the Trustee – would benefit from the speediest resolution of this issue consistent with the law. The entry of a final, non-appealable order regarding the Net Equity Dispute will provide finality and closure to those who were victimized as a result of Madoff's fraudulent scheme. Under these circumstances, an immediate appeal from the order will materially advance the progress of the case, making certification appropriate. *See* 28 U.S.C. § 158(d)(2)(A)(iii).

The United States Securities & Exchange Commission and the Securities Investor Protection Corporation have indicated that they have no objection to this request.

Accordingly, we respectfully request that this appeal be certified to the Court of Appeals pursuant to 28 U.S.C. § 158(d)(2)(A).


Respectfully submitted,


*/s/ David J. Sheehan*

David J. Sheehan

*/s/ Helen Chaitman*
Becker & Poliakoff, LLP


*/s/ Karen Wagner*
Davis Polk & Wardwell LLP


*/s/ Brian Neville*
Lax & Neville, LLP


*/s/ Matthew Gluck*
Milberg LLP


*/s/ Stephen Fishbein*
Shearman & Sterling LLP

cc:    Irving H. Picard, Esq.
       Josephine Wang, Esq.
       Katharine B. Gresham, Esq.

# EXHIBIT C

*STANTON S.*

⬚ **ORIGINAL**

SECURITIES INVESTOR PROTECTION
   CORPORATION
JOSEPHINE WANG (JW0674)
General Counsel
KEVIN H. BELL (KB2260)
Senior Associate General Counsel
805 Fifteenth Street, N.W., Suite 800
Washington, DC 20005-2207
Telephone: (202) 371-8300

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/15/08
```

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,    )
                                       )
                    Plaintiff,     )
          v.                         )     **Civ. 08-10791**
                                         )
BERNARD L. MADOFF, and             )
BERNARD L. MADOFF INVESTMENT     )
SECURITIES LLC,                   )
                   Defendants.     )
                                         )
                                         )
_____ )
                                         )
SECURITIES INVESTOR PROTECTION     )
   CORPORATION,                       )
                                         )
                   Applicant,       )
                                         )
          v.                                )
                                         )
BERNARD L. MADOFF INVESTMENT     )
SECURITIES LLC,                   )
                   Defendant.      )
_____ )

## ORDER

On the Complaint and Application of the Securities Investor Protection Corporation
("SIPC"), it is hereby:

      I.     ORDERED, ADJUDGED and DECREED that the customers of the Defendant,

Bernard L. Madoff Investment Securities LLC, are in need of the protection afforded by the Securities Investor Protection Act of 1970, as amended ("SIPA", 15 U.S.C. §78aaa *et seq.*).

II.        ORDERED that pursuant to 15 U.S.C. §78eee(b)(3), Irving H. Picard, Esquire is appointed trustee for the liquidation of the business of the Defendant with all the duties and powers of a trustee as prescribed in SIPA, and the law firm of Baker & Hostetler LLP is appointed counsel for the trustee. The trustee shall file a fidelity bond satisfactory to the Court in the amount of $250,000.⁰⁰                                                                                                          *LLS*

III.        ORDERED that all persons and entities are notified that, subject to the other provisions of 11 U.S.C. §362, the automatic stay provisions of 11 U.S.C. §362(a) operate as a stay of:

A.        the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other proceeding against the Defendant that was or could have been commenced before the commencement of this proceeding, or to recover a claim against the Defendant that arose before the commencement of this proceeding;

B.        the enforcement against the Defendant or against property of the estate of a judgment obtained before the commencement of this proceeding;

C.        any act to obtain possession of property of the estate or property from the estate;

D.        any act to create, perfect or enforce any lien against property of the estate;

E.        any act to create, perfect or enforce against property of the Defendant any lien to the extent that such lien secures a claim that arose before the commencement of this proceeding;

F.        any act to collect, assess or recover a claim against the Defendant that arose before the commencement of this proceeding;

G.        the setoff of any debt owing to the Defendant that arose before the commencement

-2-

of this proceeding against any claim against the Defendant; and

H.    the commencement or continuation of a proceeding before the United States Tax Court concerning the Defendant's tax liability for a taxable period the Bankruptcy Court may determine.

1V.    ORDERED that all persons and entities are stayed, enjoined and restrained from directly or indirectly removing, transferring, setting off, receiving, retaining, changing, selling, pledging, assigning or otherwise disposing of, withdrawing or interfering with any assets or property owned, controlled or in the possession of the Defendant, including but not limited to the books and records of the Defendant, and customers' securities and credit balances, except for the purpose of effecting possession and control of said property by the trustee.

V.    ORDERED that pursuant to 15 U.S.C. §78eee(b)(2)(B)(i), any pending bankruptcy, mortgage foreclosure, equity receivership or other proceeding to reorganize, conserve or liquidate the Defendant or its property and any other suit against any receiver, conservator or trustee of the Defendant or its property, is stayed.

VI.    ORDERED that pursuant to 15 U.S.C. §§78eee(b)(2)(B)(ii) and (iii), and notwithstanding the provisions of 11 U.S.C. §§362(b) and 553, except as otherwise provided in this Order, all persons and entities are stayed, enjoined and restrained for a period of twenty-one (21) days, or such other time as may subsequently be ordered by this Court or any other court having competent jurisdiction of this proceeding, from enforcing liens or pledges against the property of the Defendant and from exercising any right of setoff, without first receiving the written consent of SIPC and the trustee.

VII.    ORDERED that, pursuant to 15 U.S.C. §78eee(b)(2)(C)(ii), and notwithstanding 15 U.S.C. §78eee(b)(2)(C)(i), all persons and entities are stayed for a period of twenty-one (21) days,

or such other time as may subsequently be ordered by this Court or any other court having competent jurisdiction of this proceeding, from foreclosing on, or disposing of, securities collateral pledged by the Defendant, whether or not with respect to one or more of such contracts or agreements, securities sold by the Defendant under a repurchase agreement, or securities lent under a securities lending agreement, without first receiving the written consent of SIPC and the trustee.

VIII.    ORDERED that the stays set forth above shall not apply to:

A.    any suit, action or proceeding brought or to be brought by the United States Securities and Exchange Commission ("Commission") or any self-regulatory organization of which the Defendant is now a member or was a member within the past six months; or

B.    the exercise of a contractual right of a creditor to liquidate, terminate, or accelerate a securities contract, commodity contract, forward contract, repurchase agreement, swap agreement, or master netting agreement, as those terms are defined in 11 U.S.C. §§101, 741, and 761, to offset or net termination values, payment amounts, or other transfer obligations arising under or in connection with one or more of such contracts or agreements, or to foreclose on any cash collateral pledged by the Defendant, whether or not with respect to one or more of such contracts or agreements; or

C.    the exercise of a contractual right of any securities clearing agency to cause the liquidation of a securities contract as defined in 11 U.S.C. §741(7); or

D.    the exercise of a contractual right of any stockbroker or financial institution, as defined in 11 U.S.C. §101, to use cash or letters of credit held by it as collateral, to cause the liquidation of its contract for the loan of a security to the Defendant or

for the pre-release of American Depository Receipts or the securities underlying such receipts; or

E.      the exercise of a contractual right of any "repo" participant, as defined in 11 U.S.C. §101, to use cash to cause the liquidation of a repurchase agreement, pursuant to which the Defendant is a purchaser of securities, whether or not such repurchase agreement meets the definition set forth in 11 U.S.C. §101(47); or

F.      the exercise of a contractual right, as such term is used in 11 U.S.C. §555, in respect of (i) any extension of credit for the clearance or settlement of securities transactions or (ii) any margin loan, as each such term is used in 11 U.S.C. §741(7), by a securities clearing bank. As used herein, "securities clearing bank" refers to any financial participant, as defined in 11 U.S.C. §101(22A), that extends credit for the clearance or settlement of securities transactions to one or more Primary Government Securities Dealers designated as such by the Federal Reserve Bank of New York from time to time; or

G.      any setoff or liquidating transaction undertaken pursuant to the rules or bylaws of any securities clearing agency registered under section 17A(b) of the Securities Exchange Act of 1934, 15 U.S.C.§78q-1(b), or by any person acting under instructions from and on behalf of such a securities clearing agency; or

H.      any settlement transaction undertaken by such securities clearing agency using securities either (i) in its custody or control, or (ii) in the custody or control of another securities agency with which it has a Commission approved interface procedure for securities transactions settlements, provided that the entire proceeds thereof, without benefit of any offset, are promptly turned over to the trustee; or

-5-

I.      any transfer or delivery to a securities clearing agency by a bank or other

depository, pursuant to instructions given by such clearing agency, of cash,

securities, or other property of the Defendant held by such bank or depository subject

to the instructions of such clearing agency and constituting a margin payment as

defined in 11 U.S.C. §741(5).

IX.     ORDERED that pursuant to 15 U.S.C. §78eee(b)(4), this liquidation proceeding is

removed to the United States Bankruptcy Court for the Southern District of New York.

X.      ORDERED that the trustee is authorized to take immediate possession of the property

of the Defendant, wherever located, including but not limited to the books and records of the

Defendant, and to open accounts and obtain a safe deposit box at a bank or banks to be chosen by

the trustee, and the trustee may designate such of his representatives who shall be authorized to have

access to such property.

Date:    December *15,* 2008

*4:08 PM*

_____
*Louis L. Stanton*
UNITED STATES DISTRICT JUDGE

-6-

# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff-Applicant,

        v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.

Adversary Proceeding

No. 08-01789-BRL

---

**ORDER ON APPLICATION FOR AN ENTRY OF AN ORDER
APPROVING FORM AND MANNER OF PUBLICATION AND MAILING OF
NOTICES, SPECIFYING PROCEDURES FOR FILING, DETERMINATION, AND
ADJUDICATION OF CLAIMS; AND PROVIDING OTHER RELIEF**

        An order having been entered on consent by the Honorable Louis L. Stanton,

United States District Judge, on December 15. 2008 (the "Protective Order") (1) finding that the

customers of Bernard L. Madoff Investment Securities LLC (the "Debtor") are in need of the

protection afforded by the Securities Investor Protection Act, 15 U.S.C. §78aaa et seq.

("SIPA"), (2) appointing Irving H. Picard as Trustee (the "Trustee") and Baker & Hostetler LLP

as counsel for the Trustee, and (3) removing the liquidation proceeding to this Court; and it

appearing, as set forth in the Trustee's Application dated December 21, 2008 (the

"Application"), that this Court is required by SIPA and the Bankruptcy Code to direct the giving

of notice regarding, among other things, the commencement of this liquidation proceeding, the

appointment of the Trustee and his counsel; the hearing on disinterestedness of the Trustee and

his counsel; the meeting of creditors; and the Trustee having recommended procedures for

resolution of customer claims and distributions; and it appearing that notice of the Application has been given to the Securities Investor Protection Corporation ("SIPC") and that no other notice need be given; no adverse interest having been represented, and sufficient cause appearing therefor, it is:

ORDERED, that the Application is granted; and it is further

ORDERED, that the Notice, explanatory letters, claim forms, and instructions appearing as Exhibits A, B, C, D, E, F, G and H to the Application, or substantially in that form, be, and they hereby are, authorized and approved, and shall be mailed by the Trustee to all former customers, broker-dealers, and other creditors of the Debtor, in conformance with this Order and in substantially the form appearing in those Exhibits, on or before January 9, 2008; and it is further

ORDERED, that the Trustee shall have the authority, on the advice and consent of SIPC, to amend these forms without further order of this Court; and it is further

ORDERED, that under 15 U.S.C. §78fff-2(a)(1), the Trustee be, and he hereby is, authorized and directed to cause the notice annexed as Exhibit A to the Application (the "Notice") to be published once in *The New York Times*, all editions; *The Wall Street Journal*, all editions; *The Financial Times*, all editions; *USA Today*, all editions; *Jerusalem Post*, all editions; *Ye'diot Achronot*, all editions, on or before January 9, 2008; and it is further

ORDERED, that under 15 U.S.C. §78fff-2(a)(1), the Trustee be, and he hereby is, authorized and directed to mail (a) a copy of the Notice, explanatory information, and claim form to each person who, from the books and records of the Debtor, appears to have been a

customer of the Debtor with an open account during the twelve (12) month period prior to December 11, 2008, (b) a copy of the Notice, explanatory letter, and claim form to creditors other than customers, and (c) a copy of the Notice, explanatory letter and Series 300 Rules to broker-dealers, at the addresses of such customers, broker-dealers, and creditors as they appear on available books and records of the Debtor, and finding that such mailing complies with the Notice Provision; and it is further

ORDERED, that under 15 U.S.C. §78fff-2(a)(3), any claim of a customer for a net equity which is received by the Trustee after the expiration of sixty (60) days from the date of publication of the Notice need not be paid or satisfied in whole or in part out of customer property, and, to the extent such claim is satisfied from monies advanced by SIPC, it shall be satisfied in cash or securities (or both) as the Trustee may determine to be most economical to the estate; and it is further

ORDERED, that, pursuant to 15 U.S.C. §78fff-2(a)(2), all claims against the Debtor shall be filed with the Trustee; and it is further

ORDERED, that all claims against the Debtor shall be deemed properly filed only when received by the Trustee at Irving H. Picard, Esq., Trustee for Bernard L. Madoff Investment Securities LLC, Claims Processing Center, 2100 McKinney Ave., Suite 800, Dallas, TX 75201; and it is further

ORDERED, that February 4, 2009, at 10:00 a.m., at Courtroom 601 of the United States Bankruptcy Court, One Bowling Green, New York, New York, is fixed as the time and place for a hearing on the disinterestedness of the Trustee and his counsel, as required by 15 U.S.C. §78eee(b)(6)(B); and it is further

ORDERED, that objections, if any, to the appointment and retention of the Trustee or his counsel shall be in the form prescribed by the Federal Rules of Civil Procedure and shall be filed with the Court, preferably electronically (with a courtesy hard copy for Chambers) and a hard copy personally served upon Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, Attention: David J. Sheehan, Esq. and Douglas E. Spelfogel, Esq., and the Securities Investor Protection Corporation, 805 Fifteenth Street, N.W., Suite 800, Washington, D.C. 20005-2215, Attention: Kevin Bell, on or before 12:00 noon on January 30, 2009; and it is further

ORDERED, that (a) the meeting of creditors required by Section 341(a) of the Bankruptcy Code, 11 U.S.C. §341(a), shall be held on February 20, 2009, at 10:00 a.m., at the Auditorium at the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004 and (b) the Trustee shall preside at such meeting of creditors for the purpose of examining the Debtor and any of its officers, directors or stockholders and conducting such other business as may properly come before such meeting; and it is further

ORDERED, that the Debtor, by any of its officers, directors, employees, agents or attorneys, shall comply with SIPA and the pertinent sections of the Bankruptcy Code, including, without limiting the generality of the foregoing, (a) by designating a person to appear and submit to examination under oath at the meeting of creditors under Section 341(a) of the Bankruptcy Code, and (b) by complying with the Debtor's duties under Section 521 of the Bankruptcy Code, 11 U.S.C. §521, i.e., (i) by timely filing the schedules of assets and liabilities, of executory contacts, of pending litigations and information about any other pertinent matters; (ii) timely filing a list of creditors, a schedule of assets and liabilities and a statement of financial

4

affairs, (iii) cooperating with the Trustee as necessary to enable the Trustee to perform his duties; and (iv) surrendering forthwith to the Trustee all property of the Debtor's estate and any and all recorded information, including, but not limited to, books, documents, records, papers and computer; and it is further

ORDERED, that the Trustee be, and he hereby is, authorized to satisfy, within the limits provided by SIPA, those portions of any and all customer claims and accounts which agree with the Debtor's books and records, or are otherwise established to the satisfaction of the Trustee pursuant to 15 U.S.C. §78fff-2(b), provided that the Trustee believes that no reason exists for not satisfying such claims and accounts; and it is further

ORDERED, that the Trustee be, and he hereby is, authorized to satisfy such customer claims and accounts (i) by delivering to a customer entitled thereto "customer name securities," as defined in 15 U.S.C. §78lll(3); (ii) by satisfying a customer's "net equity" claim, as defined in 15 U.S.C. §78lll(11), by distributing on a ratable basis securities of the same class or series of an issue on hand *as* "customer property," as defined in 15 U.S.C. §78lll(4), and, if necessary, by distributing cash from such customer property or cash advanced by SIPC, or purchasing securities for customers as set forth in 15 U.S.C. §78fff-2(d) within the limits set forth in 15 U.S.C. §78fff-3(a); and/or (iii) by completing contractual commitments where required pursuant to 15 U.S.C. §78fff-2(e) and SIPC's Series 300 Rules, 17 C.F.R. §300.300 et seq., promulgated pursuant thereto; and it is further

ORDERED, that with respect to claims for "net equity," as defined in 15 U.S.C. § 78lll(11), the Trustee be, and he hereby is, authorized to satisfy claims out of funds made available to the Trustee by SIPC notwithstanding the fact that there has not been any showing or

determination that there are sufficient funds of the Debtor available to satisfy such claims; and it is further

ORDERED, that with respect to claims relating to, or net equities based upon, securities of a class and series of an issuer which are ascertainable from the books and records of the Debtor or are otherwise established to the satisfaction of the Trustee, the Trustee be, and he hereby is, authorized to deliver securities of such class and series if and to the extent available to satisfy such claims in whole or in part, with partial deliveries to be made pro rata to the greatest extent considered practicable by the Trustee; and it is further

ORDERED, that with respect to any customer claim in which there is disagreement between such claimant and the Trustee with regard to satisfaction of a claim, the Trustee be, and he hereby is, authorized to enter into a settlement with such claimant with the approval of SIPC, and without further order of the Court, provided that any obligations incurred by the Debtor estate under the settlement are ascertainable from the books and records of the Debtor or are otherwise established to the satisfaction of the Trustee; and it is further

ORDERED, that with respect to customer claims which disagree with the Debtor's books and records and which are not resolved by settlement, the following procedures shall apply to resolve such controverted claims:

      A.      The Trustee shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefor, in a written form substantially conforming to Exhibit G to the Application.

      B.      If the claimant desires to oppose the determination, the claimant shall be required to file with this Court, preferably electronically, and a hard copy with

the Trustee a written statement setting forth in detail the basis for the opposition, together with copies of any documents in support of such opposition, within thirty (30) days of the date on which the Trustee mails his determination to the claimant. If the claimant fails to file an opposition as hereinabove required, the Trustee's determination shall be deemed approved by the Court and binding on the claimant.

C.    Following receipt by the Trustee of an opposition by a claimant, the Trustee shall obtain a date and time for a hearing before this Court on the controverted claim and shall notify the claimant in writing of the date, time, and place of such hearing.

D.    If a claimant or his counsel fails to appear at the hearing on the controverted claim, then the Trustee's determination may be deemed confirmed by this Court and binding on the claimant.

ORDERED, that the bar date for all claims is six (6) months from the date of publication of Notice and mailing that complies with the Notice Provisions ("Publication Date"), and the bar date for receiving the maximum possible protection for customer claims under SIPA is sixty (60) days from the Publication Date; and it is further

ORDERED, that under 15 U.S.C. §78fff-1(c) the Trustee shall file a progress report with this Court within six (6) months after publication of the Notice of Commencement, and shall file interim reports every six (6) months thereafter; and it is further

ORDERED, that the requirement of Local Bankruptcy Rule 9013-1(b) regarding

the filing of a separate memorandum of law is waived.

Dated: December 23, 2008
New York, New York

/s/Burton R. Lifland___
BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT E

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com

Hearing Date:  February 2, 2010
Hearing Time:  10:00 AM (EST)
Objection Deadline: November 13, 2009

*Attorneys for Irving H. Picard, Esq., Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC
and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff,<br><br>       v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor. | |

**TRUSTEE'S MOTION FOR AN ORDER UPHOLDING TRUSTEE'S**
**DETERMINATION DENYING CUSTOMER CLAIMS' FOR AMOUNTS LISTED ON**
**LAST STATEMENT, AFFIRMING TRUSTEE'S DETERMINATION OF NET EQUITY,**
**AND EXPUNGING THOSE OBJECTIONS WITH RESPECT TO THE**
**DETERMINATIONS RELATING TO NET EQUITY**

Pursuant to this Court's order of September 16, 2009 scheduling adjudication of the "Net Equity" issue (the "Scheduling Order"), Irving H. Picard, trustee ("Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Corporation Act, 15 U.S.C. § 78aaa et seq. ("SIPA"),[1] and for Bernard L. Madoff ("Madoff") ("collectively, "Debtor"), respectfully submits this motion ("Motion") for an order (a) upholding the Trustee's determinations of the  Claims listed on Exhibit A to the extent such determinations relate to the Trustee's interpretation of "Net Equity" as such term is used at 15 U.S.C. § 78*lll*(11), (b) upholding the Trustee's denial of the Claims to the extent they are a claim for the amounts listed on the respective customer's November 30, 2008  BLMIS customer statement, (c) affirming the Trustee's interpretation of "Net Equity," and (d) expunging the objections to the Trustee's determinations listed on Exhibit A insofar as they object to the Trustee's interpretation of the term "Net Equity:"

In support of his Motion, the Trustee states and represents as follows:

### Factual Background:

1.    On December 11, 2008, Madoff was arrested by the FBI in his Manhattan home and was criminally charged with a multi-billion dollar securities fraud scheme in violation of 15 U.S.C. §§ 78j(b) & 78ff and 17 C.F.R. 240.10b-5 in the United States District Court for the Southern District of New York, captioned *United States v. Madoff*, No. 08-CV-2735 (the "Criminal Action").[2]

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

[2] On March 10, 2009, the Criminal Action was transferred to Judge Denny Chin in the United States District Court for the Southern District of New York and was assigned a new docket number, No. 09 CR 213 (DC).

2.      Also on December 11, 2008 (the "Filing Date"),[3]  the Securities and

Exchange Commission ("SEC") filed a complaint in the United States District Court for the

Southern District of New York (the "District Court") against Madoff and BLMIS (Case No. 08-

CV-10791) (the "SEC Action").

3.      On December 15, 2008, under section 78eee(a)(4)(A) of SIPA, the SEC

consented to a combination of the SEC Action with an application of the Securities Investor

Protection Corporation ("SIPC").  Thereafter, under section 78eee(a)(3) of SIPA, SIPC filed an

application in the district court alleging that BLMIS was not able to meet its obligations to

securities customers as they came due and that its customers needed the protection afforded by

SIPA as a result.

4.      That same day, the District Court entered a protective decree, to which

BLMIS consented, which, in pertinent part:

(a)     Appointed Irving H. Picard as trustee for the liquidation of the business of
        BLMIS, pursuant to section 78eee(b)(3) of SIPA;

(b)     Appointed Baker & Hostetler, LLP as counsel to the Trustee ("Counsel")
        pursuant to section 78eee(b)(3) of SIPA;

(c)     Removed the case to this Bankruptcy Court pursuant to section
        78eee(b)(4) of SIPA; and

(d)     Authorized the Trustee to take immediate possession of the property of the
        debtor, wherever located.

5.      On December 23, 2008, this Court entered a claims procedure order that

specifies the procedures for the filing, determination, and adjudication of customer claims in this

---

[3] In this case, the Filing Date is the date on which the SEC commenced its suit against BLMIS, December 11, 2008, which resulted in the appointment of a receiver for the firm.  *See* Section 78*lll*(7)(B) of SIPA, 15 U.S.C. § 78 *lll*(7)(B).

proceeding. The order provides that under section 78fff-2(a)(2) of SIPA, all claims against BLMIS must be filed with the Trustee. The order further provides that the Trustee will determine customer and creditor claims in writing and allows any claimant who opposes the Trustee's determination to file an objection with this Court, after which the Court will hear the matter.

6.    As the Trustee appointed under SIPA, the Trustee has the job of recovering and distributing customer property to BLMIS's customers, assessing claims, and liquidating any other assets of the firm for the benefit of the estate and its creditors. Pursuant to section § 78fff-1(a) of SIPA, the Trustee has the general powers of a bankruptcy trustee in addition to the powers granted by SIPA. Pursuant to section 78fff(b) of SIPA, Chapters 1, 3, 5 and Subchapters I and II of Chapter 7 of the Bankruptcy Code are applicable to this case.

7.    In accordance with his statutory responsibilities, the Trustee is in the process of marshalling BLMIS's assets, and the liquidation of BLMIS's assets for the benefit of the estate's customers and creditors is well underway. To date, the Trustee has recovered more than $1.2 billion in assets to date, although it is not expected that the total value of assets ultimately recovered will be sufficient to fully reimburse the customers of BLMIS for the many billions of dollars they invested with BLMIS over the years. In addition, the Trustee has determined more than 1,530 customer claims and has committed to pay over $484 million to BLMIS customers in funds advanced from SIPC in full or partial satisfaction of those claims, upon the return of the appropriate assignment and release.

4

## Trustee's Interpretation of Net Equity:

8.      The statutory framework for the satisfaction of customer claims in a SIPA liquidation proceeding provides that customers share pro rata in customer property to the extent of their "net equity," as defined in section 78*lll*(11) of SIPA ("Net Equity"), and to the extent that a customer's Net Equity exceeds his or her ratable share of customer property, SIPC shall advance funds to the SIPA trustee up to $500,000 for securities for that customer.

9.      The Trustee has determined each customer's Net Equity by crediting the amount of cash deposited by the customer into her BLMIS account, less any amounts withdrawn from her BLMIS customer account, otherwise known as the "cash in/cash out approach."

10.     Certain claimants disagree with the Trustee as to the construction of the term Net Equity and how that term should be applied to determine the amount of the valid customer claim of each claimant.

11.     Various claimants have asserted that Net Equity should be determined on the basis of each claimant's fictitious balance as shown on their fabricated November 30, 2008 account statement provided by BLMIS.

## Motion for Scheduling Order on Net Equity:

12.     After certain claimants objected to the Trustee's interpretation of Net Equity, the Trustee, moved the Court for a briefing schedule and hearing on the matter.

13.    On September 16, 2009, this Court entered the Scheduling Order setting forth dates for briefing and hearing on the Net Equity issue. In accordance with the Scheduling Order, the Trustee submits the herein Motion.

### Customer claims Determinations:

14.    **Net Winners** – Under the parlance of this proceeding, a "net winner" is defined as a BLMIS customer that withdrew more funds from BLMIS than the customer deposited with BLMIS. Thus, the customer received payments constituting a full return of her principal investment, plus some amount of fictitious "profits" generated by BLMIS. Although she has already withdrawn all of her principal, along with some amount of fictitious profits (in reality, funds deposited by other customers), the "net winner" customer who objects to the Trustee's methodology is claiming that she is due the fictitious amount fabricated on her final fake November 30, 2008 BLMIS customer statement. The Trustee has to date received thirty one (31) timely filed objections (containing objections on the basis of Net Equity) from "net winners" (as defined above). Please see Exhibit A-1 for summaries of the "net winners" claims, determinations and objections.

15.    **Net Losers (Over-the-Limit)** – Under the "cash in/cash out" approach, the customers that fall within the category of "over-the-limits net losers that have received full SIPC protection" are customers that withdrew less money from BLMIS than they deposited over time, and had net investment amounts in excess of $500,000. They are entitled to an allowed claim for the amount that they invested, less the amount that they have withdrawn from BLMIS. The difference between the amount invested and the withdrawn amount over time is the customer's Net Equity. The customer has received or will receive a *pro rata* share of any

6

customer property based upon her Net Equity, and will receive a check from the Trustee of $500,000 from funds advanced by SIPC against her share of customer property. Although the claims of these investors should be based on their Net Equity as measured by the net amount invested, these claimants assert that the amount of their Net Equity should be equal to the fictitious amounts represented on their final fake November 30, 2008 BLMIS customer statement. Some of these claimants also argue that their claim for this last reported fictitious amount should be satisfied in securities and not cash. The Trustee has to date received nine (9) objections (containing objections on the basis of Net Equity) from "net losers (over-the-limit)" (as defined above). Please see Exhibit A-2 for summaries of the "net losers (over-the-limit)" claims, determinations and objections.

16. **Net Losers (Under-the-Limit)** – Like the previous category, customers that fall within this category also have allowable claims because they invested more over time than they withdrew from the fraudulent scheme. The net investment amount is less than $500,000, so their respective SIPC protection is limited to the amount of their respective net investment. They will not be entitled to a further distribution from the fund of customer property because their Net Equity claim will have been fully satisfied by the SIPC advance, and SIPC will receive the customers' share of customer property as subrogee. These customers' respective final fake November 30, 2008 BLMIS customer statements may, however, show a balance higher than $500,000. The Trustee has to date received thirty eight (38) objections (containing objections on the basis of Net Equity) from "net losers (under-the-limit)" (as defined above). Please see Exhibit A-3 for summaries of the "net losers (under-the-limit)" claims, determinations and objections.

7

**Relief Requested:**

17.     Pursuant to the Scheduling Order and for the reasons more fully developed in the memorandum of law submitted in support of this Motion, the Trustee respectfully requests an order (a) upholding the Trustee's determinations of the Claims listed on Exhibit A to the extent such determinations relate to the Trustee's interpretation of "Net Equity" as such term is used at 15 U.S.C. § 78*lll*(11), (b) upholding the Trustee's denial of the Claims to the extent they are a claim for the amounts listed on the respective customer's November 30, 2008 BLMIS customer statement, (c) affirming the Trustee's interpretation of "Net Equity", and (d) expunging the objections to the Trustee's determinations listed on Exhibit A insofar as they object to the Trustee's interpretation of the term "Net Equity."

## NOTICE

1.     Notice of this Motion has been provided by U.S. mail, postage prepaid, email, or by ECF to (i) customers listed in Exhibit A (ii) all parties that have filed a notice of appearance in this case; (iii) the SEC; (iv) the Internal Revenue Service; and (v) the United States Attorney for the Southern District of New York; (collectively, the "Notice Parties"). The Trustee submits that no other or further notice need be given.

**WHEREFORE**, the Trustee respectfully requests that the Court issue an order granting the

relief requested herein, and grant such other and further relief to the Trustee as the Court deems

proper.

Dated: New York, New York  
      October 16, 2009

**BAKER & HOSTETLER LLP**

By:/s/ *David J. Sheehan*_____  
Baker & Hostetler LLP  
45 Rockefeller Plaza  
New York, NY 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Marc E. Hirschfield  
Email: mhirschfield@bakerlaw.com  
Seanna R. Brown  
Email: sbrown@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.,*  
*Trustee for the Substantively Consolidated*  
*SIPA Liquidation of Bernard L. Madoff*  
*Investment Securities LLC and Bernard L.*  
*Madoff*

## EXHIBIT A

## <u>Description of Net Equity Claimants</u>

EXHIBIT A-1
NET WINNERS[1]

| CLAIMANT | ACCOUNT NO. | COUNSEL | PURPORTED FICTITIOUS EQUITY ON NOVEMBER 30, 2008 STATEMENT | DETERMINATION DETAILS | DATE OF OBJECTION[2] | NON-NET EQUITY OBJECTIONS[3] |
|---|---|---|---|---|---|---|
| Donald A. Benjamin | 1CM006 | Phillips Nizer LLP | $5,807,135.63 | Claim for securities denied (08/28/09); claim denied in entirety; withdrew $4,560,000, deposited $3,490,000. | 09/01/09 | Yes |
| David Wingate | 1CM581 | Phillips Nizer LLP | $1,444,723.70 | Claim for securities denied (08/28/09); claim denied in entirety; withdrew $3,550,000, deposited $2,000,000. | 09/16/09 | Yes |
| Sandra Busel Revocable Trust | 1B0094 | Phillips Nizer LLP | $5,666,157.04 | Claim for securities denied (08/28/09); claim denied in entirety; withdrew $4,470,000, deposited $3,025,000. | 09/22/09 | Yes |
| Joel Busel Revocable Trust | 1B0095 | Phillips Nizer LLP | $5,666,156.04 | Claim for securities denied (08/28/09); claim denied in entirety; withdrew $4,470,000, deposited $3,025,000 | 09/22/09 | Yes |
| Martin Lifton | 1KW162 | Phillips Nizer LLP | $10,505,459.65 | Claim for securities denied (08/28/09); claim denied in entirety; withdrew $12,470,000, deposited $8,435,000. | 09/25/09 | Yes |
| Robert F. Ferber | 1CM524 | Phillips Nizer LLP | $1,772,916.72 | Claim for securities denied (08/28/09); claim denied in entirety; withdrew $3,500,000, deposited $1,850,000. | 09/27/09 | Yes |
| Armand Lindenbaum | 1CM304 | Phillips Nizer LLP | $2,790,323.36 | Claim for securities denied (08/31/09); | 09/25/09 | Yes |

[1] Under the parlance of this proceeding, a "net winner" is defined as a BLMIS customer that withdrew more funds from BLMIS than the customer deposited with BLMIS. Thus, the customer received payments constituting a full return of her principal investment, plus some amount of fictitious "profits" generated by BLMIS. Although she has already withdrawn all of her principal, along with some amount of fictitious profits (in reality, funds deposited by other customers), the "net winner" customer who objects to the Trustee's methodology is claiming that she is due the fictitious amount fabricated on her final fake November 30, 2008 BLMIS customer statement.

[2] By virtue of the "Claims Procedures Order," issued by the Honorable Burton R. Lifland on December 23, 2008 and as repeated in the Trustee's Determination Letters, if claimants disagree and desire a hearing before Judge Lifland, then they must file their written opposition, setting forth the grounds for their disagreement, referencing Bankruptcy Case No. 08-1789 (BRL), attaching copies of any documents in support of their position, with the United States Bankruptcy Court and the Trustee within thirty (30) days after the date on which the Trustee mailed the respective Determination.

[3] Net Equity constitutes one of the customer's objections, inter alia. An objection based on net equity means that the claimant is objecting to the Trustee's calculation of their "net equity" under the Securities Investor Protection Act, 15 U.S.C. §78aaa et seq. The Trustee has determined each customer's Net Equity by crediting the amount of cash deposited by the customer into her BLMIS account, less any amounts withdrawn from her BLMIS customer account, otherwise known as the "cash in/cash out approach." Certain claimants disagree with the Trustee as to the construction of the term Net Equity and how that term should be applied to determine the amount of the valid customer claim of each claimant. Various claimants have asserted that Net Equity should be determined on the basis of each claimant's balance as shown on their November 30, 2008 account statement provided by BLMIS.

| Name | Claim No. | Law Firm | Amount | Claim Status | Date | Withdrawn |
|---|---|---|---|---|---|---|
| Linda Waldman | 1CM300 | Phillips Nizer LLP | $3,249,890.92 | claim denied in entirety; withdrew $21,720,000 deposited $18,775,468. | 09/29/09 | Yes |
| Mike Stein | 1S0146 | Phillips Nizer LLP | $6,629,033.15 | Claim for securities denied (08/31/09); claim denied in entirety; withdrew $4,000,000 deposited $1,695,000. | 09/29/09 | Yes |
| Norton Eisenberg | 1CM296 | Milberg LLP | $8,274,567.27 | Claim for securities denied (08/31/09); claim denied in entirety; withdrew $20,220,200 deposited $10,211,297.50. | 09/16/09 | Yes |
| Harold A. Thau | 1ZA467 | Milberg LLP | $8,261,799.38 | Claim for securities denied (08/31/09); claim denied in entirety; withdrew $5,626,822.35 deposited $3,972,998.89. | 09/24/09 | Yes |
| The Aspen Company | 1ZA471 | Milberg LLP | $3,540,074.13 | Claim for securities denied (08/28/09); claim denied in entirety; withdrew $11,835,000 deposited $8,554,000. | 09/24/09 | Yes |
| Stephen R. Goldenberg | 1CM391 | Milberg LLP | $6,236,402.15 | Claim for securities denied (08/28/09); claim denied in entirety; withdrew $4,410,000 deposited $2,453,000. | 09/24/09 | Yes |
| Bernard Seldon | 1ZR050 | Milberg LLP | $1,169,785.47 | Claim for securities denied (08/28/09); claim denied in entirety; withdrew $9,000,000 deposited $5,000,000. Claim for securities denied (08/31/09); claim denied in entirety; withdrew $2,256,804.50 deposited $1,097,354.77. | 09/24/09 | Yes |
| Myra Perlen | 1P0012 | Fulbright & Jaworski L.L.P | $2,055,035.61 | Claim for securities denied (08/31/09); claim denied in entirety; withdrew $3,759,968.52 deposited $1,060,000. | 09/25/09 | Yes |
| Stuart Perlen | 1P0013 | Fulbright & Jaworski L.L.P | $2,060,826.53 | Claim for securities denied (08/28/09); claim denied in entirety; withdrew $6,429,076.47 deposited $1,210,000. | 09/25/09 | Yes |
| Robert L. Schwarz Revocable Trust | 1S0227 | Lax & Neville, LLP | $2,647,613.93 | Claim for securities denied (08/31/09); claim denied in entirety; withdrew $5,956,000 deposited $3,600,000. | 09/25/09 | Yes |
| Robert Korn Revocable Trust | 1CM382 | Lax & Neville, LLP | $6,290,023.31 | Claim for securities denied (08/28/09); claim denied in entirety; withdrew $17,939,175 deposited $16,757,830. | 09/25/09 | Yes |
| Michael Mann & Meryl Mann | 1CM363 | Sonnenschein Nath & Rosenthal LLP | $7,192,468.38 | Claim for securities denied (08/28/09); claim denied in entirety; withdrew $22,150,000 deposited $14,850,000. | 09/25/09 | Yes |
| Barry Weisfeld | 1CM584 | Sonnenschein Nath & Rosenthal LLP | $4,407,653.23 | Claim for securities denied (08/28/09); claim denied in entirety; withdrew $8,000,000 deposited $5,178,317.25. | 09/25/09 | Yes |

| | | | | | |
|---|---|---|---|---|---|
| Donald G. Rynne | 12B349 | Gibbons P.C | $6,013,203.29 | Claim for securities denied (08/28/09); claim denied in entirety; withdrew $12,445,000 deposited $10,500,000. | 09/23/09 | No |
| Gutmacher Enterprises, L.P. | 1G0299 | Folkenflik & McGerity | $2,187,511.19 | Claim for securities denied (08/28/09); claim denied in entirety; withdrew $8,875,000 deposited $6,000,000. | 09/28/09 | No |
| A&G Goldman Partnership | 1G0304 | Herrick, Feinstein LLP | $1,595,313.55 | Claim for a credit balance and securities denied (08/28/09); claim denied in entirety; withdrew $22,100,000 deposited $18,750,000. | 09/28/09 | No |
| Pompart LLC | 1P0100 | Herrick, Feinstein LLP | $4,938,299.02 | Claim for securities denied (08/28/09); claim denied in entirety; withdrew $11,125,000 deposited $9,906,191. | 09/28/09 | No |
| David Lustig | 12B268 | Pro Se | $5,705,242.46 | Claim for a credit balance and securities denied (08/28/09); claim denied in entirety; withdrew $26,850,000 deposited $22,608,664.05. | 09/23/09 | Yes |
| Lawrence R. Velvel | 12B251 | Appears to be Pro Se | $3,903,236.93 | Claim for securities denied (08/28/09); claim denied in entirety; withdrew $2,203,300 deposited $1,862,287.91. | 09/21/09 | No |
| Josef Mittlemann | 1KW225 | Appears to be Pro Se | $7,264,407.29 | Claim for a credit balance and securities denied (08/28/09); claim denied in entirety; withdrew $17,125,000 deposited $13,339,578. | 09/21/09 | Yes |
| Just Empire, LLC | 1KW261 | Appears to be Pro Se | $6,096,887.12 | Claim for securities denied (08/31/09); claim denied in entirety; withdrew $8,950,000 deposited $7,000,000. | 09/21/09 | Yes |
| Mets Limited Partnership | 1KW247 | Appears to be Pro Se | $712,677.34 | Claim for securities denied (08/28/09); claim denied in entirety; withdrew $526,054,000 deposited $502,783,892.17. | 09/24/09 | No |
| Mets Limited Partnership | 1KW192 | Appears to be Pro Se | $116,553.87 | Claim for a credit balance and securities denied (08/28/09); claim denied in entirety; withdrew $44,550,000 deposited $20,000,000. | 09/24/09 | No |
| Joel I. Gordon Revocable Trust | 1CM201 | Appears to be Pro Se | $2,294,619.15 | Claim for a credit balance and securities denied (08/28/09); claim denied in entirety; withdrew $2,375,000 deposited $900,000. | 09/14/09 | No |

EXHIBIT A-2
NET LOSERS (OVER THE LIMIT)[4]

| CLAIMANT | ACCOUNT NO. | COUNSEL | CLAIM DETAILS | DETERMINATION DETAILS | DATE OF OBJECTION | NON-NET EQUITY OBJECTIONS[5] |
|---|---|---|---|---|---|---|
| Martin Rappaport | 1CM701 | Milberg LLP | $16,838,044.35 | Allowed claim for $12,600,000 (05/15/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 06/12/09 | Yes |
| Ann Denver | 1ZA470 | Milberg LLP | $6,825,991.14 | Allowed claim for $1,303,000 (08/18/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 09/03/09 | Yes |
| Orthopaedic Specialty Group PC | 1O0004 | Milberg LLP | $32,873,428.49 | Allowed claim for $9,704,855.19 (09/11/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 10/09/09 | Yes |
| Michael Schur | 1S0473 | Bernfeld, DeMatteo & Bernfeld LLP | $2,653,364.25 | Allowed claim for $1,210,000 (05/22/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 06/20/09 | No |
| James H. Cohen Special Trust | 1CM793 | Brunelle & Hadjikow | $6,111,093.97 | Allowed claim for $3,858,200 (07/30/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 08/27/09 | Yes |
| John J. Ksiez | 1K0180 | Engel and Gutsin LLP | $1,357,404.25 | Allowed claim for $741,346.11 (07/21/09), representing the | 08/19/09 | Yes |

[4] Under the "cash in/cash out" approach, the customers that fall within the category of "over-the-limits net losers that have received full SIPC protection" are customers that withdrew less money from BLMIS than they deposited over time, and had net investment amounts in excess of $500,000. They are entitled to an allowed claim for the amount that they invested, less the amount that they have withdrawn from BLMIS. The difference between the amount invested and the withdrawn amount over time is the customer's Net Equity. The customer has received or will receive a *pro rata* share of any customer property based upon her Net Equity, and will receive a check from the Trustee of $500,000 from funds advanced by SIPC against her share of customer property. Although the claims of these investors should be based on their Net Equity as measured by the net amount invested, these claimants assert that the amount of their Net Equity should be equal to the fictitious amounts represented on their final fake November 30, 2008 BLMIS customer statement. Some of these claimants also argue that their claim for this last reported fictitious amount should be satisfied in securities and not cash.

[5] *Id.* 3.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Sondra and Norman Feinberg** | 1F0189 | | Phillips Nizer LLP | $2,629,937.04 | Combined, allowed claim for $1,420,000 (09/02/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 09/29/09 | Yes |
| **Chaitman/Schwebel LLC** | 1CM921 | | Phillips Nizer LLP | $3,023,318.66 | Allowed claim for $2,000,000 (04/21/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 06/20/09[6] | Yes |
| **David Alan Schustack** | 1ZA061 | | Rosen & Associates, P.C | $4,094,301.06 | Allowed claim for $2,912,130.56 (09/11/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 10/12/09[7] | Yes |

[6] Received within the extended deadline of June 21, 2009

[7] Untimely filed with the court, as of October 12, 2009, outside the 30 day period.

EXHIBIT A-3
NET LOSERS (UNDER THE LIMIT)[8]

| CLAIMANT | ACCOUNT NO. | COUNSEL | CLAIM DETAILS | DETERMINATION DETAILS | DATE OF OBJECTION | NON-NET EQUITY OBJECTIONS[9] |
|---|---|---|---|---|---|---|
| Donald A. Benjamin | 1CM402 | Phillips Nizer LLP | $4,115,861.17 | Allowed claim for $228,964.39 (08/12/09)[10], representing the monies deposited for purchase of securities minus subsequent withdrawals. | 06/30/09 | Yes |
| Elaine Glodstein | 1ZR088 | Phillips Nizer LLP | $607,485.76 | Allowed claim for $66,251.63 (07/23/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 08/13/09 | Yes |
| Theresa Rose Ryan | 1ZR039 | Phillips Nizer LLP | $811,800.96 | Allowed claim for $128,714.58 (08/18/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 09/14/09 | Yes |
| Barbara and Robert J. Vogel | 1ZA931 | Phillips Nizer LLP | $631,333.72 | Allowed claim for $5,000 (08/19/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 09/15/09 | Yes |
| Howard Israel | 1I0009 | Phillips Nizer LLP | $2,642,991.80 | Allowed claim for $389,342.95 (08/17/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 09/15/09 | Yes |
| Nancy Feldman | 1F0152 | Phillips Nizer LLP | $1,614,379.27 | Allowed claim for $399,333.33 (08/7/09)[11], representing the monies deposited for purchase of securities minus subsequent | 10/5/09 | Yes |

[8] Like the previous category, customers that fall within this category also have allowable claims because they invested more over time than they withdrew from the fraudulent scheme. The net investment amount is less than $500,000, so their respective SIPC protection is limited to the amount of their respective net investment. They will not be entitled to a further distribution from the fund of customer property because their Net Equity claim will have been fully satisfied by the SIPC advance, and SIPC will receive the customers' share of customer property as subrogee. These customers' respective final fake November 30, 2008 BLMIS customer statements may, however, show a balance higher than $500,000.

[9] Id. 3.

[10] Revised Determination Letter (Previous – June 9, 2009)

[11] Received within the extended deadline of October 7, 2009

| Name | Account | Firm | Amount | Description | Date | |
| --- | --- | --- | --- | --- | --- | --- |
| David and Susan Glodstein | 1ZA496 | Phillips Nizer LLP | $220,157.61 | withdrawals. Allowed claim for $7,882.17 (09/16/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 10/13/09 | Yes |
| Brad E. Avergon and Cynthia B. Avergon | 1ZB094 | Phillips Nizer LLP | $811,704.37 | Allowed claim for $55,000 (09/18/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 10/13/09 | Yes |
| Ronnie Sue Ambrosino | 1L0143 | Phillips Nizer LLP | $1,642,485.59 | Allowed claim for $135,000 (09/17/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 10/14/09 | Yes |
| Myron Feuer | 1F0173 | Lax & Neville, LLP | $2,248,278.13 | Allowed claim for $9,609 (09/09/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 09/21/09 | Yes |
| Allen Robert Greene | 1ZB462 | Lax & Neville, LLP | $1,075,443.14 | Allowed claim for $186,214.40 (07/24/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 08/20/09 | Yes |
| Lawrence Kaye | 1K0142 | Lax & Neville, LLP | $524,213.48 | Allowed claim for $139,853.68 (07/24/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 08/20/09 | Yes |
| Allan Goldstein | 1CM450 | Lax & Neville, LLP | $4,188,845.70 | Allowed claim for $320,404.52 (08/03/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 08/20/09 | Yes |
| Roger Williams and Miriam L. Williams | 1ZA886 | Lax & Neville, LLP | $609,202.86 | Allowed claim for $75,000 (08/17/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 09/10/09 | Yes |

| Name | Claim # | Law Firm | Amount | Description | Date | |
|---|---|---|---|---|---|---|
| Paul J. Robinson | 1EM299 | Milberg LLP | $4,543,466.19 | Allowed claim for $80,000 (07/21/09)[12], representing the monies deposited for purchase of securities minus subsequent withdrawals. | 08/18/09 | Yes |
| Jerry Guberman | 1ZR060 | Milberg LLP | $464,187.92 | Allowed claim for $61,793.39 (07/31/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 08/26/09 | Yes |
| Anita Kariman | 1ZW019 | Milberg LLP | $127,479.40 | Allowed claim for $21,532.43 (07/31/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 08/28/09 | Yes |
| Albert J. Goldstein | 1ZA736 | Milberg LLP | $1,951,968.65 | Allowed claim for $326,000 (07/31/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 08/28/09 | Yes |
| Export Technicians Inc. | 1ZA794 | Milberg LLP | $658,983.06 | Allowed claim for $40,000 (08/18/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 09/16/09 | Yes |
| Judith Rock Goldman | 1ZW013 | Milberg LLP | $213,900.01 | Allowed claim for $49,378 (07/30/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 08/28/09 | Yes |
| Denise Saul | 1S0221 | Schulte Roth & Zabel LLP | $1,760,345.99 | Allowed claim for $448,932.71 (06/29/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 07/29/09 | Yes |
| Marsha Peskin | 1ZR312 | Sonnenshein Nath & Rosenthal LLP | $1,378,886.03 | Allowed claim for $176,354.66 (08/18/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 09/16/09 | Yes |
| Richard L. Cohen | 1C1346 | Cohen Law Group, | $3,797,957.18 | Allowed claim for $320,902.55 | 09/15/09 | Yes |

[12] Revised Determination Letter distributed on 09/11/09.

| Name | Account | Firm | Amount | Description | Date | Yes/No |
|---|---|---|---|---|---|---|
| | | | | (08/19/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | | |
| Norman Plotnick | 1KW377 | Cole Schotz, Meisel & Leonard P.C | $142,408.21 | Allowed claim for $11,500 (06/23/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 07/17/09 | Yes |
| ELEM/Youth in Distress in Israel Inc. | 1CM645 | Abbey Spanier Rodd & Abrams, LLP | $850,498.82 | Allowed claim for $26,365.35 (08/19/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 09/17/09 | Yes |
| Richard Most | 1ZR280 | James J. Moylan & Associates PC | $214,665.70 | Allowed claim for $82,533.56 (06/30/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 07/24/09 | No |
| Robert Jason Schustack | 1ZA066 & 1ZA064 | Rosen & Associates, P.C. | $763,393.49 & $511,907.99 | Combined claim is allowed for $0 (09/15/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 10/14/09 | Yes |
| Burton & Elaine Traub | 1T0050 | Pro Se | $1,317,201.31 | Allowed claim for $22,203.10, (06/23/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 07/22/09 | No |
| Lawrence Kaufman and Janet Ellen Kaufman | 1ZB099 | Pro Se | $883,993.96 | Allowed claim for $45,000, (07/14/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 07/29/09 | No |
| Marlene M. Knopf | 1KW316 | Pro Se | $385,879.69 | Allowed claim for $53,363.52 (07/13/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 08/07/09 | Yes |
| Maurice Levinsky | 1ZR169 | Pro Se | $585,333.57 | Allowed claim for $68,844 (07/21/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 08/17/09 | No |

| | | | | | | |
|---|---|---|---|---|---|---|
| Jonathan D. Fink | 1ZR044 | Pro Se | $291,802.41 | Allowed claim for $43,086 (07/24/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 08/18/09 | Yes |
| Solomon Turiel | 1ZR264 | Pro Se | $1,098,413.34 | Allowed claim for $295,922.25 (08/27/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 09/01/09 | No |
| Brian S. Appel & Doreen G. Appel | 1KW382 | Pro Se | $100,912.09 | Claim denied because it is duplicative of an allowed claim of $45,065.23 for which the claimant has already received a SIPC payment (09/09/09). | 09/21/09 | No |
| Gertrude I. Gordon | 1ZA216 | Pro Se | $833,509.12 | Allowed claim for $5,000 (09/01/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 09/23/09 | Yes |
| Joel & Ellen Ross TIC | 1ZA715 | Pro Se | $1,850,435.53 | Allowed claim for $227,800 (09/02/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 09/09/09 | No |
| Charles Gervitz | 1ZB405 | Pro Se | $232,350.87 | Allowed claim for $15,172.63 (08/18/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 10/03/09[13] | No |
| Judith and Daniel Kalman | 1ZG032 | Appears to be Pro Se | $731,113.78 | Allowed claim for $133,675 (09/10/09), representing the monies deposited for purchase of securities minus subsequent withdrawals. | 10/07/09 | Yes |

[13] Received within the extended deadline of October 17, 2009

# EXHIBIT F

# SCHEDULE A

## SONNENSCHEIN INVESTORS[3]

Alexander A. Stein Trust
Alvin Gindel Revocable Trust Agreement
Alvin R. Rush
BAM LP
Barbara Berdon
Barry Weisfeld
David R. Markin 2003 Trust
Davina Greenspan and Lori Friedman J/T WROS
Elaine Roberts
Elaine Stein Roberts IRA
Elizabeth D. French
Elliott J. Goldstein MD PC
Eric P. Stein
Eric P. Stein IRA
Estate of Helen Shurman
George and Sarah Berman
Greg Goldberg IRA
Harold Hein (IRA)
Jennifer Kelman Revocable Trust, Dated 12/22/04
Joel Goldberg-Pension Profit Sharing Plan
Joel Goldberg-Pension Profit Sharing Plan (not First Trust)
Kerri Goldberg IRA
Kings Park Inc.
L Rags Inc.
Lapin Children LLC
Lauren Goldberg IRA
Lena M. Stein Trust
Lesley Koeppel
LI RAM L.P.
Loren W. Stein
LS Zahn
MAR Partners
Margot Stein
Marilyn and Edward Kaplan
Marsha Peshkin
Marsha Peshkin IRA
Marvin E. Bruce (IRA)
Maurice S. Sage Foundation Inc.
Melvin H. Gale and Leona Gale Trust Dated 01/04/94
Michael Mann and Meryl Mann
Millicent Rudnick
MMRN Associates
Mona and Alan Fisher

---

[3] Sonnenschein reserves the right to amend this list.

Neil Reger Profit Sharing Keogh
Norma Shapiro IRA
Norma Shapiro Trustee
Richard E. Winer Revocable Trust
Robert C. Lapin IRA
Robert T. Schoen MD and Cynthia B. French J/T WROS
Robert W. Renfield Living Trust
Sage Associates
Sage Associates II
Sage Realty
Sharon Stein
Sidney Horowitz (IRA)
SRF Partners
Stanley Elias
Stanley T. Miller IRA
Toby T. Hobish
Trust of Bernice L. Rudnick, Cecil N. Rudnick, et al TSTEES
Trust U/W/O Philip Shapiro