**U.S. Department of Justice**

Civil Division, Torts Branch
Federal Tort Claims Act Staff

---

*Jeffrey P. Ehrlich*
*Trial Attorney*

Post Office Box 888
Benjamin Franklin Station
Washington, D.C.  20044

*Telephone: (202) 353-2574*
*Facsimile:  (202) 616-5200*

PJP:JPEhrlich
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

April 28, 2010

BY ECF

Hon. Faith S. Hochberg
U.S. District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

    Re:  *Canavan v. Harbeck* (No. 10-cv-954-FSH-PS)

Dear Judge Hochberg:

  Pursuant to the Court's April 5, 2010 order, the United States writes to express its position regarding Defendants' motion to transfer (Doc. 28).

  The United States does not oppose transfer, except as it pertains to claims against Defendants David G. Nason and David J. Stockton.  As explained in the United States' pending motion to substitute (Doc. 24), those claims should be converted to an action against the United States under the Federal Tort Claims Act.  *See* 28 U.S.C. § 2679(d)(1) ("Upon certification . . . , any civil action . . . shall be deemed an action against the United States under the provisions of [the FTCA]"); *Wuterich v. Murtha*, 562 F.3d 375, 380 (D.C. Cir. 2009) (noting that "the Attorney General's certification converts the tort suit into a FTCA action" against the United States).  FTCA actions "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).  Because Plaintiffs reside in New Jersey and complain of acts that allegedly occurred in Washington, D.C., the proposed transfer to New York would not be appropriate, at least for Plaintiffs' claims against the United States.

  Finally, the United States notes that conversion of the claims against Nason and Stockton to an FTCA action against the United States should have no practical effect on the transfer question.  Plaintiffs have conceded that on substitution, the Court would lack subject-matter

jurisdiction over their claims against the United States. *See* Doc. 26 (admitting that "the claims raised by the Plaintiffs are intentional torts for which the United States has not waived sovereign immunity"); *see also id*. (noting that "the FTCA specifically provides that there is no waiver of sovereign immunity here"). Additionally, the Court would lack subject-matter jurisdiction over Plaintiffs' claims because Plaintiffs have failed to exhaust their administrative remedies, as required by 28 U.S.C. 2675(a). In short, if the Court were to grant the United States' motion to substitute, it should also dismiss the claims against the United States for lack of subject-matter jurisdiction. The Court could then rule on the motion to transfer, unconstrained by the venue requirements for FTCA actions expressed in 28 U.S.C. § 1402(b).

          Sincerely,

          s/ Jeffrey Paul Ehrlich
          JEFFREY PAUL EHRLICH
          *Trial Attorney*
          United States Department of Justice

cc:    Paul A. Rowe, Esq. (by ECF)
       Alan S. Naar, Esq. (by ECF)
       Helen D. Chaitman, Esq. (by ECF)
       Peter W. Smith, Esq. (by ECF)