**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

------------------------------------------------------------------------

LISSA CANAVAN, LESLIE GOLDSMITH, and
JUDITH KALMAN on behalf of themselves and          Civil No. 2:10-cv-00954-FSH-PS
all others similarly situated,

           **Plaintiffs,**

    vs.

STEPHEN HARBECK, ARMANDO J. BUCELO,
JR., TODD S. FARHA, WILLIAM H. HEYMAN,
WILLIAM S. JASIEN, DAVID G. NASON, MARK
S. SHELTON, and DAVID J. STOCKTON,

           **Defendants.**

-----------------------------------------------------------------------

### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

Helen Davis Chaitman (hdc-4266)
BECKER & POLIAKOFF, LLP
21 East Front Street - Suite 400
Redbank, New Jersey 07701
(908) 303-4568
hchaitman@becker-poliakoff.com
-and-
45 Broadway - 11th Floor
New York, New York 10006
(212) 599-3322
*Attorneys for Plaintiffs*

## PRELIMINARY STATEMENT

Plaintiffs submit this memorandum of law in opposition to the Defendants' motion to transfer venue to the United States Bankruptcy Court for the Southern District of New York (the "bankruptcy court"), wherein the liquidation of Bernard L. Madoff Investment Securities, LLC ("Madoff") is pending pursuant to the Securities Investor Protection Act ("SIPA"). (Doc. 28). Defendants' motion must be denied because the bankruptcy court lacks jurisdiction over this case.

This is an action by three New Jersey residents against the directors of the Securities Investor Protection Corporation ("SIPC") and its President who, by law, can be sued for bad faith conduct. The complaint lays out, with fully documented allegations, a massive investment insurance fraud pursuant to which the Defendants methodically and deliberately induced Plaintiffs to believe that each of their Madoff brokerage accounts was insured up to $500,000, based upon their brokerage statements, when defendants knew at the time that the representations were made that SIPC would not insure their accounts up to $500,000.

The fact that the bankruptcy court has ruled that SIPC has no obligation to insure Plaintiffs' accounts up to $500,000 based upon Plaintiffs' last statements received from Madoff does not give the bankruptcy court jurisdiction over the Plaintiffs' claims against the Defendants. In fact, the damages Plaintiffs seek in this action are not recoverable at all in the bankruptcy court case and will not reduce the Plaintiffs' claims in the bankruptcy case. Moreover, the Defendants are not parties to the bankruptcy case. Hence, there is no basis in law or in fact for this Court to transfer venue to the bankruptcy court.

## THE BANKRUPTCY COURT HAS NO JURISDICTION OVER THIS CASE

Under  28 U.S.C. § 1404(a), "[F]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."   The threshold issue, however, is whether this case could have been brought in the bankruptcy court. *See Clark v. Burger King Corp.*, 255 F.Supp.2d 334, 337 (D.N.J. 2003) ("The first step in a court's analysis of a transfer motion is to determine whether venue would be proper in the transferee district.")

Under Third Circuit precedent, this case could not have been brought in the bankruptcy court.  That court has no jurisdiction over the Plaintiffs' claims; Madoff is not a party; and the Plaintiffs' claims can have no affect on the administration of the Madoff estate.  28 U.S.C. § 1334(b) vests the district court with jurisdiction over civil proceedings arising under Title 11 or arising in or "related to cases under Title 11."

Indisputably, this case did not arise under or in the Madoff bankruptcy case.  Thus, the only issue is whether the bankruptcy court has "related to" jurisdiction over this case.  In *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984), *reversed on other grounds by Things Remembered, Inc. v. Petrarca,* 516 U.S. 124 (1995) (order of remand not appealable), the Third Circuit held that the test to determine whether a civil proceeding is related to a bankruptcy case is whether "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."  *Pacor,* 743 F.2d at 994; *accord In re W.R. Grace & Co.,* 591 F.3d 164, 171 (3d Cir. 2009).  "Broadly worded as that is, however, related-to jurisdiction 'is not without limitation.'" *Grace,* 591 F.3d at 171  (quoting *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 228 (3d Cir. 2004) and citing *Bd. of Governors of Fed. Reserve Sys. v. MCorp Fin., Inc.,* 502 U.S. 32, 40, 112 S.Ct. 459, 116 L.Ed.2d 358 (1991) (noting the "limited authority" Congress

3

has vested in the bankruptcy courts through related-to jurisdiction); *accord In re Resorts Intern., Inc.*, 372 F.3d 154, 164 (3d Cir. 2004) ("[A] bankruptcy court's 'related to' jurisdiction 'cannot be limitless'") (quoting *Pacor,* 743 F.2d at 994).

The mere fact that there may be common issues of fact in the civil proceeding and the bankruptcy proceeding is not enough to create related-to jurisdiction. *See Pacor*, 743 F.2d at 994; *In re Arrowmill Development Corp.*, 211 B.R. 497, 502 (Bankr. D.N.J. 1997). "Judicial economy itself does not justify general jurisdiction. . . . In addition, the mere fact that the debtor and another party are both liable for the same debt is not sufficiently 'related to' the bankruptcy case where the liability of one entity does not effect the liability of the debtor." *Arrowmill*, 211 B.R. at 502 (citing *Pacor* and *Quattrone Accountants, Inc. v. IRS*, 895 F.2d 921, 926 (3d Cir. 1990)). "'[J]urisdiction over nonbankruptcy controversies with third parties who are otherwise strangers to the civil proceeding and to the parent bankruptcy <u>does not exist</u>.'" *Pacor*, 743 F.2d at 994 (emphasis added) (quoting *In re Haug,* 19 B.R. 223, 224-25 (Bankr. D.Ore. 1982); citing *In re McConaghy,* 15 B.R. 480, 481 (Bankr. E.D.Va. 1981) (Bankruptcy court lacks jurisdiction to decide disputes between third parties in which the estate of the debtor has no interest)).

The *Pacor* court explained: "the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pacor*, 743 F.2d at 994.

*Pacor* was a personal injury suit arising out of exposure to asbestos. Pacor was sued by the plaintiff because it supplied the asbestos that injured the plaintiff. Pacor sought to bring a third party action against Johns-Manville, the manufacturer of the asbestos. Johns-Manville filed

bankruptcy and so Pacor sought to transfer the plaintiff's case to the bankruptcy court administering the Johns-Manville bankruptcy. The Third Circuit held that the bankruptcy court lacked jurisdiction. The case against Pacor was not "related to" the Johns-Manville bankruptcy because the outcome of the plaintiff's suit against Pacor would not bind the Johns-Manville bankruptcy estate.

Similarly, here, the judgment of this Court can in no way **bind** the debtor, Madoff, or its Trustee, Irving H. Picard. Plaintiffs are New Jersey residents and the complaint includes claims under New Jersey's Consumer Fraud Act. Neither Picard nor Madoff is a party to this case; the Defendants herein are not parties in the Madoff bankruptcy case; the outcome of this case will in no way impact any interested parties' rights or obligations in the SIPA liquidation; and the outcome of this case does not involve debtor property. Thus, this Court has no power to transfer the case to the bankruptcy court and the Plaintiffs' choice of forum cannot be disregarded. *See Clark v. Burger King*, 255 F.Supp.2d at 338 ("Plaintiffs' choice of forum is a paramount consideration that should not lightly be disturbed") (quoting *Ayling v. Travelers Property Casualty Corp.*, 1999 WL 994403, at *2 (E.D.Pa. Oct.28, 1999)).

Just last year, the Third Circuit refined the test for "related to" jurisdiction in *In re W.R. Grace & Co.,* 591 F. 3d 164 (3d Cir. 2009). Grace had been sued by citizens of Montana for injuries caused by exposure to toxic materials mined by Grace. Grace filed bankruptcy and the citizens sued the State of Montana for negligence in failing to warn them of the dangers of Grace's mining operations. Grace sought an injunction in the bankruptcy court to prevent the citizens from proceeding against the State of Montana. The Third Circuit held that the bankruptcy court did not have "related to" jurisdiction and thus could not enter the injunction.

The *W.R. Grace* Court explained, in reference to its earlier *Pacor* decision, that "related

to" jurisdiction was governed by its "any conceivable effect" test but that, despite the "sweeping

language" in *Pacor*, there was a "crucial limit" on the legitimate exercise of subject matter

jurisdiction by the bankruptcy court. *Id.* at 171. That limit is where the outcome of the case at

issue "would in no way bind [the debtor]." The Third Circuit held that the bankruptcy court

lacked "related to" jurisdiction because Grace (the debtor) would not be bound by any judgment

rendered against the State of Montana. *Id.* at 172. Grace's and Montana's "unity of interest" in

the outcome of the case was not enough to give the bankruptcy court jurisdiction over the

citizens' action against Montana. *Id.* at 173.

Similarly, here, the case against the President and Board members of SIPC for

intentionally misrepresenting the nature and extent of SIPC insurance cannot in any way "bind"

the Madoff estate or the Madoff Trustee. *See Grace*, 591 F.3d at 172-73 (holding no related to

jurisdiction where debtor would not be bound by third-party action without commencement of

additional litigation against debtor). The fact that Irving Picard, the Madoff Trustee, and the

Defendants have a unity of interest on the net equity issue does not give the bankruptcy court

related-to jurisdiction. "This is precisely the situation in which the [Third Circuit has] found that

related-to jurisdiction does not exist. Indeed [the Third Circuit has] stated and restated that, in

order for a bankruptcy court to have related-to jurisdiction the enjoin a lawsuit, that lawsuit must

'affect the bankruptcy [] without the intervention of yet another lawsuit." *Id.* at 173 (citing *In re

Federal-Mogul Global*, Inc., 300 F.3d 368, 382 (3d Cir. 2002); *In re Combustion Eng'g, Inc.*,

391 F.3d 190, 232 (3d Cir. 2004)).

This case is not about whether SIPC will ultimately enjoy the benefits of the "net equity"

ruling that Judge Lifland certified for direct appeal to the Second Circuit. Obviously, any

decision rendered by this Court would have no precedential value in the Second Circuit and
therefore could have no impact upon Judge Lifland's decisions in the bankruptcy case.

The issue in this case, which is not at issue in the bankruptcy court, is whether the
Defendants can escape liability for having perpetrated a massive investment insurance scheme,
pursuant to which they misrepresented the nature and extent of SIPC insurance to the Plaintiffs
and to all similarly situated Madoff investors.  As alleged in the Complaint, with full citations to
indisputable sources, the Defendants caused SIPC and SIPC's members to falsely represent to
investors in New Jersey that they were protected up to $500,000 based upon their last brokerage
statements and that, if they lost their money due to the fraudulent activity of a SIPC member,
they would receive the amount on their last brokerage statement, up to $500,000, even if the
broker never purchased any of the securities listed in their statement.  The Defendants caused
SIPC to make those representations with knowledge of their falsity and with the intention of
instilling confidence in investors who relied upon the false representations.

The Defendants have failed to articulate a basis for related-to jurisdiction.  To be sure, the
Plaintiffs in this case do not agree with the bankruptcy court's "net equity" decision, which is
inconsistent with the plain language of SIPA and with the Second Circuit's decisions.  But
Plaintiff's claim in this case is that the directors lied to the Plaintiffs about the coverage they
were providing.  That claim and this case are not related to the bankruptcy court proceedings as a
matter of law because nothing decided in this Court will in any way bind the debtor or the
Trustee.  Nor will any decision here impact the debtor's estate or affect the outcome of the "net
equity" appeal pending before the Second Circuit.

The Defendants make the conclusory and unsupportable claim that a decision from this
court on net equity will cause confusion and disrupt the administration of the bankruptcy estate.

(Def. Mem. at 18.)  That is pure nonsense.  Nothing that happens here will alter the manner in

which the Trustee liquidates the estate.  Equally absurd is the Defendants contention that

distributions to investors will be delayed pending the resolution of this case.  (*Id.*)  No decision

from this Court could possibly impact the amount or the timing of any distributions to the

Madoff victims.  Any damages recovered here by the Plaintiffs will be paid by the Defendants,

not by the Madoff estate and not with any funds that the Trustee is distributing in the liquidation.

The bankruptcy court has no jurisdiction over this dispute, let alone exclusive

jurisdiction.  Thus, Defendants' motion to transfer venue of this case to the bankruptcy court fails

under any of the statutes cited by Defendants because the bankruptcy court is not a court where

this action could have been commenced.

### VENUE IS PROPER:  A SUBSTANTIAL PART OF THE EVENTS GIVING RISE TO PLAINTIFFS' CLAIMS OCCURRED IN NEW JERSEY

The plaintiff ordinarily enjoys the advantage of choosing the forum within the constraints

set forth by 28 U.S.C. § 1391.  *See National Micrographics Systems, Inc. v. Canon U.S.A., Inc.,*

825 F.Supp. 671, 679 (D.N.J. 1993).  The burden of proving that venue is improper rests with the

movant.  *See Eason v. Linden Avionics, Inc.,* 706 F.Supp. 311, 324 (D.N.J. 1989).  The

Defendants cannot meet that burden.  There is nothing unfair about this forum because the

Defendants' misrepresentations were received and relied upon by Plaintiffs in New Jersey to

their detriment.  Defendants' contention that venue is improper makes sense only if one ignores

the allegations that the Defendants' conduct caused injuries to the Plaintiffs in New Jersey.

In a diversity case, venue is proper in "a judicial district in which a substantial part of the

events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(a)(2).  Courts also

consider the place of the injury and the weight of contacts.  *See Hoffer v. InfoSpace.com, Inc.*,

102 F.Supp.2d 556, 568 (D.N.J. 2000); *Tischio v. Bontex, Inc.*, 16 F.Supp.2d 511, 516 (D.N.J. 1998).

"Even if a majority of the events underlying Plaintiff's Complaint occurred [outside of New Jersey], that does not preclude this Court from finding that the District of New Jersey is a proper forum for this dispute." *Everest Nat. Ins. Co. v. Sutton*, 2007 WL 2572438, *5 (D.N.J. Sept. 4, 2007) (denying motion to transfer venue). "The statute only requires a substantial part of the events to have occurred in the District to establish venue. It does not require a majority of the events to take place here, nor that the challenged forum be the best forum for the lawsuit to be venued." *Park Inn Int'l LLC v. Mody Enterprises, Inc.,* 105 F.Supp.2d 370, 376 (D.N.J. 2000) (denying motion to transfer venue) (citing *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)). It is irrelevant that more events giving rise to the claim took place elsewhere so long as a substantial part of the events took place in this district. *See Hayes v. Transcor America, LLC*, 2009 WL 1795309, *2 (E.D. Pa. June 23, 2009) (citing *Rodriguez v. Smith*, 2005 WL 1484591, at *3 n. 5 (E.D. Pa. June 21, 2005)). "At bottom, the substantiality inquiry is more qualitative than quantitative." *Hayes v. Transcor*, 2009 WL 1795309, *2 (citing *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005)).

While it is true that SIPC is located in Washington, D.C. and that the Defendants made their fraudulent statements outside of New Jersey, the defendants' intended that their false statements would induce Plaintiffs to rely upon them in New Jersey and it is undeniable that New Jersey is the place of the injury. Plaintiffs' injuries are a substantial and essential part of their claims. Those injuries were felt and suffered here in New Jersey. Plaintiffs' detrimental reliance on the Defendants' misrepresentations is also an essential element of the claims set forth in the Complaint. Plaintiffs' reliance occurred in New Jersey where they reside. "Without Plaintiffs'

9

detrimental reliance in New Jersey, there would be no fraud-related claims, therefore a

'substantial part of the events . . . giving rise to a claim' inescapably occurred in New Jersey."

*Print Data Corp. v. Morse Financial, Inc.*, 2002 WL 1625412, *6 (D.N.J. July 12, 2002).

Based on the foregoing, venue is proper in this Court under § 1391(a)(2).

**CONCLUSION**

For the reasons set forth herein, the Plaintiffs respectfully request that the Court deny the

Defendants' motion in its entirety.

May 3, 2010

**BECKER & POLIAKOFF, LLP**

By:    /s/ Helen Davis Chaitman

21 East Front Street - Suite 400
Redbank, New Jersey 07701
hchaitman@becker-poliakoff.com
(908) 303-4568
         -and-
45 Broadway
New York, New York 10006
(212) 599-3322
*Attorneys for Plaintiffs*