**NOT FOR PUBLICATION**                                                                    **CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISSA CANAVAN, LESLIE GOLDSMITH, and JUDITH KALMAN, on behalf of themselves and all others similarly situated, | Civil Case No. 10-954 (FSH) |
| Plaintiffs, | **ORDER** |
| v. | Date: July 6, 2010 |
| STEPHEN HARBECK, ARMANDO J. BUCELO, JR., TODD S. FARHA, WILLIAM H. HEYMAN, WILLIAM S. JASIEN, DAVID J. NASON, MARK S. SHELTON, and DAVID J. STOCKTON, | |
| Defendants. | |

**HOCHBERG, District Judge**.

This matter comes before the Court upon Defendants' Motion for Transfer of Case to the United States District Court for the Southern District of New York and Defendants' Motion to Substitute the United States for Defendants David G. Nason and David J. Stockton. The Court has reviewed the parties submissions pursuant to Fed. R. Civ. P. 78.

**I.    Motion to Substitute**

Plaintiffs have alleged that Defendants, the individuals named as directors of the Securities Investor Protection Corporation ("SIPC"), made false and fraudulent representations regarding the role of SIPC as an insurer and the way it would calculate insurance payments after a loss occurred. Defendants Nason and Stockton move to have the United States substituted for them as named defendants because they were acting within the scope of their federal employment

by serving on the board of directors of SIPC. The standard for an employee acting in the scope of employment is (1) whether the act is the kind the servant was employed to perform, (2) whether the act occurred substantially within the authorized time and space limits, and (3) whether it was actuated at least in part by a purpose to serve the master.[1]

The Director of the Torts Branch of the United States Department of Justice has certified that these two Defendants were acting within the scope of their employment when they were serving on the board of directors for SIPC. The District Court has the right and ability to review the scope of employment certification to determine if the employees were acting within the applicable standard. *See Gutierrez de Martinez et al. v. Lamagno et al.*, 515 U.S. 417, 436-37 (1995).

Defendant David G. Nason was appointed to serve on SIPC by the U.S. Department of the Treasury pursuant to 15 U.S.C. § 78ccc(c)(2)(A) and Defendant David J. Stockton was appointed to serve on SIPC by the Board of Governors of the Federal Reserve System (Federal Reserve Board) pursuant to 15 U.S.C. § 78ccc(c)(2)(B). The legislative history of the founding of SIPC supports the argument that these particular directors were appointed in their capacity as representatives of their federal agency employers to speak for the public interest on the board of directors of SIPC.[2]

It is important to note that the these two specific defendants were not mentioned by name at any point in the complaint other than the "introduction" and "parties" sections. The allegations in the complaint are all related to statements made by the directors in general, such as

---

[1] Restatement 2d of Agency § 228.

[2] *See* S. Rep. No. 91-1218, at 5 (1970).

2

in publications and, later, in hearings, upon which the Plaintiffs relied. Making statements regarding the insurance coverage provided by SIPC is a quintessential function of the Board of Directors under part (1) of the test. It has not even been alleged that there were any actions taken by Mr. Nason and Mr. Stockton outside of the authorized time and space of their employment as SIPC directors appointed by the federal government. It is clear that any actions they took as SIPC directors were within the duration of their federal service on the SIPC board to satisfy part (2) of the test. As for part (3) of the test, as discussed above, Defendants Nason and Stockton were clearly appointed to and serving on the board of SIPC to serve the interests of the federal government. The allegations that the Defendants were fraudulently acting on behalf of SIPC is not outside the scope of their employment. *See, e.g., Thomas v. Shinseki*, 657 F. Suppp. 2d 74, 77 (D.D.C. 2009).

No evidentiary hearing is necessary to decide the Motion to Substitute because there is no genuine issue of material fact with regard to this question.[3] There is no dispute as to what the directors are being accused of saying, buy only a dispute about whether those actions were properly within the scope of their federal employment. As discussed above, the allegations presented in the Complaint and in these motions demonstrate that Defendants have met all three parts of the test articulated in the Restatement 2d of Agency. Defendants Nason and Stockton were acting within the scope of their federal employment when they served as directors of SIPC and the Board of Directors made statements upon which Plaintiffs relied.

---

[3] *Schrob v. Catterson*, 967 F.2d 929, 936 (3d Cir. 1992) (District Court should only permit discovery if there is a genuine issue of fact material to scope of employment question).

Defendants Nason and Stockton are immune from suit and the case will proceed against the rest of the individual named defendants under the causes alleged in the Complaint, as well as against the United States under the Federal Tort Claims Act.[4] It is undisputed that, under the Federal Tort Claims Act, the government is immune from suit in this action because the causes of actions alleged are not included in the government's waiver of sovereign immunity.[5] In addition, it appears that Plaintiffs have not exhausted their administrative remedies against the federal government pursuant to 28 U.S.C. § 2675(a).[6]

## II.  Motion to Transfer

One of the grounds on which Defendants have moved to transfer this case to the Southern District of New York is lack of personal jurisdiction in the District of New Jersey over the Defendants.  As alleged in the Complaint, none of the specific activities by Defendants in this case took place in New Jersey.  While Plaintiffs claim that "defendants' [sic] intended that their

---

[4] *See United States v. Smith*, 499 U.S. 160, 165 (1991); *Shinseki*, 657 F. Supp. 2d at 77.

[5] 28 U.S.C. § 2679(b)(1); 28 U.S.C. § 2680(h); Pl. Opp. Mtn. to Substitute at 3 ("the FTCA specifically provides that there is no waiver of sovereign immunity here" and "[b]ecause the claims raised by the Plaintiffs are intentional torts for which the United States has not waived sovereign immunity"). While the Westfall Act does not bar actions that are based on claims "for violation of a statute of the United States," the Plaintiffs have not even alleged a federal cause of action under SIPA and, even if they had, it is not clear that bringing an action for bad faith under SIPA would be considered a violation of the statute for these purposes.  *See* 28 U.S.C. § 2679(b)(2).

[6] Plaintiffs have not alleged in any of their papers that they have previously presented the claim to the appropriate federal agencies.  According to 28 U.S.C. § 2675(a), "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."

false statements would induce Plaintiffs to rely upon them in New Jersey," Plaintiff has presented no allegations of any actions by the named Defendants that targeted New Jersey, even stating "it is true that SIPC is located in Washington, D.C. and that the Defendants made their fraudulent statements outside of New Jersey." Per *IMO Industries, Inc. v. Kiekert*, "the plaintiff must show that the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum." 155 F.3d 254, 266 (3d Cir. 1998). Such activity is stated neither in the complaint nor in any of the briefs filed in opposition to the instant motion.

Plaintiffs' Complaint mentions New Jersey only in the "Parties" section describing where the Plaintiffs live. Place of injury to Plaintiffs is insufficient to satisfy personal jurisdiction over Defendants. *See IMO Industries*, 155 F.3d at 266 (Injury to plaintiff in a forum not enough to garner personal jurisdiction over defendant in that forum; defendant must have "expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity."). Therefore, the New Jersey federal court lacks personal jurisdiction under the test articulated in *Calder v. Jones*.[7]

Defendants argue that the case can be transferred to the Southern District of New York because it is "related to" the pending Title 11 bankruptcy case there.[8] Per *In re W.R. Grace & Co.*, 591 F.3d 164, 172 (3d Cir. 2009), a case is "related to" a bankruptcy case if it affects the bankruptcy estate or proceedings without the intervention of another lawsuit. Plaintiffs claim a

---

[7] *See id.* at 265-66.

[8] *In re Bernard L. Madoff Inv. Secs., LLC*, 424 B.R. 122 (Bankr. S.D.N.Y. 2010).

right to recover against the SIPC directors for an amount that they allege SIPC should have calculated as their insurance benefits owed for their loss in the Madoff scheme. If they were to prevail on this claim, then the liability of the bankruptcy estate in the Madoff case in the Southern District of New York would be directly affected.[9]

Plaintiffs' injuries are premised upon their claims to be covered for the loss they suffered through the Madoff scheme. Plaintiffs' Complaint itself makes clear they are attempting to recover for the losses they suffered at the hands of Madoff, thus, any recovery they achieve in this case would directly affect their claims in the bankruptcy proceedings in the Southern District of New York. *See, e.g.,* Compl. at 70 ("Defendants made a clear and definite promise to the Customers that each of their investments would be insured up to $500,000 in the event their broker stole their money or their securities. ... Defendants' promise was made directly to the Customers and indirectly through SIPC's members, in this case, Madoff. ... Wherefore Plaintiffs demand judgment ... On the fourth claim, judgment against each of the defendants, jointly and severally, for promissory estoppel in the full amount of each Class member's loss as a result of defendants' breach of promise.").

Therefore, this case is "related to" the bankruptcy case pending in the Southern District of New York.[10] Under 28 U.S.C. § 1412, when a case is related to a bankruptcy case under Title 11,

---

[9] *See, e.g., In re Lenz*, 80 B.R. 528, 530 (Bankr. D. Colo. 1987) (cannot recover for loss from third party and then also pursue claim against a bankruptcy estate when there is a pool of property for all creditors). It could correctly be asserted directly in the bankruptcy case in New York that any outcome in the instant action would alter the ability of these plaintiffs to claim against the property in the SIPA liquidation because as stated in the Complaint, they seek recovery for the same loss.

[10] *See* 28 U.S.C. §1334(b); *In re Kaplan Building Systems, Inc.*, 104 F.3d 589, 595 (3d Cir. 1997); *In re Semcrude, L.P.*, 428 B.R. 82, 100 (Bankr. D.Del. 2010); *Browning v. Levy*, 283

it may be transferred to any other district court in the interest of justice.[11] This Court finds that it is in the interest of justice to transfer this case to the Southern District of New York.

**THEREFORE IT IS** on this 6th day of July, 2010,

**ORDERED** that the Defendants' Motion to Substitute the United States for Defendants Nason and Stockton is **GRANTED**; and it is further

**ORDERED** that the case with regard to Defendant United States is **DISMISSED**;[12] and it is further

**ORDERED** that the Defendants' Motion to Transfer Venue to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1412 is **GRANTED**; and it is further

**ORDERED** that this case is **TRANSFERRED** to the United States District Court for the Southern District of New York.

/s/ Faith S. Hochberg
**Hon. Faith S. Hochberg, U.S.D.J.**

---

F.3d 761, 778 (6th Cir. 2001).

[11] *See, e.g., Thomason Auto Group, LLC v. Ferla*, No.08-4143, 2009 WL 3491163 at *6 (D.N.J. October 23, 2009); *Froelich v. Sequoia Leisure Holdings, Inc.*, No. 09-2767, 2009 WL 2016108 at *2 (D.N.J. July 02, 2009).

[12] *See supra* page 4 and notes 4, 5. Because Plaintiff has conceded in their papers that the waiver of sovereign immunity does not apply here, Defendant United States is dismissed from the case.