**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1000
Fax: (212) 262-1215
Howard L. Simon
Stacey A. Bell
Kim M. Longo

*Special Counsel to Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | Adv. Pro. No. 10-_____ (BRL) |
| v. | |
| EWALD WENINGER AND EWALD WENINGER RECHTSANWALTS GMBH, | |
| Defendants. | |

{10630197:1}

**COMPLAINT**

Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the estate of Bernard L. Madoff individually ("Madoff"), by and through his undersigned counsel, for his complaint (the "Complaint"), states as follows:

**NATURE OF PROCEEDING**

1. This proceeding arises out of the Trustee's investigation into Sonja Kohn, Bank Austria, Bank Medici, and various other individuals and entities who participated directly or indirectly in the Ponzi scheme perpetrated by Madoff, and who are the subject of that certain adversary proceeding *Picard v. Sonja Kohn, et al.* (Adv. Pro. No. 10-05411)(BRL) (the "Related Adversary Proceeding").

2. In connection with such investigation, the Trustee retained Defendant Ewald Weninger ("Weninger") as a consultant, pursuant to SIPA section 78fff-1(a)(1) *via* Ewald Weninger Rechtsanwalts GmbH ("EWR GmbH") (collectively, the "Defendants"). By this proceeding, the Trustee seeks (i) disgorgement of fees paid by the Trustee to Defendants in the amount of $810,000.00, and (ii) a declaration that the Defendants are not entitled to any additional sums of money from the Trustee, on the basis that at all times relevant hereto, Weninger was an unfaithful servant.

3. As set forth below, Weninger acted outside the scope of his agency and in a manner adverse to the interests of the Trustee and the consolidated BLMIS estate. Weninger was a faithless servant who failed to exercise the utmost good faith and loyalty in the performance of his duties to the Trustee and as such, should be ordered to disgorge the compensation and expenses he has received and should not be entitled to receive any other funds from the Trustee.

## JURISDICTION AND VENUE

4. This is an adversary proceeding commenced before the same Court before whom the main underlying SIPA proceeding, No. 08-01789 (BRL) (the "SIPA Proceeding") and the Related Adversary Proceeding, No. 10-05411 (BRL), are pending. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and 15 U.S.C. §§ 78eee(b)(2)(A), (b)(4).

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

6. Venue in this district is proper under 28 U.S.C. § 1409.

## THE PARTIES

7. Irving H. Picard is the duly appointed trustee for the consolidated SIPA liquidation of BLMIS and Madoff, personally.

8. Upon information and belief, Defendant Ewald Weninger is an individual whose principal place of business is at Mariahilfer Strasse 5, A-1060 Vienna, Austria. Upon information and belief, Defendant is a retired attorney who is the head of EWR GmbH.

9. Upon information and belief, Defendant Ewald Weninger Rechtsanwalts GmbH is an Austrian limited liability entity with its principal place of business at Mariahilfer Strasse 5, A-1060 Vienna, Austria.

10. Each of the Defendants' activities in connection with their engagement by the Trustee and in furtherance of the commencement of the Related Adversary Proceeding subject them to the jurisdiction of this Court with respect to the claims and relief sought herein.

## BACKGROUND

11. On December 11, 2008 (the "Filing Date"), Madoff was arrested by federal agents for violation of the criminal securities laws, including, *inter alia*, securities fraud, investment adviser fraud, and mail and wire fraud. Contemporaneously, the Securities and Exchange

Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York, *Securities Exchange Commission v. Bernard L. Madoff Investment Securities LLC et al.,* No. 08 CV 10791 (the "District Court Proceeding") alleging that Madoff and BLMIS engaged in fraud through the investment advisory business of BLMIS, which commenced the pending District Court Proceeding against Madoff and BLMIS.

12.     Subsequently, Madoff pled guilty to an eleven-count criminal information filed against him by the United States Attorneys' Office for the Southern District of New York at a Plea Hearing on March 12, 2009 in the case captioned *United States v. Madoff*, Case No. 09-CR-213(DC). At the Plea Hearing, Madoff admitted that he "operated a Ponzi scheme through the investment advisory side of [BLMIS]." *See* Plea Allocution of Bernard L. Madoff at 23, *United States v. Madoff,* No. 09-CR-213 (DC) (S.D.N.Y. March 12, 2009) (Docket No. 50). Additionally, Madoff asserted "[a]s I engaged in my fraud, I knew what I was doing [was] wrong, indeed criminal." *Id.* Madoff was sentenced on June 29, 2009 to 150 years in prison.

13.     On December 12, 2008, The Honorable Louis L. Stanton of the District Court entered an order appointing Lee S. Richards, Esq. as receiver (the "Receiver") for the assets of BLMIS.

14.     On December 15, 2008, pursuant to SIPA § 78eee(a)(4)(A), the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to SIPA § 78eee(a)(4)(B), SIPC filed an application in the District Court alleging*, inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protections afforded by SIPA.

15. Also on December 15, 2008, Judge Stanton granted the SIPC application and entered an order pursuant to SIPA (the "Protective Decree"), which, in pertinent part appointed the Trustee for the liquidation of the business of BLMIS pursuant to SIPA §78eee(b)(3), and removed the case to this Bankruptcy Court pursuant to SIPA §78eee(b)(4). By this Protective Decree Lee S. Richards, Esq., the Receiver for the assets of BLMIS, was removed.

16. By orders dated December 23, 2008 and February 4, 2009, respectively, the Bankruptcy Court approved the Trustee's bond and found that the Trustee was a disinterested person. Accordingly, the Trustee is duly qualified to serve and act on behalf of the estate of BLMIS.

## THE RELATED ADVERSARY PROCEEDING

17. As the Trustee appointed under SIPA, Mr. Picard seeks to recover all customer property and other damages caused to the business or property of the BLMIS estate. To this end, the Trustee has commenced over 1,000 adversary proceedings against various defendants to recover, among other things, avoidable transfers pursuant to sections 544, 547, 548, and 550 of the Bankruptcy Code, which rightfully belong to the BLMIS customers and which should be returned to the BLMIS consolidated estate.

18. Of particular relevance to this proceeding is the Related Adversary Proceeding, which the Trustee commenced on or about December 10, 2010. In that action, the Trustee seeks to recover over $19.6 billion in damages from, *inter alia*, Sonja Kohn, a former shareholder of Bank Medici and a BLMIS insider, Bank Medici, and Bank Austria, pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Bankruptcy Code and various common law claims in connection with a vast illegal scheme, exploited by Kohn's personal relationship with Madoff, to feed other people's money into Madoff's Ponzi scheme.

**RELEVANT FACTS**

19. On March 11, 2010, Weninger signed a retainer agreement with the Trustee, *nunc pro tunc* to February 1, 2010 (the "Retainer Agreement"), pursuant to which Weninger was to assist the Trustee in investigating the possible involvement of individuals and entities with BLMIS in Austria, and the tracing of any assets that flowed from BLMIS into and out of Austria. The objective of this investigation was to obtain information regarding various potential defendants and their activities related to Madoff's fraudulent scheme, and to recover through disgorgement, moneys rightfully belonging to the BLMIS consolidated estate for the benefit of the victims of Madoff's crimes.

20. Pursuant to the Retainer Agreement, among other things, Weninger agreed to maintain strict confidentiality with respect to all aspects of the engagement, including all communications, documents, and strategies and/or tactics employed, or considered, in connection with Weninger's engagement, and any and all such communications, documents, strategies, and any of Weninger's work or any materials shared with Weninger were to be covered by the attorney work-product and other applicable privileges and protections.

21. In exchange for Weninger's services, which the parties expected would facilitate the Trustee's ability to recover assets for the BLMIS estate, the Trustee agreed to pay Weninger a flat fee of USD$90,000 per month for a minimum of four months, automatically renewable thereafter unless terminated on one month's written notice, and reimbursement for all out-of-pocket expenses.

22. In connection with and during Weninger's engagement, Weninger communicated with persons who may have participated either directly or indirectly in Madoff's fraud with the goal of obtaining information from, and setting up informal interviews with, these individuals.

23. At all times relevant hereto, Weninger had a duty to exercise the utmost good faith and loyalty in performance of his duties to the Trustee.

24. While ostensibly acting on the Trustee's behalf, Weninger has now asserted that he made representations to certain individuals that if they agreed to submit to an informal interview with the Trustee, they would not be named as defendants in the Related Adversary Proceeding.

25. Such representations, if made, were without the Trustee's authorization and directly contradicted the Trustee's express reservation of all rights to determine whether such agreements would be beneficial to the BLMIS consolidated estate.

26. Indeed, Weninger's alleged representations were adverse to the Trustee's mandates under SIPA and the Bankruptcy Code to pursue and prosecute all parties who participated directly or indirectly in Madoff's fraud, and the Trustee at no time sanctioned such a departure.

27. After the filing of the Related Adversary Proceeding, upon information and belief, Weninger, acting outside the scope of his agency and in further breach of his duty of loyalty, demanded that the Trustee release certain individuals as defendants in the Related Adversary Proceeding.

28. Upon information and belief, in further breach of his duty of loyalty, Weninger may have revealed to one or more third parties confidential information or communications in connection with Weninger's engagement, including but not limited to the revelation of documents, strategies and/or tactics employed in furtherance of the commencement of the Related Adversary Proceeding.

29. By his actions, Weninger breached his duty of loyalty and proved himself a faithless servant, to the Trustee.

30. On January 4, 2011, the Trustee terminated the Retainer Agreement in writing.

## THE PAYMENTS

31. Between April 2010 and December 2010, the Trustee paid Weninger and/or EWR GmbH a total of $810,000 as compensation under the Retainer Agreement covering the period February to October 2010 (together the "Fees").

32. The Trustee has also received invoices from Weninger and/or EWR GmbH totaling $270,000 for the period November 2010 to January 2011 (the "Remaining Fees"), which invoices have not been paid. The Trustee has further received expense reimbursement requests from Weninger and/or EWR GmbH totaling $27,429.18 for the period from February 2010 to May 2010 (the "Expenses"), which have not been reimbursed.

33. The Trustee's reserves the right to supplement the information regarding the Fees, Remaining Fees and Expenses paid to or demanded by the Defendants.

## CAUSE OF ACTION
## BREACH OF DUTY OF LOYALTY/UNFAITHFUL SERVANT

34. To the extent applicable, the Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

35. At all times relevant to this Complaint, Weninger had a confidential fiduciary relationship with the Trustee.

36. Weninger breached that duty, acted outside the scope of his agency, and was an unfaithful servant by (i) making unauthorized representations and promises to, and/or entering into agreements with, certain individuals who are now named as defendants in the Related Adversary Proceeding; (ii) advocating on behalf of adverse parties in the Related Adversary

Proceeding against the interests of the Trustee and the BLMIS consolidated estate; (iii) releasing confidential information or communications in connection with Defendants' engagement; and/or (iv) making demands of the Trustee in connection with any of the foregoing.

37. Accordingly, equity and good conscience require (i) disgorgement of all Fees and any other amounts received by Weninger and/or EWR GmbH since the date of the Retainer Agreement, all of which should rightfully be returned to the Trustee and (ii) a declaration that the Defendants are not entitled to the Remaining Fees, the Expenses and/or any additional amounts from the Trustee, whether in payment of compensation, reimbursement of expenses or otherwise.

**WHEREFORE**, the Trustee respectfully requests that the Court enter judgment in favor of the Trustee and against the Defendants for the relief sought herein.

Dated: March 18, 2011

/s/ Howard L. Simon
Howard L. Simon
Stacey A. Bell
Kim M. Longo
**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215

*Special Counsel for Irving H. Picard, Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC*