**LEVINE DESANTIS, P.C.**
5 Penn Plaza, 23rd Floor
New York, New York 10001
(212) 835-1648

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM TUCKER,<br><br>      Plaintiff,<br><br>vs.<br><br>BENJAMIN VALENTY,<br>IMAGINART PUBLISHING,<br>IMAGINART PUBLISHING, LLC,<br><br>      Defendants. | Case No.: 11-civ-8447 (PAE)<br>ECF CASE |
| In re<br><br>IMAGINART, LLC<br><br><br>(United States Bankruptcy Court,<br>Central District of California,<br>Case No. 8:11-bk-26785-ES) | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## ON BEHALF OF PLAINTIFF/CREDITOR, DR. WILLIAM TUCKER,
## IN SUPPORT OF THE MOTION FOR REFERENCE OF THE ACTION TO
## BANKRUPTCY COURT AND FOR TRANSFER OF VENUE

Anthony N. Gaeta, Esq.
On the Brief

## I. INTRODUCTION

Plaintiff/Creditor Dr. William Tucker seeks to transfer this action to the United States Bankruptcy Court for the Central District of California. Both defendants in this action, Imaginart, LLC and Benjamin Valenty, filed voluntary petitions for relief under Chapter 11 and Chapter 7, respectively, of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California.

As a threshold procedural matter, an order referring this action to the United States Bankruptcy Court for the Southern District of New York for further handling is appropriate because both Imaginart and Valenty have active bankruptcy matters which bear directly on Plaintiff's underlying civil action seeking to recover pursuant to claims for fraud and related claims. Accordingly, it is in the interest of judicial economy to have the bankruptcy Court take over handling of this matter, including consideration of Plaintiff's concurrently made motion to transfer venue to the United States Bankruptcy Court for the Central District of California based on the following reasons:

First, it serves the convenience of all parties to transfer this matter to California. California is the chosen forum by Defendant Imaginart and Valenty for their bankruptcy proceedings. Imaginart's principal place of business and Valenty's residence are both located in California. All of Imaginart's known books, records, assets and employees are located in California. Additionally, the majority of scheduled creditor claims belong to California-based creditors. As a result, California represents the location where the most efficient and economic administration of the debtors' respective estates can be achieved with respect to Plaintiff's claims.

Second, it is in the interest of justice to enable the resolution of all claims in the California Court. Imaginart has its principal place of business in California and is a Debtor-in-Possession in its bankruptcy case. In addition to the factors favoring the convenience of the parties in California, permitting these claims to be resolved in California will cause the least amount of disruption to Imaginart's ongoing business, which serves the interest of all creditors. Further, California is the appropriate forum to resolve claims concerning fraud involving businesses operating within its jurisdiction.

For these reasons, Plaintiff respectfully requests an order referring this action to the Bankruptcy Court in this district for further proceedings, including consideration of this concurrently-filed motion for an order transferring this action to the United States Bankruptcy Court for the Central District of California so that it may be administered in connection with the proceeding now pending under Chapter 11 of the United States Bankruptcy Code as case number 8:11-bk-26785-ES.

## II. STATEMENT OF FACTS

### A. The Underlying Civil Action

On or about November 21, 2011, Dr. William Tucker ("Plaintiff"), filed a complaint designated as Case No. 1:11-civ-08447-PAE ("the Federal Court Action.") against the Defendants, Benjamin Valenty, Imaginart Publishing, and Imaginart Publishing, LLC ("Debtors") in the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, New York 10007-1312. (Declaration of Anthony N. Gaeta ("Gaeta Decl."), ¶3.)

In the Complaint, Plaintiff asserts various claims against the Debtors, including fraud, breach of contract, conversion, rescission, and consumer fraud. The claims in the Complaint are

based upon Debtors' sale of fraudulently misrepresented and inauthentic artwork, and art-related investments (Gaeta Decl., ¶4). Plaintiff alleges that the Debtors are in possession of large quantities of artwork purchased and paid for by Plaintiff which are believed to be a major asset of the Debtors' estates. Plaintiff further seeks to recover damages to be collected from the estate for Debtors' fraud, breach of contract and conversion. (Gaeta Decl., ¶4.)

### B. Imaginart's and Valenty's California Bankruptcy Filings

On or about December 7, 2011, Debtor, Imaginart, LLC, filed a voluntary petition for relief in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, under Chapter 11 of the United States Bankruptcy Code, which is currently pending as Case No. 8:11-bk-26785-ES ("Imaginart Bankruptcy"). (Gaeta Decl., ¶5, and Exhibit "A" thereto.)

On or about December 12, 2011, Debtor, Benjamin Paul Valenty, filed a voluntary petition for relief in the United States Bankruptcy Court for the Central District of California, Riverside Division, under Chapter 7 of the United States Bankruptcy Code, which is currently pending as Case No. 6:11-bk-47321-SC ("Valenty Bankruptcy"). (Gaeta Decl., ¶6, and Exhibit "I" thereto.)

### III. THIS ACTION SHOULD BE REFERRED TO THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK FOR CONSIDERATION OF PLAINTIFF'S MOTION TO TRANSFER VENUE

When considering federal actions pending in the same district, the Courts recognize that "the proper way to move a case from a district court to bankruptcy court in the same district would be by motion for referral." Harve Benard Ltd. v. Nathan Rothschild, K.I.D. Int'l, Inc., 2003 WL 367859 (S.D.N.Y. Feb. 19, 2003). See, also, In re Mitchell, 206 B.R. 204, 210 (Bankr. C.D. Cal. 1997) ("This Court holds that the proper procedure for a party to use to request a

- 4 -

district court to transfer a lawsuit pending in that district court to a bankruptcy judge of the same district is for the party seeking the transfer to move the district court to *refer* that lawsuit to the bankruptcy court for further handling, if there is some reason why it would make sense to have the bankruptcy court take over further handling of the lawsuit from the district court.")

Here, both Imaginart and Valenty filed bankruptcy petitions in the United States Bankruptcy Court for the Central District of California. As a result of those filings, the automatic stay operates to stay the proceedings in the underlying action. Absent the ultimate consideration of this action by the Bankruptcy Court in the Central District of California, Plaintiff is subject to potentially duplicative time and expense associated with litigating his claims in bankruptcy and non-bankruptcy forums in two different jurisdictions. Accordingly, referral to the bankruptcy court is necessary so that a request to transfer venue to the bankruptcy Court in the Central District of California may be immediately considered in order to enable Plaintiff's claims to be timely administered by way of an adversary proceeding in connection with the pending bankruptcies in California.

### IV. THE TRANSFER OF THIS ACTION TO THE UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION, IS WARRANTED FOR THE CONVENIENCE OF THE PARTIES AND IS IN THE INTEREST OF JUSTICE

A transfer of venue is appropriate when necessary for the convenience of the parties and witnesses and otherwise in the interest of justice:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). See, also, 28 U.S.C. § 1412 ("A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the

- 5 -

convenience of the parties."); 28 U.S.C. § 105(a) (setting forth the Court's inherent power to transfer a case *sua sponte*). Transfer of venue is appropriate in the context of bankruptcy actions as follows:

> If a petition is filed in the proper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

Fed. R. Bankr. P. 1014(a)(1).

In analyzing the transfer of venue in bankruptcy actions, the Courts apply the following analysis:

> The criteria employed in determining whether a transfer of venue based on the convenience of the parties and the interest of justice is appropriate, as set forth in Commonwealth of Puerto Rico v. Commonwealth Oil Refining Co. (In re Commonwealth Oil Refining Co.), 596 F.2d 1239, 1247 (5th Cir.1979); *cert. denied*, 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980) (interpreting former Bankruptcy Rule 116, the predecessor of Fed.R.Bankr.P. 1014(a)), include the following: (1) the proximity of creditors of every kind to the court, (2) the location of the debtor's assets, (3) the proximity of the debtor to the court, (4) the proximity of witnesses necessary to the administration of the estate, and (5) the economic administration of the estate.

In re Seton Chase Associates, Inc., 141 B.R. 2, 5 (Bankr. E.D.N.Y. 1992). See, also, In re Enron Corp., 274 B.R. 327, 343 (Bankr. S.D.N.Y. 2002) (recognizing that "[t]he seminal circuit court case on the issue of whether to transfer venue of a bankruptcy case under 28 U.S.C. § 1412 and Federal Rule of Bankruptcy Procedure 1014 is Commonwealth of Puerto Rico v. Commonwealth Oil Refining Co. (In re Commonwealth Oil Refining Co., 596 F.2d 1239, 1247 (5th Cir. 1979).

As shown below, the application of these factors establish that a transfer of venue to the United States Bankruptcy Court for the Central District of California is appropriate.

### A. The Proximity of Creditors to the Court Favors California

California predominates as the location of creditors in this action. Specifically, Imaginart's scheduled creditors are summarized as follows:

(1) Nine of the 20 largest unsecured creditors in the Imaginart Bankruptcy are located in California (only one, CNBC, with a claim totaling $35,000.00, is located in New York). Those nine California-based creditors account for approximately $484,412.49 (or 64%) of the $762,755.29 of scheduled debt to the 20 largest creditors. (Gaeta Decl., Ex. "B");

(2) The sole scheduled creditor holding a secured claim is Dell Financial, which has a payment processing center address in Illinois, but which has a national presence, and whose claim totals only $1,752.00. (Gaeta Decl., Ex. "E");

(3) Three of five scheduled creditors holding unsecured priority claims are located in California, with scheduled claims totaling $32,000.00 (the other two creditors are the Internal Revenue Service, which has a location in Pennsylvania, and which has scheduled claims totaling $27,110.95) (Gaeta Decl., Ex. "F"); and

(4) Sixteen of thirty-two scheduled creditors holding unsecured nonpriority claims are located in California (the only creditor in New York is CNBC, with a $35,000 claim). These claims total $506,315.93 (or 64%) of the $795,031.05 of the scheduled debt to those creditors. (Gaeta Decl., Ex "G"). See, In re Developers of Caguas, Inc., 26 B.R. 977, 980 (E.D.N.Y. 1983) (finding transfer appropriate by the existence of a majority of unsecured creditors in the proposed transfer receiving jurisdiction).

Valenty's scheduled creditors are summarized as follows:

(1) The sole scheduled creditor holding a secured claim is Chase Auto, which is located in Fort Worth, Texas, but which has a national presence, and whose claim totals $14,060.00 (Gaeta Decl., Ex. "K");

(2) The three creditors scheduled as holding unsecured priority claims are the California Franchise Tax Board, the Internal Revenue Service, and the California State Board of Equalization with scheduled claims totaling $122,000.00 (Gaeta Decl., Ex. "L"); and

(3) Sixteen of twenty-five scheduled creditors holding unsecured nonpriority claims totaling $553,041.00 (or 68%) of the $808,932.72 scheduled claims are located in California. (Gaeta Decl., Ex. "M"). [1]

### B. The Proximity of Debtors to the Court Favors California

As a threshold matter, there is no dispute that Imaginart and Valenty consent to the jurisdiction of the United States Bankruptcy Court for the Central District of California as each has initiated a voluntary petition for relief in that Court. See, In re Dunmore Homes, Inc., 380 B.R. 663, 670 (Bankr. S.D.N.Y. 2008) (citation omitted) ("A debtor's selection of a proper venue is "entitled to great weight" in the consideration of change of venue motions.")

Further, Imaginart's headquarters, and both of its two equity security holders, are located in the City of Corona, California, which is within the jurisdiction of the United States Bankruptcy Court for the Central District of California.[2] (Gaeta Decl., Ex. "H" and Ex. "C.")

---

[1] Valenty's schedule of creditors holding unsecured nonpriority claims spans 123 pages and consists largely of creditors from a 1991 bankruptcy action who are listed for notice and disclosure purposes, but whose claims debtor asserts are no longer enforceable due to the operation of the Statute of Limitations.

[2] Imaginart's venue disclosure form identifies its principal office address as 26439 Rancho Pkwy., So. #105, Lake Forest, California 92630. (Gaeta Decl., Ex. "H.") That notwithstanding, Mr. Valenty testified at the Rule 341(a) Meeting of Creditors, in both his individual bankruptcy and Imaginart's bankruptcy, that Imaginart had relocated its principal office to Corona, California. This, however, is a distinction without a difference for purposes of this motion, as both cities are located within the Central District of California jurisdiction.

Valenty's personal residence is also located in the City of Corona, California within the jurisdiction of the United States Bankruptcy Court for the Central District of California. (Gaeta Decl., Ex. "I.")

### C. The Proximity of Witnesses Necessary for the Administration of the Estate Favors California

Valenty has his residence in California. Imaginart's principal place of business is Orange County, California. All known Imaginart owners and employees are located in California. As such, it is anticipated that non-party witnesses are located in California.

### D. All of the Debtors' Assets are Located in California

Imaginart is a Debtor-in-Possession for purposes of its Chapter 11 proceedings. All of Imaginart's and Valenty's personal property, including an interest in a restaurant/night club facility in the City of Corona (as disclosed on its/his bankruptcy schedules), is located in California within the jurisdiction of the United States Bankruptcy Court for the Central District of California. (Gaeta Decl., Ex. "D.") See, In re Old Delmar Corp., 45 B.R. 883, 884 (S.D.N.Y. 1985) (finding that "[t]he factor which 'overwhelmingly militates in favor of transfer' is that all of debtors' assets are located in [the proposed transfer receiving forum]"); In re Developers of Caguas, Inc., 26 B.R. 977, 980-81 (E.D.N.Y. 1983) (finding transfer appropriate to jurisdiction where debtor's sole asset was located); In re Hadar Leasing Int'l Co., Inc., 14 B.R. 819, 821 (S.D.N.Y. 1981) ("[T]he factor which overwhelmingly militates in favor of transfer was Judge Galgay's finding, again by Hadar's own admission, that substantially all of its assets are in [the proposed transfer receiving forum]").

### E. The Economic and Efficient Administration of the Estate can be Achieved in California

The economic and efficient administration of the estate is recognized as the single most important factor. Matter of Commonwealth Oil Ref. Co., Inc., 596 F.2d 1239, 1247 (5th Cir. 1979) ("The bankruptcy court correctly concluded that the most important consideration is whether the requested transfer would promote the economic and efficient administration of the estate."). In evaluating the efficient administration of the estate, the Courts consider the purpose of Chapter 11 proceedings to develop an acceptable financial plan, the location of persons responsible for the debtor's management, and whether the estate can be administered more economically in the requested forum. Id. "This factor is not independent of the previous factors, since proximity of the parties and the location of the assets will affect the economy and efficiency of administration." In re Landmark Capital Co., 20 B.R. 220, 224 (S.D.N.Y. 1982).

Here, California is the chosen forum for Valenty's and Imaginart's bankruptcy proceedings, respectively. All known Imaginart owners, employees, and persons responsible for Imaginart's financial responsibility are located in California. All known Imaginart assets and creditors with the majority of the value of the scheduled claims are located in California. See, Matter of Landmark Capital Co., 19 B.R. 342, 348 (S.D.N.Y. 1982) (recognizing that "[i]t certainly would be most convenient for the court closest to Landmark's creditors and property to administer this estate.") The economic and efficient administration of the estate would be served by transferring this action to the bankruptcy proceeding already pending in the Central District of California, in order to avoid the duplication of evidence and the potential risk of inconsistent outcomes if these matters were to proceed simultaneously on two different tracks.

### F.   The Need for Further Administration if Liquidation Ensues can be Best Accomplished in California

As a preliminary matter, the Courts have recognized that "anticipation of the failure of a Chapter XI proceeding is an illogical basis upon which to predicate a transfer." Matter of Commonwealth Oil Ref. Co., Inc., 596 F.2d 1239, 1248 (5th Cir. 1979) (citation omitted). See, also, In re Dunmore Homes, Inc., 380 B.R. 663, 672 (Bankr. S.D.N.Y. 2008) ("Most cases do not consider liquidation because it is illogical to focus on liquidation contingencies when the goal of the bankruptcy is reorganization.")  However, even considering the circumstance where liquidation is required, California remains the appropriate venue for this action, as both Valenty and Imaginart are located in California, and all Imaginart books, records, assets and employees necessary for the liquidation process are located in California. Moreover, the Court local to Imaginart will be best positioned to appoint a local trustee who is familiar with the local business environment and who is capable of readily administering the estate.

### V.   THE TRANSFER OF THIS ACTION TO THE UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION, IS IN THE INTEREST OF JUSTICE

In evaluating whether a proposed transfer is in the interest of justice, the Courts consider a number of factors:

> The court considers whether (i) transfer would promote the economic and efficient administration of the bankruptcy estate; (ii) the interests of judicial economy would be served by the transfer; (iii) the parties would be able to receive a fair trial in each of the possible venues; (iv) either forum has an interest in having the controversy decided within its borders; (v) the enforceability of any judgment would be affected by the transfer; and (vi) the plaintiff's original choice of forum should be disturbed.

In re Dunmore Homes, Inc., 380 B.R. 663, 671-72 (Bankr. S.D.N.Y. 2008)

Here, Imaginart's principal place of business in California, and Valenty is a resident of California. Both have voluntarily selected California as their forum of choice for their respective

bankruptcy proceedings. Because Imaginart is proceeding as a Debtor-in-Possession, allowing for the resolution of the subject claims in California will cause the least amount of disruption to Imaginart's business, which serves the interest of all creditors. The interests of judicial economy would be served by the administration of this matter in the California Courts, because all of the Debtors' assets, books and records are located in California. See, Matter of Landmark Capital Co., 19 B.R. 342 at 348 (finding the interests of justice served by a transfer to the jurisdiction where debtor's principal asset is located). Further, transfer of this action to California is warranted by California's strong interest in addressing claims of fraud brought against businesses operating within its jurisdiction. Additionally, the California Bankruptcy Court has jurisdiction over the Debtors and can render an enforceable judgment. Accordingly, the interests of justice are served by transferring this action to California for administration.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff/Creditor Dr. William Tucker respectfully requests an order (a) referring this action to the United States Bankruptcy Court for the Southern District of New York for further proceedings and consideration of this motion to transfer venue; and (b) transferring this action to the United States Bankruptcy Court for the Central District of California, Santa Ana Division, for the convenience of the parties and witnesses and in the interest of justice under 28 U.S.C. §§ 1404(a) and 1412 and Rule 1014 of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,<br>
LEVINE DESANTIS, P.C.<br>
<br>
_/s/ Anthony N. Gaeta_<br>
ANTHONY N. GAETA, ESQ.<br>
<br>
LEVINE DESANTIS, P.C.<br>
Attorneys at Law<br>
5 Penn Plaza, 23rd Floor<br>
New York, New York 10001<br>
(212) 835-1648

Dated: February 28, 2012