UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
NEW YORK COMMERCIAL BANK,

         Plaintiff,

                     **Case No. 12-cv-7693 (LTS) (FM)**
 - against -                **ECF CASE**

PAUL J. PULLO and GENE V. PULLO,

         Defendants.
-------------------------------------------------------------------------x

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, by this Notice of Removal, Defendants Paul J. Pullo and Gene V. Pullo (collectively, the "Defendants") by and through their counsel, SilvermanAcampora LLP, hereby removes to this Court that certain civil action titled *New York Commercial Bank v. Paul J. Pullo and Gene V. Pullo*, Supreme Court of the State of New York, New York County, Index Number 653452/2012 (the "Action"), in which plaintiff New York Commercial Bank (the "Plaintiff") seeks entry of an order granting summary judgment for a money judgment pursuant to certain guaranties, as well as other expenses, fees costs or other amounts due, in addition to attorneys' fees, costs and disbursements and other expenses relating to the Action, in accordance with 28 U.S.C. §§1334 and 1452, and Rules 9011 and 9027(a) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and in support state as follows:

### The Debtors and Their Bankruptcy Cases

    1.  On September 27, 2012 (the "Petition Date"), Metro Fuel Oil Corp. and its debtor affiliates[1] (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "EDNY Bankruptcy Court").

    2.  On September 28, 2012, the EDNY Bankruptcy Court entered an order authorizing the joint administration of the Debtors' bankruptcy cases.

---

[1] The debtor affiliates include, but are not limited to, Metro Terminals Corp. and Metro Terminals of Long Island, LLC.

3. The Debtors' jointly administered bankruptcy cases have been assigned Case No. 12-46913 (ESS), and are pending before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge.

**The Defendants**

4. Defendants are majority shareholders of Debtor Metro Fuel Oil Corp. and Debtor Metro Terminals Corp., and the exclusive members of Debtor Metro Terminals of Long Island, LLC, and operate, manage and otherwise control the operations of the aforementioned Debtors (the "Borrower Debtors").

**The Bank Debt**

5. The Borrower Debtors are indebted to Plaintiff and Valley National Bank pursuant to the Third Amended and Restated Accounts Financing Agreement, dated May 4, 2012 (the "Bank Debt"). The Defendants have personally guaranteed the Borrower Debtors' obligations to the Plaintiff with respect to the Bank Debt. In addition, the Bank Debt is guaranteed by Debtor Apollo Petroleum Transport, LLC, Debtor Kings Land Realty, Inc., Debtor Metro Biofuels LLC, Debtor Metro Energy Group LLC, and Debtor Metro Plumbing Services Corp.

**The State Court Action**

6. On October 2, 2012, the Plaintiff filed the Action.

7. Plaintiff alleges in the Action that Defendants personally guaranteed payment of certain indebtedness of the Borrower Debtors, and that because the Borrower Debtors are allegedly in default of certain loan agreements, the Defendants are liable for nonpayment under the terms of those documents.

**The Basis for Removal**

8. At this time, the Defendants hereby exercise their rights under the provisions of 28 U.S.C. §1452(a) to remove the Action from the Supreme Court of the State of New York, County of New York, in which court the Action is now pending, to this Court. Once the Action has been removed to this Court, the Defendants intend to seek a transfer of venue because the

SB/1223183.6/062328

EDNY Bankruptcy Court has "related to" jurisdiction over the cause of action asserted in the Action pursuant to 28 U.S.C. §1334(b), as the Debtors' cases are pending in that District.[2]

9. Pursuant to 28 U.S.C. §1452, "[a] party may remove any claim or cause of action . . . to the district court where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 11 U.S.C. §1452(a); *see also* FED. R. BANKR. PROC. 9027. Section 1334 provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §1334(b). The District Court – and the Bankruptcy Court – have original jurisdiction over the Action because it is "related to" the Debtors' bankruptcy cases.

10. The Second Circuit employs an "expansive test for 'related to' jurisdiction articulated by the Third Circuit in *In re Pacor*." *In re Refco, Inc. Sec. Litig.*, 628 F. Supp. 2d 432, 437 (S.D.N.Y. 2008). "Litigation is 'related to' a bankruptcy proceeding 'if the action's 'outcome might have any conceivable effect on the bankruptcy estate.'" *Post Investors LLC v. Gribble*, 2012 WL 4466619, *3 (S.D.N.Y. Sept. 27, 2012) (quoting *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011) (quoting *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992))). *See also In re Pacor*, 743 F.2d 984, 994 (3d Cir. 1984) ("[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy"); *accord In re Cuyahoga Equip. Corp.*, 628 F. Supp. 2d at 437-38, 442-43 (applying *Pacor* and noting the "close nexus" to the bankruptcy).

11. The Action is related to the Debtors' bankruptcy cases because it is based on financing agreements that are critical to the Debtors' restructuring. The outcome of the Action

---

[2] Defendants understand that removal to the EDNY Bankruptcy Court will entail a three-step process. First, because the Action is currently pending in New York County, New York, pursuant to 28 U.S.C. §1446 and Bankruptcy Rule 9027(a)(1), the Action must first be removed to the District Court for the Southern District of New York. Second, once removed, the Action will need to be transferred to the District Court for the Eastern District of New York. Third, once the Action has been removed and transferred to the Eastern District of New York, the Action will be referred to the EDNY Bankruptcy Court.

3  SB/1223183.6/062328

will affect the Debtors' rights and liabilities with respect to the Bank Debt and the administration of the Debtors' estates. Indeed, the purpose of the Action is to recover funds from the Defendants which are otherwise recoverable from the Debtors.

12. Moreover, to the extent that the Defendants are determined to be liable for and/or satisfy the debts of the Debtor Borrowers, the Defendants will have a contribution or indemnity claim in the Debtor Borrowers' chapter 11 cases. *See, e.g., Post Investors LLC,* 2012 WL 4466619 at *3 ("'Conceivable effects' typically manifest themselves by altering '[t]he amount of property available for distribution to the creditors of a bankruptcy estate or the allocation of property among such creditors.'" (quoting *In re Kolinsky,* 100 B.R. 695, 702 (S.D.N.Y. 1989)). Indeed, even "[c]ontingent outcomes can satisfy the 'conceivable effects' test." *Post Investors LLC,* 2012 WL 4466619 at *3. Therefore, the EDNY Bankruptcy Court has "related to" jurisdiction over the causes of action asserted in the Action pursuant to 28 U.S.C. §1334(b), as the Debtors' cases are pending in that District.

13. The removal of the Action is timely pursuant to Bankruptcy Rule 9027(a)(3)(B), because the Notice of Removal has been filed with the Clerk of the District Court for the Southern District of New York within 30 days after receipt of the summons. F. R. BANKR. P. 9027(a)(3)(B).

14. In accordance with the requirements of Bankruptcy Rule 9027(a)(1), Defendants state that, upon removal, the causes of action asserted in the Action are non-core proceedings pursuant to 28 U.S.C. §157(c) and 1334(b), and the Defendants consent to the entry of final orders or judgments by the bankruptcy judge.

15. Copies of the pleadings filed in the Action, *i.e.*, the Request for Judicial Intervention, Notice of Commencement of Action, Summons, Notice of Motion, Affidavit of Andrew A. Baltz in Support of Plaintiff's Motion for Summary Judgment In Lieu of Complaint, including Exhibits, are annexed hereto as **Exhibit A**.

16. Concurrently with the filing of this Notice of Removal, the Defendants are giving

SB/1223183.6/062328

95-88888-cgm Doc 19-1 Filed 12/04/12 Entered 12/04/12 17:20:00 Doc. #1 -
Case 1:12-cv-07693-LTS Document 1 Filed 10/15/12 Page 5 of 5
Notice of Removal    Pg 5 of 5

notice to all parties in the Action of this removal.

Dated: Jericho, New York
October 15, 2012

                                              **SILVERMANACAMPORA LLP**
                                              Attorneys for Defendants Paul J. Pullo
                                                and Gene V. Pullo

                                            By:   s/ Lon J. Seidman
                                                   Lon J. Seidman
                                            Member of the Firm
                                            100 Jericho Quadrangle, Suite 300
                                            Jericho, New York  11753
                                            (516) 479-6300

TO:     Clerk of the Supreme Court of New York
        County of New York
        New York County Supreme Court
        60 Centre Street, Room 161
        New York, New York 10007

        Loeb & Loeb LLP
        Attorneys for Plaintiff
        345 Park Avenue
        New York, New York 10154
        Attn: William M. Hawkins, Esq.