UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
NEW YORK COMMERCIAL BANK,

                              Plaintiff,

    - against -                                         Case No. 12-Civ-7693 (LTS) (FM)

PAUL J. PULLO and GENE V. PULLO,

                              Defendants.
------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
TO TRANSFER VENUE TO THE EASTERN DISTRICT OF NEW YORK**

SILVERMANACAMPORA LLP
Attorneys for Defendants Paul J. Pullo and Gene V. Pullo
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300

SB/1223343.4/062328

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ...................................................................................................1

**STATEMENT OF FACTS** ..........................................................................................................1

**ARGUMENT** ...............................................................................................................................2

**THE VENUE OF THE ACTION SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF NEW YORK BECAUSE THE ACTION IS RELATED TO THE DEBTORS' EDNY BANKRUPTCY CASES** ...................................................................................................2

    The Interests of Justice, Trial Efficiency and the Locus of Operative Facts Each Weigh In Favor of Transferring Venue ...................................................................................3

    The Policy in Favor of Having an Action Related to a Bankruptcy Case Heard by the Bankruptcy Court Weighs in Favor of Transferring Venue..................................................5

    The Other Remaining Factors Are Neutral or Supportive of Transfer of Venue ..................7

**CONCLUSION** ............................................................................................................................8

95-88888-cgm Doc 10-3 Filed 12/04/12 Entered 12/04/12 17:29:09 Doc. #4 -
Case 1:12-cv-07693-LTS Document 6 Filed 10/17/12 Page 3 of 11
Memo in Support    Pg 3 of 11

# TABLE OF AUTHORITIES

**Cases**

*D.H. Blair & Co., Inc. v. Gottdiener,*
 462 F.3d 95 (2d Cir. 2006) ..................................................................................................3

*Everest Cap. Ltd. v. Everest Funds Mgmt., LLC,*
 178 F. Supp. 2d 459 (S.D.N.Y. 2002) ................................................................................3

*Falconwood Fin. Corp. v. Griffin,*
 838 F. Supp. 836 (S.D.N.Y. 1993) .....................................................................................6

*Foothill Cap. Corp. v. Kidan,*
 2004 U.S. Dist. LEXIS 3634 (S.D.N.Y. Mar. 5, 2004) .................................................4, 6

*Hart v. Bello,*
 2011 U.S. Dist. LEXIS 45471 ........................................................................................5, 7

*Harvey Bernard, Ltd. v. Rothschild,*
 2003 U.S. Dist. LEXIS 2421 (S.D.N.Y. Feb. 19, 2003) .............................................4, 5, 7

*Izkhakov v. Educ. Comm'n for Foreign Med. Graduates,*
 2012 U.S. Dist. LEXIS 96993 (S.D.N.Y. July 10, 2012) ...................................................3

*Lloyd's v. ABB Lummus Global, Inc.,*
 2004 U.S. Dist. LEXIS 1486 (S.D.N.Y. Feb. 3, 2004) ......................................................6

*Lothian Cassidy LLC v. Ransom,*
 428 B.R. 555 (E.D.N.Y. 2010) ...........................................................................................6

*Nemsa Establishment v. Viral Testing Sys. Corp.,*
 1995 U.S. Dist. LEXIS 11650 (S.D.N.Y. Aug. 14, 1995) ..................................................6

*Norkin v. DLA Piper Rudnick Gray Cary, LLP,*
 2006 U.S. Dist. LEXIS 14254 (S.D.N.Y. Mar. 31, 2006) ..............................................5, 7

*Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.,*
 639 F.3d 572 (2d Cir. 2011) ...............................................................................................4

*Publicker Indus., Inc. v. Unites States (In re Cuyahoga Equip. Corp.),*
 980 F.2d 110 (2d Cir. 1992) ...........................................................................................2, 5

*Renaissance Cosmetics, Inc. v. Dev. Specialists Inc.,*
 277 B.R. 5 (S.D.N.Y. 2002) ...........................................................................................3, 6

*Stewart Org., Inc. v. Ricoh Corp.,*
 487 U.S. 22 (1988) ..............................................................................................................6

*Weisman v. Southeast Hotel Props. Ltd. P'ship,*
 1992 U.S. Dist. LEXIS 7736 (S.D.N.Y. June 1, 1992) ......................................................4

**Statutes**

28 U.S.C. §1404(a) ...................................................................................................... passim

SB/1223343.4/062328

## PRELIMINARY STATEMENT

Defendants Paul J. Pullo and Gene V. Pullo (the "Defendants") by and through their counsel, SilvermanAcampora LLP, respectfully submit this memorandum of law in support of their motion (the "Motion") to transfer the venue of this action (the "Action") to the United States District Court for the Eastern District of New York (the "Eastern District").

The venue of this Action should be transferred to the Eastern District so that the Action may be determined by the Eastern District Bankruptcy Court (the "EDNY Bankruptcy Court") currently presiding over the related bankruptcy case (the "EDNY Bankruptcy Case" or "Bankruptcy Case") of Metro Fuel Oil Corp. and its debtor affiliates. This Action seeks to recover from the Defendants, as guarantors, the same amounts alleged to be owed by the Defendants' companies, as the primary obligors, in the EDNY Bankruptcy Case.

Thus, in the interest of justice, for the sake of judicial efficiency, and to avoid the risk of inconsistent results by different courts, venue should be transferred so that the Action can be determined by the EDNY Bankruptcy Court.

## STATEMENT OF FACTS

On September 27, 2012, Metro Fuel Oil Corp. and its debtor affiliates (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the EDNY Bankruptcy Court. On September 28, 2012, the EDNY Bankruptcy Court entered an order authorizing the joint administration of the Debtors' bankruptcy cases (ECF Doc. No. 29). (Seidman Decl.[1] ¶5.)

The Debtors' jointly administered bankruptcy cases have been assigned Case No. 12-46913, and are pending before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge. (*Id.* ¶6)

The Defendants are majority shareholders of Debtor Metro Fuel Oil Corp. and Debtor

---

[1] "Seidman Decl." refers to the Declaration of Lon J. Seidman executed on October 15, 2012.

1

Metro Terminals Corp., and the sole members of Debtor Metro Terminals of Long Island, LLC, (the "Borrower Debtors"). The Defendants operate, manage and otherwise control the operations of the Borrower Debtors. (*Id.* ¶7)

The Borrower Debtors are indebted to Plaintiff and Valley National Bank pursuant to the Third Amended and Restated Accounts Financing Agreement, dated May 4, 2012 (the "Bank Debt"). (*Id.* ¶8)

The Defendants personally guaranteed the Borrower Debtors' obligations to the Plaintiff with respect to the Bank Debt. In addition, the Bank Debt is guaranteed by Debtors Apollo Petroleum Transport, LLC, Kings Land Realty, Inc., Metro Biofuels LLC, Metro Energy Group LLC, and Metro Plumbing Services Corp. (*Id.* ¶9)

In this Action, the Plaintiff alleges that the Defendants personally guaranteed payment of the Bank Debt, and that because the Borrower Debtors are allegedly in default of the loan agreements evidencing the Bank Debt, the Defendants are now liable to the Plaintiff. (*Id.* ¶10)

The Defendants removed the Action to this Court on October 15, 2012. (*Id.* ¶11)

## ARGUMENT

### THE VENUE OF THE ACTION SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF NEW YORK BECAUSE THE ACTION IS RELATED TO THE DEBTORS' EDNY BANKRUPTCY CASES

Section 1404(a) of title 28 of the United States Code supports a transfer of venue.

Pursuant to 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a); *see also Renaissance Cosmetics, Inc. v. Dev. Specialists Inc.*, 277 B.R. 5, 18 (S.D.N.Y. 2002).

"[M]otions for transfer [of venue] lie within the broad discretion of the district court and are determined on notions of convenience and fairness on a case-by-case basis." *Publicker Indus., Inc. v. Unites States (In re Cuyahoga Equip. Corp.)*, 980 F.2d 110, 117 (2d Cir. 1992).

The following factors are considered in connection with motions to transfer venue under §1404: (i) the convenience of the witnesses; (ii) the location of relevant documents and the relative ease of access to sources of proof; (iii) the convenience of the parties; (iv) the locus of the operative facts; (v) the availability of process to compel attendance of unwilling witnesses; (vi) the relative means of the parties[2]; (vii) a forum's familiarity with the governing law; (viii) the weight accorded a plaintiff's choice of forum; and (ix) trial efficiency and the interests of justice based on a totality of the circumstances. *Renaissance Cosmetics,* 277 B.R. at *18 (citing *Everest Cap. Ltd. v. Everest Funds Mgmt., LLC,* 178 F. Supp. 2d 459 (S.D.N.Y. 2002)); *see also D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 106-07 (2d Cir. 2006) (discussing determinations made under 28 U.S.C. § 1404).

"There is no rigid formula for balancing these factors and no single one of them is determinative. Instead, weighing the balance is essentially an equitable task left to the Court's discretion." *Izkhakov v. Educ. Comm'n for Foreign Med. Graduates*, 2012 U.S. Dist. LEXIS 96993, at *9 (S.D.N.Y. July 10, 2012) (internal quotation marks and citations omitted).

Here, the relevant factors weigh in favor of transferring this Action to the Eastern District of New York.

**The Interests of Justice, Trial Efficiency and the Locus of Operative Facts**
**Each Weigh In Favor of Transferring Venue**

Most importantly, the transfer of this Action to the Eastern District of New York (and subsequent referral to the EDNY Bankruptcy Court) would serve the interests of justice and judicial efficiency.

Venue of the Action should be transferred to the Eastern District because the Action concerns the Bank Debt which lies at the heart of the Debtors' restructuring efforts, over which the EDNY Bankruptcy Court is presiding. The outcome of the Action will affect the Debtors'

---

[2] This factor is relevant only insofar as the court determines that "a disparity exists between the means of the parties in determining venue." *See Everest Cap.,* 178 F. Supp. 2d at 467.

3

Bankruptcy Case because the purpose of this Action is to recover funds from the Defendants that are otherwise recoverable from the Debtors.  Moreover, to the extent that the Defendants are determined to be liable for the debts of the Borrower Debtors, the Defendants will have a claim for contribution or indemnity against the Borrower Debtors' estates.  As a result, the Action could have a direct impact on the assets of the estates.  *See Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.,* 639 F.3d 572, 579 (2d Cir. 2011) (litigation is "related to" a bankruptcy proceeding "if the action's outcome might have any conceivable effect on the bankrupt estate") (internal quotation marks and citation omitted).

A transfer of venue would also remove the risk that inconsistent orders and judgments will be issued by different courts.  Without a transfer of venue, it is possible this Court will reach different conclusions than the EDNY Bankruptcy Court with respect to the Bank Debt at issue in both cases.

In addition, the locus of operative facts militates in favor of transferring venue.  The guarantees at issue in this Action are inextricably intertwined with the Bank Debt.  Because the Bank Debt is at the heart of the EDNY Bankruptcy Case, the locus of operative facts resides in the Eastern District.

Courts have repeatedly granted motions to transfer venue under circumstances like those present here. *See Harvey Bernard, Ltd. v. Rothschild*, 2003 U.S. Dist. LEXIS 2421, at *20 (S.D.N.Y. Feb. 19, 2003) (granting motion to transfer venue to facilitate referral to the bankruptcy court in the transferee district: "First, transfer would promote the interests of justice because the … bankruptcy proceeding would likely be affected by the outcome of this action. Second, … the bankruptcy court is clearly best suited to assess [the issues in this case] in view of its prior experience with the estate."); *Weisman v. Southeast Hotel Props. Ltd. P'ship,* 1992 U.S. Dist. LEXIS 7736, at *19 (S.D.N.Y. June 1, 1992) (granting motion to transfer venue so that "issues presented by plaintiff's complaint, plaintiff's proof of claim and Bear Stearns' indemnity claim can be resolved at one time by one court."); *Foothill Cap. Corp. v. Kidan*, 2004 U.S. Dist.

4

LEXIS 3634, at *12-13 (S.D.N.Y. Mar. 5, 2004) ("Transfer of an action to a district where a related case is pending enables more efficient conduct of pretrial discovery, saves witnesses time and money in both trial and pretrial proceedings … thereby eliminating unnecessary expense to the parties while at the same time serving the public interest.") (internal quotation marks and citation omitted).

Accordingly, the interests of justice, judicial efficiency and the locus of operative facts, each weigh in favor of transfer of venue to the Eastern District.

**The Policy in Favor of Having an Action Related to a Bankruptcy Case Heard by the Bankruptcy Court Weighs in Favor of Transferring Venue**

Where, as here, an action relates to a bankruptcy case, there is a policy in favor of having the action heard by the bankruptcy court presiding over the bankruptcy case. *See In re Cuyahoga Equip. Corp.*, 980 F.2d at 117 (recognizing "the strong bankruptcy code policy that favors centralized and efficient administration of all claims in the bankruptcy case"); *Harvey Bernard*, 2003 U.S. Dist. LEXIS at *19 ("There is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided. . . . Accordingly, cases often have cited the pendency of related actions in another court as strongly supporting the transfer of an action to that court.") (internal quotation marks and citations omitted).

Because the Action has already been removed to this Court, Plaintiff's original choice of forum has no relevance to the Court's analysis. In any event, many courts have held that the policy favoring the transfer of actions related to a pending bankruptcy proceeding is sufficiently compelling to overcome the deference that might otherwise be accorded a plaintiff's choice of forum. *See, e.g., Hart v. Bello*, 2011 U.S. Dist. LEXIS 45471, at *21 (S.D.N.Y. Apr. 27, 2011) ("The weight normally attached to the plaintiff's choice of forum is effectively cancelled out . . . by the presumption that the proceeding should be heard in the same district as the underlying

5

bankruptcy."); *Norkin v. DLA Piper Rudnick Gray Cary, LLP*, 2006 U.S. Dist. LEXIS 14254, at *17 (S.D.N.Y. Mar. 31, 2006) (same); *Lothian Cassidy LLC v. Ransom*, 428 B.R. 555, 561-562 (E.D.N.Y. 2010) (holding that, although plaintiffs chose a New York state court as the forum, "the other factors weigh heavily in favor of transferring the case to the Western District of Texas"); *Renaissance Cosmetics*, 277 B.R. at 18 (granting transfer so that action could be heard by Delaware Bankruptcy Court); *Certain Underwriters at Lloyd's v. ABB Lummus Global, Inc.*, 2004 U.S. Dist. LEXIS 1486, at *33-34 (S.D.N.Y. Feb. 3, 2004) (granting defendant's motion to transfer venue so that the case may be heard in the Bankruptcy Court for the District of Delaware); *Nemsa Establishment v. Viral Testing Sys. Corp.*, 1995 U.S. Dist. LEXIS 11650, at *38 (S.D.N.Y. Aug. 14, 1995) (transferring venue despite deference due to plaintiff's choice of forum).

This is so even where, as here, there exists a contractual forum selection clause supporting the plaintiff's chosen forum. *See Falconwood Fin. Corp. v. Griffin*, 838 F. Supp. 836, 839 (S.D.N.Y. 1993) ("The Supreme Court has held that the parties' contractual agreement that a particular forum shall have 'exclusive jurisdiction' over disputes is a 'significant factor that figures centrally in the district court's calculus' under § 1404(a). . . . However, . . . such a clause is not dispositive of a motion to transfer under § 1404(a).") (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). "The district court also must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" *Id.; see also Foothill Cap. Corp.*, 2004 U.S. Dist. LEXIS at *7-8 (granting motion to transfer notwithstanding the existence of a mandatory forum selection clause).

Thus, based on the general policy favoring transfer of venue of an action related to a bankruptcy case to the district where the bankruptcy case is pending, the defendant's Motion to transfer venue should be granted.

6

## The Other Remaining Factors Are Neutral or Supportive of Transfer of Venue

The remaining factors relevant under section 1404(a), *i.e.*, the convenience of parties and witnesses, location of relevant documents, the availability of process to compel the attendance of unwilling witnesses, the relative means of the parties, and the forum's familiarity with the governing law are essentially neutral or supportive of transfer of venue.

Litigating in the Eastern District of New York is no more inconvenient or expensive for the parties or witnesses than in the Southern District of New York. Indeed, the convenience of parties and witnesses, location of relevant documents, and the availability of process to compel the attendance of unwilling witnesses "all appear to be neutral or to support transfer because the Bankruptcy Court lies 'just across the river' and is 'unlikely to pose additional inconvenience to the parties.'" *Hart*, 2011 U.S. Dist. LEXIS at *17 (internal quotation marks and citation omitted); *see also Norkin,* 2006 U.S. Dist. LEXIS at *17 ("[G]iven that the courthouses for this District and the District of Connecticut are only 61 miles apart, there is no reason to believe that transfer would have a substantial adverse impact on either party's ability to prosecute or defend the case."); *Harvey Bernard*, 2003 U.S. Dist. LEXIS at *19 ("convenience of the parties and witnesses would not be greatly affected by a transfer from the Southern District of New York across the river to the District of New Jersey").

In addition, neither the Southern District court nor Eastern District court has special familiarity with the governing law concerning the Defendant's guarantees at issue in this Action. On the other hand, the EDNY Bankruptcy Court has a substantial advantage over this Court with respect to familiarity with the *facts*, because the guarantees concern the very Bank Debt that is at the heart of the EDNY Bankruptcy Cases. Thus, the neutrality of this §1404(a) factor is far outweighed by factors favoring of transfer to the Eastern District.

SB/1223343.4/062328

## CONCLUSION

For all the foregoing reasons, the Defendants' Motion should be granted, and the venue of the Action should be transferred to the Eastern District of New York.

Dated: New York, New York
October 15, 2012

Respectfully submitted,

**SILVERMANACAMPORA LLP**
Counsel to Defendants

By: /s/ Lon J. Seidman
       Lon J. Seidman
       A Member of the Firm
       100 Jericho Quadrangle, Suite 300
       Jericho, New York  11753
       (516) 479-6300