UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
NEW YORK COMMERCIAL BANK,

                                                Plaintiff,

  - against -                                          Case No.: 12-Civ-7693 (LTS) (FM)

PAUL J. PULLO and GENE V. PULLO,

                                                Defendants.
------------------------------------------------------------------------x

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT

SILVERMANACAMPORA LLP
Attorneys for Defendants Paul J. Pullo and Gene V. Pullo
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300

GSG/1227893.4/062328

# **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ...................................................................................................1

**STATEMENT OF FACTS** ..........................................................................................................1

    A. The Debtors, Their Bankruptcy Cases and the Bank Debt..........................................1

    B. The Defendants and their Guaranties .........................................................................3

    C. The Alleged Acceleration of the Bank Debt ...............................................................4

**PROCEDURAL STATUS** ..........................................................................................................4

**ARGUMENT**

**PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE PLAINTIFF HAS NOT PROVEN THE BORROWER DEBTORS' DEFAULT AND BECAUSE THE GUARANTIES ARE NOT INSTRUMENTS FOR THE PAYMENT OF MONEY ONLY**..........................................................4

    A. The Summary Judgment Standard..............................................................................5

    B. Plaintiff's Motion Should Be Denied Because Plaintiff Has Not Proven the Borrower Debtors' Default ..........................................................................................5

    C. Plaintiff's Motion Should Also Be Denied Because Establishing Liability on the Guaranties Requires Resort to Extrinsic Documents, and the Guaranties Are Thus Not Instruments For The Payment of Money Only .............................................7

**CONCLUSION**............................................................................................................................9

i

# TABLE OF AUTHORITIES

**Cases**

*Bonds Financial, Inc. v. Kestrel Tech., LLC*,
   48 A.D.3d 230 (1st Dep't 2008) ........................................................................................... 8

*Braham v. Clancy*,
   425 F.3d 177 (2d Cir. 2005) .................................................................................................. 5

*Com/Tech Comm. Tech, Inc. v. Wireless Data Sys.*,
   163 F.3d 149 (2d Cir. 1998) .................................................................................................. 5

*E.D.S. Security Sys., Inc. v. Allyn*,
   262 A.D.2d 351 (2d Dep't 1999) ........................................................................................... 6

*Estate of Broche v. Tai*,
   98 A.D.3d 601 (2nd Dep't 2012) ........................................................................................... 7

*Kerin v. Kaufman*,
   296 A.D.2d 336 (1st Dep't 2002) ........................................................................................... 8

*Larkfield Manor, Inc. v. KBK Enters., LLC*,
   5 A.D.3d 444 (2nd Dep't 2004) ............................................................................................. 8

*Lipsky v. Ajax Elec. Motor Corp.*,
   225 A.D.2d 1055 (4th Dep't 1996) ........................................................................................ 8

*Manufacturers Hanover Trust Co. v. Hixon*,
   124 A.D.2d 488 (1st Dep't 1986) ........................................................................................... 8

*Miller v. Steloff*,
   686 F.Supp. 91 (S.D.N.Y. 1988) ........................................................................................... 5

*Sun Forest Corp. v. Shvili*,
   152 F.Supp.2d 367 (S.D.N.Y. 2001) ..................................................................................... 5

*Superior Fidelity Assur., Ltd. v. Schwartz*,
   69 A.D.2d 924 (2d Dep't 2010) ......................................................................................... 6, 7

*Tech. Tape, Inc. v. Great Spray Tuck, Inc.*,
   131 A.D.2d 404 (1st Dep't 1987) ....................................................................................... 8-9

*USA Auto Funding, LLC v. Capital City Coach Lines, Inc.*,
   801 N.Y.S.2d 782 (N.Y. Sup. Ct. 2005) ............................................................................... 7

*Weissman v. Sinorm Deli, Inc.*,
   88 N.Y.2d 437 (1996) ............................................................................................................ 8

**Statutes**

CPLR §3213 .................................................................................................................. *passim*

Fed. R. Civ. P. 56 ....................................................................................................................... 5

GSG/1227893.4/062328

95-88888-cgm Doc 1099 Filed 12/04/12 Entered 12/04/12 17:20:00 Doc. #5 -
Case 1:12-cv-07693-LTS  Document 7  Filed 10/24/12  Page 4 of 13
Memo in Opp    Pg 4 of 13

**PRELIMINARY STATEMENT**

Defendants Paul J. Pullo and Gene V. Pullo (the "Defendants") by and through their counsel, SilvermanAcampora LLP, respectfully submit this memorandum of law in opposition to plaintiff's motion (the "Motion") seeking an order pursuant to Civil Practice Law and Rules ("CPLR") §3213 granting summary judgment in lieu of complaint against the Defendants pursuant to guaranties of the debt of Metro Fuel Oil Corp., Metro Terminals Corp., and Metro Terminals of Long Island, LLC, (the "Borrower Debtors").

Plaintiff New York Commercial Bank ("Plaintiff") alleges that because the Borrower Debtors committed certain non-monetary defaults that purportedly triggered an acceleration of the Borrower Debtors' line of credit, the Defendants are jointly and severally liable under their guaranties for no less than $31,746.929.25.

Plaintiff's Motion should be denied for two related reasons. First, the Plaintiff has failed to establish the Borrower Debtors' default on the underlying obligation, proof of which requires extrinsic evidence that Plaintiff has not provided. Second, the Defendants' guaranties do not qualify as "instruments for the payment of money only" under CPLR §3213 because reference to multiple other documents is required to determine whether a default of the underlying obligations—triggering liability under the guaranties—has in fact occurred.

For these reasons, and as further explained below, Plaintiff's Motion seeking relief under the expedited procedure of CPLR §3213 should be denied.

**STATEMENT OF FACTS**

**A.    The Debtors, Their Bankruptcy Cases and the Bank Debt**

On September 27, 2012, Metro Fuel Oil Corp. and its debtor affiliates (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the EDNY Bankruptcy Court. On September 28, 2012, the EDNY Bankruptcy Court entered an order authorizing the joint administration of the Debtors' bankruptcy cases (ECF

Doc. No. 29). (Seidman Decl.[1] ¶5.)

The Debtors' jointly administered bankruptcy cases have been assigned Case No. 12-46913, and are pending before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge. (*Id.* ¶6.)

Certain of the Debtors, *i.e.*, the Borrower Debtors, are indebted to Plaintiff pursuant to the Third Amended and Restated Accounts Financing Agreement, dated May 4, 2012 (the "Financing Agreement" or "Bank Debt"). (*Id.* ¶8.)

Pursuant to the Financing Agreement, the Plaintiff agreed to extend to the Borrower Debtors a borrowing base formula revolving line of credit in the maximum principal amount of $55,000,000. Section 2 of the Financing Agreement sets forth a formula, based upon a percentage of net accounts receivable of the Borrower Debtors, pursuant to which the amount extended under the Line of Credit during any particular time period is to be calculated. (Baltz Aff. Ex. 1 at §2.)[2]

Among the representations, warranties and covenants in the Financing Agreement is an obligation of the Borrower Debtors to furnish:

> B. "a summary of accounts receivable agings, including, without limitation, reflecting receivables of Metro BioFuels LLC, a biofuels feedstock inventory report and a borrowing base certificate on the 15th and final day of each month for the preceding fifteen-day period;
>
> C. "biofuels feedstock inventory reports on the 15th and final day of each month for the preceding fifteen-day period . . . ."

(*Id.* at §6.3.)

The Financing Agreement also provides, in relevant part, that

> "All Obligations shall be at the Bank's option immediately due and

---

[1] "Seidman Decl." refers to the Declaration of Lon J. Seidman executed on October 17, 2012, filed in support of Defendants' Motion to Transfer Venue to the Eastern District of New York. (*See* ECF Doc. No. 5.)

[2] "Baltz Aff." refers to the Affidavit of Andrew Baltz in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint, annexed as Exhibit A to Defendants' Notice of Removal, filed on October 15, 2012. (*See* ECF Doc. No. 1.)

2

> payable without notice or demand . . . upon the occurrence of any Event of Default as defined in the Covenant Supplement hereto."

(*Id.* at §8.1.)

The Covenant Supplement defines "Event of Default" to include

> "the occurrence of any one or more of the following . . . . [A] Borrower, Guarantor or any other person at any time liable on or in respect of the Obligations shall fail to observe or perform in any material respect any covenants or agreements contained in this Agreement, **the other Loan Documents** or in any other document, instrument or mortgage referred to herein or therein . . . ."

(*Id.* Ex. 2 at §4.1) (emphasis added).)

"Loan Documents," in turn, is defined in the Financing Agreement to mean

> "**this Third Amended and Restated Accounts Financing Agreement and Covenant Supplement hereto, the Security Agreements, the Guarantees, the Secured Line of Credit Note, the Mortgages, the New Secured Term Notes, the First Mortgage Note and the Subordination Agreements together with all other agreements**, documents and instruments now or at any time hereafter executed and delivered in connection therewith or related thereto, as the same now exist or may hereafter be amended, modified, supplemented, extended, renewed, restated or replaced."

(*Id.* Ex. 1 at §1.20) (emphasis added).)

### B. **The Defendants and their Guaranties**

The Defendants are majority shareholders of, and operate, manage and otherwise control the operations of, the Borrower Debtors. (Seidman Decl. ¶7.)

The Defendants personally guaranteed the Borrower Debtors' obligations to the Plaintiff with respect to the Bank Debt, pursuant to the guaranty agreements which are annexed to the Plaintiff's moving papers (the "Guaranties").[3] (Baltz Aff. Exs. 6 & 7.)

---

[3] The Bank Debt is also guaranteed by Debtors Apollo Petroleum Transport, LLC, Kings Land Realty, Inc., Metro Biofuels LLC, Metro Energy Group LLC, and Metro Plumbing Services Corp. (Seidman Decl. ¶9.)

3

### C. The Alleged Acceleration of the Bank Debt

In this Action, Plaintiff alleges vaguely that the Borrower Debtors committed certain non-monetary defaults that accelerated the Borrower Debtors' payment obligations on the Bank Debt, and that the amount due and owing as of September 30, 2012 was no less than $31,746,929.25.

By this Motion, Plaintiff seeks to hold the Defendants jointly and severally liable for that amount, pursuant to their Guaranties.

## PROCEDURAL STATUS

This Action was commenced on or about October 1, 2012 by Plaintiff filing a summons and notice of motion for summary judgment in lieu of complaint with the New York County Clerk.

The Defendants removed the Action to this Court on October 15, 2012.

On October 17, 2012, the Defendants filed a motion to transfer venue to the Eastern District of New York, so that the Action could be referred to the Bankruptcy Court, which is presiding over the Debtors' related bankruptcy cases in which the Bank Debt is a central issue.

The motion to transfer the venue of this Action is currently pending.

## ARGUMENT

### PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE PLAINTIFF HAS NOT PROVEN THE BORROWER DEBTORS' DEFAULT AND BECAUSE THE GUARANTIES ARE NOT INSTRUMENTS FOR THE PAYMENT OF MONEY ONLY

CPLR §3213 is an extremely limited procedure narrowly delineated to expedite judgment only in those cases where it is incontrovertible, on the face of an instrument, that the defendant owes the sum demanded. This is not such a case. First, Plaintiff has failed to demonstrate a basic prerequisite of recovery against a guarantor—that the Borrower Debtors (the prime obligors) are in fact in default on the underlying obligation. Second, the Guaranties at issue in this Action are not instruments for the payment of money only, as required for relief under CPLR §3213, because reference to many other documents is required to determine whether there is

liability thereunder.

### A. The Summary Judgment Standard

"It is well established that the district court 'takes [a removed] action in the posture in which it existed when it is removed from a state court's jurisdiction and must give effect to all actions and procedures accomplished in a state court prior to removal.'" *Sun Forest Corp. v. Shvili*, 152 F.Supp.2d 367, 387 (S.D.N.Y. 2001) (quoting *Miller v. Steloff*, 686 F.Supp. 91, 93 (S.D.N.Y. 1988)). This Court must therefore evaluate the merits of Plaintiff's motion as if it had been originally filed in this District. However, "when an action commenced in state court as a motion for summary judgment in lieu of complaint is removed to federal court, subsequent proceedings are governed by the familiar standard set forth in Fed. R. Civ. P. 56." *Sun Forest Corp*, 152 F. Supp. 2d at 390. see also *Com/Tech Comm. Tech, Inc. v. Wireless Data Sys.*, 163 F.3d 149, 151 (2d Cir. 1998).

Under Federal Rule of Civil Procedure 56(c), summary judgment may only be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party opposing summary judgment "may not rest upon mere allegations or denials." Rather, the opposing party must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). When determining whether a genuine issue of material fact exists, the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Braham v. Clancy*, 425 F.3d 177, 181 (2d Cir. 2005) (internal citations omitted).

### B. Plaintiff's Motion Should Be Denied Because Plaintiff Has Not Proven the Borrower Debtors' Default

Plaintiff's Motion for summary judgment in lieu of complaint should be denied because Plaintiff has failed to submit evidence to prove the Borrower Debtors' purported non-monetary

5

default on the underlying obligation.

In order to establish a *prima facie* case on a guaranty pursuant to CPLR §3213, the movant must establish the existence of the underlying obligation, the guaranty, and a failure to make payments according to the terms of those instruments. *See Superior Fidelity Assur., Ltd. v. Schwartz,* 69 A.D.3d 924, 925 (2d Dep't 2010); *E.D.S. Security Sys., Inc. v. Allyn*, 262 A.D.2d 351, 351 (2d Dep't 1999).

Here, Plaintiff's Motion should be denied because the Plaintiff has failed to prove the Borrower Debtors' alleged default in connection with the underlying Bank Debt. The Line of Credit that forms the basis for this guaranty Action has not yet matured. The Line of Credit Maturity Date is December 1, 2013. (*See* Baltz Aff. Ex. 1 at §1.19.) Despite non-maturity of the Line of Credit, Plaintiff seeks judgment under the Guaranties, based on conclusory allegations that the amounts due under the Line of Credit have become accelerated based on alleged non-monetary defaults under the loan documents related to the Bank Debt.

Indeed, Plaintiff alleges without any supporting evidence that "the Borrowers [the Borrower Debtors] intentionally and willfully provided NYCB with false information regarding Borrowers' accounts receivable in order to increase Borrowers' borrowing base, allowing Borrowers to obtain advances under the Line of Credit far in excess of the amount permitted under the AFA." (Baltz Aff. ¶23.)

Plaintiff has submitted no evidence, however, to establish: (a) what false information was submitted to the Plaintiff by the Borrower Debtors; (b) that the Borrower Debtors in fact submitted such false information intentionally or willfully; and/or (c) the amount of advances the Borrower Debtor allegedly received in excess of the amount permitted under the Line of Credit.

Plaintiff further alleges that the "Borrowers are also in default for failing to deliver to NYCB the reporting required by Sections 6.3(a)(i) and 6.3(a)(ii) of the Financing Agreement . . . ." (*Id.* ¶24.) Yet Plaintiff has not identified the specific documents the Borrower Debtors allegedly failed to provide, and/or when they allegedly failed to provide them.

6

Thus, Plaintiff has failed to submit evidence to prove the Borrower Debtors' alleged default that accelerated the maturity date of the underlying Line of Credit. As a result, Plaintiff's attempt to impose expedited liability for more than $31 million against the Defendant guarantors on this Motion should be denied. *See, e.g., Estate of Broche v. Tai,* 98 A.D.3d 601, 601 (2nd Dep't 2012) (affirming denial of §3213 motion seeking to recover on a guaranty and affirming grant of cross-motion for summary judgment where defendant proved that payment pursuant to underlying mortgage and note was not due); *Superior Fidelity Assur., Ltd.,* 69 A.D.2d at 926 (reversing grant of CPLR §3213 motion seeking judgment on guaranties where movant failed to prove the liability of the primary obligor pursuant to acceleration clause in promissory note); *USA Auto Funding, LLC v. Capital City Coach Lines, Inc.*, 801 N.Y.S.2d 782, 782 (N.Y. Sup. Ct. 2005) (denying summary judgment on guaranties where plaintiff failed to establish that the primary obligor has defaulted, "with the issue of what payments were made and when remaining to be decided").

Because the Plaintiff has failed to prove the Borrower Debtors' default on the underlying obligation, Plaintiff's motion seeking summary judgment on the Guaranties should be denied.

### C. Plaintiff's Motion Should Also Be Denied Because Establishing Liability on the Guaranties Requires Resort to Extrinsic Documents, and the <u>Guaranties Are Thus Not Instruments For The Payment of Money Only</u>

Plaintiff's Motion should also be denied because the Defendants' Guaranties do not qualify as instruments for the payment of money only, as resort to extrinsic evidence is required to establish the Borrower Debtors' alleged underlying liability. CPLR §3213 provides that "when an action is based upon an instrument for the payment of money only . . . the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint." (McKinney's, 2012.)

Under New York law, a guaranty will *not* qualify as an instrument for the payment of money only when documents extrinsic to the guaranty are necessary to establish a default.

7

See *Kerin v. Kaufman*, 296 A.D.2d 336, 337 (1st Dep't 2002) (CPLR §3213 treatment is "foreclosed if the liabilities and obligations can only be ascertained by resort to evidence outside the instrument, or if more than simple proof of nonpayment or a *de minimis* deviation from the face of the document is involved") (quoting *Weissman v. Sinorm Deli, Inc.*, 88 N.Y.2d 437, 444 (1996)).

For example, in *Manufacturers Hanover Trust Co. v. Hixon*, 124 A.D.2d 488 (1st Dep't 1986), the court reversed the district court's grant of plaintiff's CPLR §3213 motion where the promissory note stated that it was "secured by the mortgage whose terms 'will be considered part of this Note,'" and that the "principal sum shall become due and payable 'in the event of a default as defined in the mortgage.'" *Id.* at 488. The court held that, "since the note specifically states that reference be made to the mortgage to define default . . . . resort to the mortgage is necessary to establish a *prima facie* case," and the lower court therefore erred in granting summary judgment. *Id.* at 489.

Similarly, in *Bonds Financial, Inc. v. Kestrel Tech., LLC*, 48 A.D.3d 230 (1st Dep't 2008), the court affirmed the district court's denial of a CPLR §3213 motion, because the subject note referred to an extrinsic document to define the events of default, *i.e.*, an acceleration clause in a separate revolving credit agreement that "outline[d] several default events other than the mere failure to make payments." *Id.* at 231; *see also Larkfield Manor, Inc. v. KBK Enters., LLC*, 5 A.D.3d 444, 445 (2nd Dep't 2004) (proof of note and failure to pay did not establish plaintiff's *prima facie* case on a CPLR §3213 motion because "the note, by its express terms, required that reference be made to the mortgage to define a default"); *Lipsky v. Ajax Elec. Motor Corp.*, 225 A.D.2d 1055, 1056 (4th Dep't 1996) (where reference to subordination agreements was necessary to establish that a default on a promissory note had occurred, "plaintiff's *prima facie* case consisted of more than proof of notes and a failure to make the payments called for by its terms," and was not suitable for disposition under CPLR §3213) (internal quotation marks and citation omitted); *Tech. Tape, Inc. v. Great Spray Tuck, Inc.*, 131 A.D.2d 404, 406 (1st Dep't

8

1987) (note not instrument for payment of money only where the note was expressly subject to the terms and conditions of an asset purchase agreement by which defendant acquired assets of plaintiff's subsidiary).

The reasoning of the above cases applies here. The Financing Agreement provides that an "Event of Default" shall be deemed to have occurred if the borrower "shall fail to observe or perform in any material respect any covenants or agreements contained in this Agreement, **the other Loan Documents or in any other document**, instrument or mortgage referred to herein or therein . . . ." (Baltz. Aff. Ex. 2 at §4.1(b) (emphasis added).)

The referenced "Loan Documents" include no fewer than **eight unique documents**, a breach of any one of which could constitute an "Event of Default" triggering Defendants' liability under the Guaranties. (*See id.* Ex. 1 at §1.20.) As in the above cited cases, because the Financing Agreement refers to numerous extraneous documents in defining an "Event of Default," neither the Financing Agreement nor the Guaranties of the Financing Agreement qualify as instruments for the payment of money only.

Moreover, as discussed *supra*, Plaintiff alleges that the Borrower Debtors defaulted by providing false information regarding their accounts receivable in order to increase their borrowing base. Thus, Plaintiffs' own allegations make clear that analysis of the accounts receivable documents, extrinsic to the suite of loan documents themselves, is required to establish the Borrower Debtors' default—and, consequently, to establish the Defendants' purported liability on their Guaranties.

For this second reason, Plaintiff's Motion seeking relief under CPLR §3213 should be denied.

## **CONCLUSION**

Plaintiff's Motion seeking to impose more than $31 million of liability against the Defendants, in expedited fashion pursuant to CPLR §3213, should be denied because Plaintiff has submitted no evidence establishing that the Borrower Debtors committed a non-monetary

9

default that accelerated the Line of Credit, triggering Defendants' liability on the Guaranties.  In addition, the Motion should be denied because the Guaranties—which require reference to other, extrinsic documents in order to establish whether a pre-maturity event of default has occurred—do not qualify as instruments for the payment of money only under CPLR §3213.

For all the foregoing reasons, the Plaintiff's Motion should be denied, and the Defendants should be awarded such other and further relief as is appropriate under the circumstances.

Dated:  New York, New York
       October 24, 2012

Respectfully submitted,

**S**ILVERMAN**A**CAMPORA **LLP**
Attorneys for Defendants

By:  *s/ Lon J. Seidman*
     Lon J. Seidman
A Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York  11753
(516) 479-6300

GSG/1227893.4/062328