95-88888.com 1 Doc 11-1 Filed 02/04/13 Entered 02/04/13 11:43:30 nto rem Pg
Case 1:12-cv-08517-RA Document 0 Filed 04/24/13 Page 1 of 30
1 of 30

JUDGE ABRAMS

**STEPHANOS ZANNIKOS, ESQ.**
420 Lexington Avenue, Suite 2220
New York, New York 10170
(212) 235-5300

12 CW 8517

RECEIVED
NOV 21 2012
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRIDE TECHNOLOGIES, LLC

Plaintiff,

NEW YORK
COUNTY CLERK'S OFFICE

NOV 21 2012

NOT COMPARED
WITH COPY FILE

-against-

TOM DEANGELIS,

Defendant.

CIVIL ACTION

Case No.:

<u>Notice of Removal of State Court Action to U.S. District Court</u>

PLEASE TAKE NOTICE that Pride Technologies, LLC ("Plaintiff"), through its undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. § 1334(b) and Federal Rule of Bankruptcy Procedure 9027(a). Plaintiff hereby removes to the District Court of the Southern District of New York (the "District Court") all claims and causes of action in the civil action captioned *Pride Technologies, LLC v. Tom Deangelis,* Index No.: 12101521, pending in the Supreme Court of the State of New York, County of New York (the "State Court Action"). The grounds for removal are as follows:

<u>JURISDICTION AND BACKGROUND</u>

1.    The State Court Action, initially filed on February 9, 2012, by Plaintiff against Tom Deangelis, ("Defendant") sought relief based upon claims of breach of contract, unjust enrichment, conversion, money had and received and breach of fiduciary duty.   The State Court Action seeks to recover $26,909.85 and is in its early stages.

2.    On May 7, 2012, Defendant filed a petition for relief under Chapter 7, Title 11, of the United States Code, in the United States Bankruptcy Court of New Jersey.  The Defendant's bankruptcy

case was administered under the caption *In Re: Thomas DeAngelis and Nida L DeAngelis,* Case No. 12-21884 ("Bankruptcy Proceedings") and referred to the Honorable Raymond T. Lyons Jr. for all purposes.

3.     The District Court has subject matter jurisdiction over the State Court Action and the claims and causes of action asserted therein pursuant to 28 U.S.C. § 1334(b), in that they are related to the Bankruptcy Proceedings, filed under Title 7 of the United States Code.

4.     On August 24, 2012, the Bankruptcy Court of New Jersey granted Defendant a discharge under 11 U.S.C. § 727 of title 11 of the United States Bankruptcy Code.

5.     This notice of removal has been timely filed in that it has been submitted "within ninety (90) days after the order for relief…under the Code" pursuant to Bankruptcy Rule 9027(a)(2)(A).

6.     Thus, removal of the State Court Action is appropriate under 28 U.S.C. § 1452(a), which allows for the removal of claims and causes of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power.

7.     The District Court has jurisdiction over the State Court Action pursuant to 28 U.S.C. §§ 1334 and 1452(a).

8.     The District Court derives its authority to hear and determine the State Court Action on reference from the District Court pursuant to 28 U.S.C. §§ 157(a) and (b)(1) and the District Court's General Order of Reference.

<u>**VENUE**</u>

9.     Venue for removal purposes is proper in this District Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027(a), because the State Court Action is pending in a court in this district. In addition, the District Court has jurisdiction under 28 U.S.C. § 1334.

<u>**CORE/NON-CORE PROCEEDINGS**</u>

10.     This action is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(I) and (J) and Plaintiff does consent to the entry of final orders or judgment by the bankruptcy judge if it is

95-88888.com 1:Doc 1-1 Filed 02/04/13 Entered 02/04/13 11:43:30 ntcrem Pg
Case 1:12-cv-08517-RA Document 1 Filed 04/04/13 Page 3 of 30
3 of 30

determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## MISCELLANEOUS REQUIREMENTS

11.     All prerequisites for removal under 28 U.S.C. § 1452 and Bankruptcy Rule 9027 and other applicable provisions of law have been met.

12.     Plaintiff will promptly file a true and correct copy of this Notice of Removal with the Clerk of the Court from which the State Court Action is to be removed.

13.     Plaintiff will promptly serve a true and correct copy of this Notice of Removal upon counsel for all parties with an interest in the removed State Court Action.

14.     Pursuant to Bankruptcy Rule 9027(a), copies of all process and pleadings in the underlying State Court Action are annexed hereto under the following exhibits.

|   |   |   |
|---|---|---|
| a. | Exhibit A: | Plaintiff's Summons & Complaint |
| b. | Exhibit B: | Affidavit of Service |
| c. | Exhibit C: | Defendant's Answer |
| d. | Exhibit D: | Plaintiff's Answer to Defendant's Counterclaim |
| e. | Exhibit E: | Notice of Automatic Stay |

WHEREFORE, Plaintiff removes the State Court Action to the United State District Court for the Southern District of New York, and requests that the State Court Action be transferred and referred to the United State Bankruptcy Court for the Southern District of New York pursuant to 28 U.S.C. § 157(a) and the District Court's General Order of Reference.

Dated: New York, New York
        November 21, 2012

STEPHANOS ZANNIKOS, ESQ.
Counsel for Pride Technologies, LLC
420 Lexington Avenue, Suite 2220
New York, New York 10170
(212) 235-5300 Ext. 107

By:     _____
        Stephanos Zannikos

# EXHIBIT A

95-88888.com 1: Doc 1-1 Filed 02/04/13 Entered 02/04/13 11:43:30 ntorem Pg
Case 1:12-cv-08517-TN Document Filed 02/04/13 Page 5 of 30
5 of 30

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

*Index No.*
*12/015 21*

---------------------------------------------------------------X

PRIDE TECHNOLOGIES, LLC,

                          Plaintiff,

            - against -

TOM DEANGELIS,

                          Defendant.

Plaintiff designates
COUNTY OF NEW YORK
as the place of trial

The basis of the venue is
Plaintiff's principal place of
business

**SUMMONS**
Plaintiff's principal place of
business:
240 Lexington Avenue, Suite 2220
x Lexington Avenue, New York

---------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANT:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       February 7, 2012

By: _____
        Stephanos Zannikos, Esq.
*Attorney for Plaintiff Pride Technologies, LLC*
      420 Lexington Avenue, Suite 2220
        New York, New York 10170
         Tel (212) 235-5300
         Fax (212) 661-2170

NEW YORK
COUNTY CLERK'S OFFICE

FEB 10 2012

NOT COMPARED
WITH COPY FILE

95-88888.com 1 Doc 11-1 Filed 02/04/13 Entered 02/04/13 11:43:30 nto rem Pg
Case 1:12-cv-08517-RA Document 1 Filed 11/21/12 Page 6 of 30
6 of 30

**Defendant's Addresses:**

**Tom Deangelis**
**416 Bella Vista Road**
**Brick, NJ 08724**

95-88888.com 1 Doc 11-1 Filed 02/04/13 Entered 02/04/13 11:43:30 nto rem Pg
Case 1:12-cv-08517-RA Document 1 Filed 02/04/13 Page 7 of 30
7 of 30

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------X

PRIDE TECHNOLOGIES, LLC,

        Plaintiff

    -against-

TOM DEANGELIS,

        Defendant.

----------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

12101521

NEW YORK
COUNTY CLERK'S OFFICE

FEB 10 2012

NOT COMPARED
WITH COPY FILE

        Pride Technologies, LLC ("Plaintiff") by and through its attorney, Stephanos Zannikos, as and for its Complaint against Tom Deangelis ("Defendant"), alleges as follows:

    1.    Plaintiff brings this action against Defendant to recover damages for breach of contract, unjust enrichment, conversion, money had and received and breach of fiduciary duty.

    2.    This Court has jurisdiction over this action pursuant to C.P.L.R. § 301.

    3.    This action properly lies in the County of New York pursuant to CPLR § 503, because Plaintiff's principal office is located in New York County.

    4.    Plaintiff is a foreign corporation organized and existing under and by virtue of the laws of the State of Delaware.

    5.    Plaintiff maintains its principle place of business at 420 Lexington Avenue, Suite 2220, New York, New York 10170.

    6.    Plaintiff is an information technology ("IT") firm that provides IT staffing and recruiting services to its various clients.

    7.    On or about October 1, 2007, Defendant commenced his employment with Plaintiff.

95-88888.com 1 Doc 11-1 Filed 02/04/13 Entered 02/04/13 11:43:30 nto rem Pg
Case 1:12-cv-08517-RJH Document Filed 04/24/13 Page 8 of 30
8 of 30

8. Plaintiff employed Defendant as a recruiter, during which time he recruited IT professionals that met the pre-specified qualifications of Plaintiff's clients.

9. During Defendant's employment, Plaintiff and Defendant entered into an agreement wherein Defendant agreed to manage a contingent of Plaintiff's IT professionals in which he originated the requisition that led to their placement or that he successfully recruited.

10. In return, Plaintiff agreed to pay Defendant a book management fee.

11. Defendant's book management fee consisted of a percentage of the placement fee Plaintiff received from its clients for those IT professionals Defendant originated or recruited.

12. From on or about September 30, 2010, through June 30, 2011, Plaintiff over compensated Defendant in the amount of $26,909.85 by paying him book management fees for IT professionals he did not manage, originate and/or recruit.

13. Defendant received and accepted the book management fees despite the fact that he did not provide the services upon which they were based.

14. Upon information and belief, Plaintiff transferred the funds directly to Defendant.

15. Upon information and belief, while employed with Defendant, Plaintiff maintained a position with another employer.

16. Upon information and belief, Defendant received and accepted book management fees from Plaintiff, despite the fact that his dual employment caused him to neglect his obligation to manage Plaintiff's IT professionals.

17. Upon information and belief, Defendant paid Plaintiff substantial book management fees for work hours Plaintiff devoted to his other employer and not Defendant.

95-88888.com 1 Doc 1-1 Filed 02/04/13 Entered 02/04/13 11:43:30 ntorem Pg
Case 1:12-cv-03517-RJD Document Filed 02/04/13 Page 9 of 30
9 of 30

## AS AND FOR THE FIRST CAUSE OF ACTION
### (Breach of Contract)

18.    Plaintiff repeats and realleges each and every allegation contained herein.

19.    During Defendant's employment, Plaintiff and Defendant entered into an agreement wherein Defendant agreed to manage a contingent of Plaintiff's IT professionals in which he originated the requisition that led to their placement or that he successfully recruited.

20.    In return, Plaintiff agreed to pay Defendant a book management fee, which consisted of a percentage of the placement fee Plaintiff received from its clients for those IT professionals Defendant originated or recruited.

21.    From on or about September 30, 2010, through June 30, 2011, Plaintiff over compensated Defendant in the amount of $26,909.85 by paying him book management fees for IT professionals he did not manage, originate and/or recruit.

22.    Upon information and belief, Defendant also received and accepted book management fees from Plaintiff, despite the fact that his dual employment caused him to neglect his obligation to manage Plaintiff's IT professionals.

23.    Accordingly, Plaintiff paid Defendant book management fees for IT professionals he did not manage, originate and/or recruit.

24.    Defendant breached the agreement by accepting the book management fees despite the fact that he did not provide the services upon which they were based.

25.    Accordingly, Plaintiff suffered damages in an amount to be determined at trial but in no event to be less than $26,909.85.

95-88888-cgm Doc 1a1 Filed 02/04/13 Entered 02/04/13 11:43:30 ntg rem Pg
Case 1:12-cv-08517-RA Document Filed 02/04/13 Page 10 of 30
10 of 30

## AS AND FOR THE SECOND CUASE OF ACTION
### (Unjust Enrichment)

26.     Plaintiff repeats and realleges each and every allegation contained herein.

27.     During Defendant's employment, Defendant agreed to manage a contingent of Plaintiff's IT professionals in which he originated the requisition that led to their placement or that he successfully recruited.

28.     In return, Plaintiff paid Defendant a book management fee, which consisted of a percentage of the placement fee Plaintiff received from its clients for those IT professionals Defendant originated or recruited.

29.     From on or about September 30, 2010, through June 30, 2011, Plaintiff over compensated Defendant in the amount of $26,909.85 by paying him book management fees for IT professionals he did not manage, originate and/or recruit.

30.     Upon information and belief, Defendant also received and accepted book management fees from Plaintiff, despite the fact that his dual employment caused him to neglect his obligation to manage the IT professionals he originated and/or recruited.

31.     Accordingly, Plaintiff over compensated Defendant by paying him book management fees for IT professionals he did not manage, originate and/or recruit.

32.     Plaintiff's payment for services that were never performed enriched Defendant.

33.     Plaintiff enriched Defendant at its expense by remitting substantial amounts of its own funds.

34.     Equity and good conscience militate against permitting Defendant to retain what Plaintiff is seeking to recover especially when, as here, Defendant did not perform any services for the funds it received from Plaintiff.

95-88888-cgm Doc 1a1 Filed 02/04/13 Entered 02/04/13 11:43:30 atcrem Pg
Case 1:12-cv-03517-RJD Document 1 Filed 02/04/13 Page 11 of 30
11 of 30

35. Accordingly, Plaintiff suffered damages in an amount to be determined at trial but in no event to be less than $26,909.85.


## AS AND FOR THE THIRD CAUSE OF ACTION
### (Conversion)

36. Plaintiff repeats and realleges each and every allegation contained herein.

37. From on or about September 30, 2010, through June 30, 2011, Plaintiff inadvertently sent Defendant $26,909.85 of its funds.

38. Plaintiff demanded that Defendant return the monies forwarded.

39. Defendant exercised dominion and control over the monies inadvertently forwarded by refusing to comply with Plaintiff's demand.

40. Accordingly, Plaintiff suffered damages in the amount of $26,909.85.


## AS AND FOR THE FOURTH CAUSE OF ACTION
### (Money Had and Received)

41. Plaintiff repeats and realleges each and every allegation contained herein.

42. During Defendant's employment, Plaintiff agreed to pay Defendant a book management fee to manage a contingent of Plaintiff's IT professionals in which Defendant originated the requisition that led to their placement or that he successfully recruited.

43. From on or about September 30, 2010, through June 30, 2011, Defendant received an overpayment in book management fees totaling $26,909.85 in Plaintiff's funds.

44. Defendant benefited by receiving $26,909.85 of Plaintiff's funds for services he did not render.

95-88888-cgm   Doc 1a1   Filed 02/04/13   Entered 02/04/13 11:43:30   ntc rem   Pg
Case 1:12-cv-08517-RA   Document   Filed 01/24/11   Page 2 of 30
12 of 30

45.     Under the principles of equity and good conscience Defendant should not be permitted to keep the money especially when, as here, Defendant did not perform any services for the funds it received from Plaintiff.

46.     Accordingly, Plaintiff suffered damages in the amount of $26,909.85.

### AS AND FOR THE FIFTH CAUSE OF ACTION
#### (Breach of Fiduciary Duty)

47.     Plaintiff repeats and realleges each and every allegation contained herein.

48.     Due to the parties' employer-employee relationship, Plaintiff owed Defendant a fiduciary duty.

49.     During Plaintiff's employment, Defendant paid Plaintiff a book management fee to manage a contingent of Plaintiff's IT professionals in which Plaintiff originated the requisition that led to their placement or that he successfully recruited.

50.     Upon information and belief, while employed with Defendant, Plaintiff held a position with another employer.

51.     Upon information and belief, Defendant received and accepted book management fees from Plaintiff, despite the fact that his dual employment caused him to neglect his obligation to manage Plaintiff's IT professionals.

52.     Upon information and belief, Defendant paid Plaintiff book management fees for work hours Plaintiff devoted to his other employer and not Defendant.

53.     As a result of Plaintiff's breach of his fiduciary duty, Defendant suffered damages in an amount to be determined at trial.

WHEREFORE, as a result of the unlawful conduct and actions of the Defendant herein alleged, Plaintiff demands the Court:

a.    On the first and second cause of action, award Plaintiff damages in an amount to be determined at trial but in no event to be less than $26,909.85;

b.    On the third and fourth cause of action, award Plaintiff damages in the amount of $26,909.85;

c.    On the fifth cause of action, award Plaintiff damages in an amount to be determined at trial;

d.    On all claims for relief, award pre and post judgment interest;

e.    Award costs, disbursements and attorneys' fees incurred in bringing this action; and

f.    Any such other and further relief that the Court deems just and proper.

Dated: New York, New York
      February 7, 2012

                                        By:  _____
                                              Stephanos Zannikos, Esq.
                                              *Attorney for Plaintiff*
                                              PRIDE TECHNOLOGIES, LLC
                                              420 Lexington Avenue, Suite 2220
                                              New York, New York 10170

95-88888-cgm Doc 1a-1 Filed 02/04/13 Entered 02/04/13 11:43:30 ntc rem Pg
Case 1:12-cv-08517-RA Document 1 Filed 02/04/13 Page 14 of 30
14 of 30

## VERIFICATION

STATE OF NEW YORK )
                     ) ss.:
COUNTY OF NEW YORK )

LEO RUSSELL, being duly sworn, deposes and says:

I am the Chief Financial Officer of Pride Technologies, LLC, and, as such, I am duly authorized to make this verification; and

I have read the foregoing Verified Complaint and know the contents thereof, that the same is true to the best of my own knowledge, except as to matters therein stated to be upon information and belief, and as to those matters I believe them to be true.

_____
LEO RUSSELL

Sworn to before me this
___ day of _February_ 2011

_____
NOTARY PUBLIC

# EXHIBIT B

95-88888-cgm Doc 11-1 AFFIDAVIT OF SERVICE 04/18/11 13:30 ntc rem Pg
Case 1:12-cv-08518 AFFIDAVIT OF SERVICE 24/18 11 Page 16 of 30
16 of 30

# AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| State of NEW YORK | County of NEW YORK | SUPREME Court |

Index Number: 121015-21
Date Filed: _____

Plaintiff:
**PRIDE TECHNOLOGIES, LLC,**

vs.

Defendant:
**TOM DEANGELIS**

For:
STEPHANOS ZANNIKOS, ESQ

Received by NJ Archangel to be served on TOM DEANGELIS, 416 BELLA VISTA RD, BRICK, NJ 08724.

I, Martin Ebert, being duly sworn, depose and say that on the 11th day of February, 2012 at 2:52 pm, I:

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the Summons and Complaint with the date and hour of service endorsed thereon by me, to: **TOM DEANGELIS** at the address of: 416 BELLA VISTA RD, BRICK, NJ 08724, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is married.

**Description of Person Served:** Age: 50, Sex: M, Race/Skin Color: WHITE, Height: 6'1, Weight: 230, Hair: WHITE, Glasses: X

NEW YORK
COUNTY CLERK'S OFFICE

MAR 19 2012

NOT COMPARED
WITH COPY FILE

Martin Ebert                    2/13/12
**Martin Ebert**
Process Server

Subscribed and Sworn to before me
on _____ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

NJ Archangel
P.O. Box 1915
Brick, NJ 08723
(732) 458-8202

Our Job Serial Number: ARC-2012000282
Ref: 12101521

KRISTY L. EBERT
I.D. # 2393108
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 2/4/2015

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.4t

# EXHIBIT C

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

----------------------------------------x

Pride Technologies, LLC

_____ **Plaintiff**

- against -

Thomas DeAngelis

_____ **Defendant**

----------------------------------------x

**Index Number**

12101521

**ANSWER**

As and for his / her answer to the complaint herein, the defendant, Thomas DeAngelis

_____ respectfully shows and alleged as follows:

___70___ . Admits the truth of the allegations of Paragraphs(s) 4,5,6, 14, 38,39 of the complaint.

_____ . Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph(s) _____ of the complaint.

___70___ . Denies the allegations of Paragraph(s) see below of the complaint.

1,7, 8,9, 10,11,12,13, 16,17,18, 19,20, 21, 22, 23, 24, 25, 26,27, 28,29, 30, 31, 32, 33, 34, 35, 36, 37, 40, 41, 42, 44, 45, 46, 47, 48, 49, 51, 52, 53
Paragraphs, 18, 20 make no sense **Affirmative Defenses**

Defendant Lives in New Jersey and has no Ties To New York
City. Paragraphs 2,3

95-88888-cgm Doc 11-1 Filed 02/04/13 Entered 02/04/13 11:43:30 ntc rem Pg
Case 1:12-cv-08517-PAE Document 1 Filed 02/04/13 Page 19 of 30
19 of 30

## Counterclaims

1 Defendant is seeking $33,000.00 in commissions owed.

2. Defendant Began working for Plaintiff on or about Dec. 2005 and worked full time for another employer. Worker Continued under this Arrangement working on commissions until 2007 when he received salary until 2009 and was converted Back To commission.

3. Defendant's Pay was cut off for completed Business from August 2011 until present.

4. Plaintiffs swear that Defendant made money and cut it off.

## Cross claims

WHEREFORE, defendant, prays that this Court dismiss the complaint of the plaintiff herein, with
costs and disbursements to defendant, together with any other relief the Court finds to be just and
proper.

Dated: _March '6_, 2002

_Signature_

Thomas DeAngelis,
Print name

416 Bella Vista RD

Brick NJ 08724
Address and telephone number

2-11

## VERIFICATION

Thomas DeAngelis
_____, being duly sworn, deposes and says:

I am the defendant. I have read the foregoing answer and know the contents thereof. The

same are true to my knowledge, except as to matters therein stated to be alleged on

information and belief and as to those matters I believe them to be true.

**[sign your name in front of a Notary]**

Thomas DeAngelis
**[print your name]**

Sworn to before me on

____ day of __MAR. 0 6 2012__, 200___

_____
Notary Public

ANNA DONG
Notary Public, State of New York
Reg. No. 04DO6228919
Qualified in New York County
Commission Expires Sept. 27, 20___

Answer 2-11

[Serve a copy on plaintiff/plaintiff's attorney. Then file original, with proof of service, in the Trial Support Office, Room 158.]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

———————————————————————X

_Pride Technologies, LLC_

                                **Plaintiff**

    - against -

_Thomas DeAngelis_

                                **Defendant**

———————————————————————X

**Index Number**

~~12301~~ 12101521

**NOTICE OF APPEARANCE**

Sir / Madam:

    PLEASE TAKE NOTICE that the undersigned Defendant hereby appears in the above entitled action and demands that a copy of the Verified Complaint and all other papers in this action be served upon the Defendant at the address stated below:

Dated: _March 6_, 200_2_

_____
Defendant, Pro Se [sign your name]

_Thomas DeAngelis_
**[print your name]**

_416 Bella Vista Road_

_Brick NJ. 08724_

_732 899.3691_

_____
[your address and telephone number]

To: Plaintiff / Attorney for Plaintiff

_Stephanas Zannikos Esq_

_Attorney for Plaintiff Pride Technologies_

_420 Lexington Avenue Suite 2220_

_New York, New York 10170. 212 235-5300_

**[name, address, telephone number]**

4-06

95-88888-cgm   Doc 11-1   Filed 02/04/13   Entered 02/04/13 11:43:30   ntc rem   Pg
Case 1:12-cv-03517-RA   Document 1   Filed 11/21/12   Page 22 of 30
22 of 30

# EXHIBIT D

95-88888-cgm1 Doc 1-1 Filed 02/04/13 Entered 02/04/13 11:43:30 ntc rem Pg
Case 1:12-cv-03517-RA Document 1 Filed 02/24/13 Page 23 of 30
23 of 30

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
----------------------------------------------------------------X

PRIDE TECHNOLOGIES, LLC

                          Plaintiff,          Index No.: 12101521

        -against-                  **ANSWER TO DEFENDANT'S**
                                                 **COUNTERCLAIM**

TOM DEANGELIS,

                          Defendant.
----------------------------------------------------------------X

       Plaintiff, PRIDE TECHNOLOGIES, LLC, by its attorney Stephanos Zannikos, Esq., for its answer to the counterclaim herein, aver as follows:

       1.      Paragraph 1 of the counterclaim is a prayer for relief that does not require a response, but insofar as a response is deemed necessary, Plaintiff denies that Defendant is entitled to the requested relief or to any relief whatsoever.

       2.      Deny the allegations set forth in paragraph 2 of the counterclaim, except admit that during Defendant's employment with Plaintiff, Defendant worked for another employer.

       3.      Deny the allegations set forth in paragraph 3 of the counterclaim.

       4.      Deny the allegations set forth in paragraph 4 of the counterclaim.

       **WHEREFORE**, Pride Technologies, LLC demands that the counterclaim be dismissed in its entirety and that it be awarded the damages set for in its complaint and such further relief as the Court shall deem just and proper.

NEW YORK
COUNTY CLERK'S OFFICE

MAR 19 2012

NOT COMPARED
WITH COPY FILE

Dated: New York New York
      March 17, 2012

Respectfully submitted,

By: _____

Stephanos Zannikos, Esq.
Attorney for Plaintiff
*Pride Technologies, LLC*
420 Lexington Avenue, Suite 2220
New York, New York 10170
Tel (212) 235-5300
Fax (646) 390-8382

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )

                              )    ss:

COUNTY OF NEW YORK   )


I, Stephanos Zannikos, being sworn, depose and say; I am not a party to the action, am over 18 year of age; and reside in Forest Hills, New York. On March _14_ 2012, I served the within Answer To Defendant's Counterclaim, by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following person at the last known address:

> **Tom Deangelis**
> **416 Bella Vista Road**
> **Brick NJ 08724**

Dated: New York, New York
      March _14_, 2012

                              By:     _____

                                     Stephanos Zannikos, Esq.

                                     420 Lexington Avenue, Suite 2220

                                     New York, New York, 10170

# EXHIBIT E

LAW OFFICES
# WILLIAM H. OLIVER, JR.
BRANDYWINE COMMONS
2240 ROUTE 33 EAST, SUITE 112
POST OFFICE BOX 667
NEPTUNE, NEW JERSEY 07753
BKWOLIVER@AOL.COM
[732] 988-1500
FAX: [732] 775-7404

OCEAN COUNTY-BY APPOINTMENT ONLY
609 MAIN STREET
TOMS RIVER, NEW JERSEY 08753

May 7, 2012

Via Fax, 212-~~661-2270~~

Stephanos Zannikos, Esq.
420 Lexington Ave., Suite 2220
New York, N.Y. 10170

RE:   DeANGELIS, THOMAS & NIDA
      Chapter 7 – Case No. 12-21884

      *Your client: Case Pride Technologies*
      *Case Pride Technologies, LLC vs. Tom DeAngelis*
      *Index No. 12101521*

Dear Mr. Zannikos:

Please be advised that I represent the above Debtors in a Chapter 7 Bankruptcy, which has been filed on May 7, 2012 in the United States Bankruptcy Court, Trenton, New Jersey bearing case number 12-21884.

## ALL MATTERS CONCERNING THIS BANKRUPTCY ARE STAYED PURSUANT TO 11 U.S.C. 362(a).

I am enclosing herein a copy the electronic page of the petition showing that the case has been filed in the US Bankruptcy Court, Trenton on May 7, 2012, along with a copy of Schedule F listing Case Pride Technologies as an unsecured creditor.

All actions against my client are to **cease immediately.** If you continue to pursue this matter, you are in violation of the "automatic stay" and will have no alternative but

95-88888-cgm Doc 1a1 Filed 02/04/13 Entered 02/04/13 11:43:30 ntc rem Pg
Case 1:12-cv-03517-RA Document 1 Filed 21/24/12 Page 28 of 30
28 of 30

Stephanos, Zannikos, Esq.
May 7, 2012
Page 2


to file a Motion seeking and Order of Contempt, plus attorney's fees, costs and sanctions.

Please be guided accordingly.

Very truly yours,

WILLIAM H. OLIVER, JR.

WHO/kg
Enclosures

Cc: Mr. & Mrs. Thomas DeAngelis
Supreme Court of N.Y., via fax

## Open Voluntary Bankruptcy Case

### U.S. Bankruptcy Court

### District of New Jersey

<u>Notice of Bankruptcy Case Filing</u>

The following transaction was received from William H. Oliver entered on 5/7/2012 at 12:49 PM EDT and filed on 5/7/2012

**Case Name:**      Thomas DeAngelis and Nida L DeAngelis
**Case Number:**    <u>12-21884</u>
**Document Number:** <u>1</u>

**Docket Text:**
Chapter 7 Voluntary Petition Filed by William H. Oliver Jr. on behalf of Thomas DeAngelis, Nida L DeAngelis. (Oliver, William)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\ECF\DeAngelis, Thomas & Nida L\Petition.PDF
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1002741850 [Date=5/7/2012] [FileNumber=32432326-0 ] [52a6f9990015aeabc9dc49a193c642f3413581d27754347538828399 6f9ec786f7e 8b8ff9f81a9cb48f50405da2d19d2bed20ba20283987e6da56ef659a488b2]]

**12-21884 Notice will be electronically mailed to:**
U.S. Trustees Office

William H. Oliver on behalf of Debtor Thomas DeAngelis
bkwoliver@aol.com

**12-21884 Notice will not be electronically mailed to:**

95-88888.com - Doc 11a - Filed 02/04/13 Entered 02/04/13 11:43:30 - ntg.com Pg
Case 1:12-cv-08517-RA Document 1 Filed 02/04/13 Page 30 of 30
30 of 30

B6F (Official Form 6F) (12/07) – Cont.

In re **Thomas DeAngelis,**
      **Nida L DeAngelis**

Case No. _____

Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. xx-xxx-xxx-936-0 | | | | | | | | |
| Macy's P. O. Box 183083 Columbus, OH 43218-3083 | | J | | | | | | 1,013.67 |
| Account No. xxxxx xxxxxx xxxx1521 | | | | | | | | |
| Pride Technologies, LLC c/o Stephanos Zannikos, Esq. 420 Lexington Avenue, Suite 2220 New York, NY 10170 | | J | | | | | X | Unknown |
| Account No. xxxx-xxxx-xxxx-7639 | | | | | | | | |
| Sears Credit Cards P. O. Box 183082 Columbus, OH 43218-3082 | | J | | | | | | 304.42 |
| Account No. xxxx-xxxx-xxxx-2939 | | | | | | | | |
| Sears Credit Cards PO Box 183081 Columbus, OH 43218-3018 | | J | | | | | | 1,254.24 |
| Account No. | | | | | | | | |
| WFNNB-Victoria's Secret P.O. Box 182789 Columbus, OH 43218 | | J | | | | | | 260.00 |

Sheet no. __3__ of __3__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal (Total of this page) | 2,832.33 |
| Total (Report on Summary of Schedules) | 84,158.09 |